UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KIM HANNAH, TOM IRVING, and    :
MICHAEL BARHAM                 :
                               :
                               :
v.                             :    CIV. NO. 3:12CV1361 (JCH)
                               :
WAL-MART STORES, INC., and     :
WAL-MART STORES EAST, L.P.     :

RULING ON DEFENDANTS' MOTION TO COMPEL
AND MOTION FOR PROTECTIVE ORDER [DOC. #84]

Pending before the Court is a motion by defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. ("defendants" or "Walmart"), to compel responses from plaintiffs Kim Hannah, Tom Irving, and Michael Barham (collectively the "plaintiffs") to written discovery; and defendants' motion for protective order regarding number and location of depositions, and production of electronically stored information ("ESI") [Doc. #84]. For the reasons that follow, defendants' motion to compel and for protective order is GRANTED IN PART AND DENIED IN PART.

I.    **BACKGROUND**

Plaintiffs bring this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. $$2000e, et seq., and the Connecticut Fair Employment Practices Act ("CFEPA") for race discrimination, retaliation, and for wrongful discharge under Connecticut common law. [Amend. Compl.,

Doc. #6, at ¶1].[1]  Plaintiffs, all African Americans, allege they were managers at Connecticut Walmarts, when they were terminated in 2010 as a result of restructuring. [Id. at ¶¶2-3]. Plaintiffs Hannah and Irving were allegedly employed as Market Human Resources Mangers ("MHRM"), and plaintiff Barham as a Market Asset Protection Manager ("MAPM"). [Id. at ¶¶5-7]. Plaintiffs further allege that the restructuring was merely a subterfuge or pretext for racial discrimination. [Id. at ¶3].

On November 13, 2013, the Court held a discovery conference on the record, in an attempt to resolve the parties' disputes. Unfortunately, and despite lengthy discussions, the parties were unable to resolve any issues, including those raised by defendants' pending motion.  As a result, the Court issued a Discovery Order on November 15, 2013, that requested the parties simultaneously file memoranda on the issues of ESI search terms and deposition schedules ("November 15 Discovery Order"). [Doc. #87].  The Court imposed a fifteen (15) page limitation and a deadline of 5:00 PM on November 22, 2013. [Id. at 3].[2]  The

---

[1] On August 30, 2013, Judge Hall granted defendants' motion for partial judgment on the pleadings as to plaintiffs' CFEPA and retaliation (Connecticut General Statutes section 31-51m) claims. [Doc. #79].

[2] Plaintiffs did not file their memoranda until the morning of November 25, 2013. [Doc. #91].  Plaintiffs' counsel submitted a letter to the Court explaining the untimely submission as a result of her not seeing the electronic notice of the November 15 Discovery Order. [Pl. Letter Nov. 25, 2013].  The Court further notes that Plaintiffs' memorandum is not compliant with

parties filed responses to each other's memoranda on November 26, 2013. [Doc. ##92, 93].  Defendants also filed a sur-reply [Doc. #94], which the Court permitted over plaintiffs' motion to strike [Doc. ##95, 99].

## II.  **MOTION TO COMPEL**

Defendants seek an order compelling plaintiffs to respond to Walmart's interrogatories and requests for production served on May 14, 2013 or, alternatively, barring plaintiffs from submitting any responsive material in support of their claims. Plaintiffs argue that they have provided their signed interrogatory responses, and that plaintiffs' responses to defendants' document requests are not yet due.

### A. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the

---

the November 15 Discovery Order as it exceeds the page limitations, and addresses matters outside the scope of the order. [Doc. #91].  As a sanction, defendants request that the Court disregard in its entirety plaintiffs' memorandum. [Doc. #93, at 2].  The Court DENIES in part this request.  As articulated below, the Court will not consider the information contained in the "addendum" to plaintiffs' memorandum.

discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

**B. Discussion**

With respect to plaintiffs' interrogatory responses, counsel represents that signed responses were provided to defense counsel, and that defendants' motion to compel interrogatory responses should be denied as moot.  Although defendants' counsel acknowledges receipt of the interrogatory responses, albeit after the present motion to compel was filed, defendants also argue that plaintiffs' objections are time-barred and should be overruled by the Court.

Rule 33 governs interrogatories and provides that answers and objections must be served within thirty (30) days after being served with the interrogatories.  Fed. R. Civ. P. 33(b)(2).  Nevertheless, the parties may stipulate to a shorter or longer period to respond pursuant to Rule 29.  Id.  Rule 33

further provides that "[a]ny grounds not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). The Court will not overrule plaintiffs' interrogatory objections on the current record. In light of the parties' absolutely divergent recollections of agreements and/or purported extensions of time, the current record is simply too tenuous to support the relief requested by defendants at this time. Accordingly, defendants' motion to compel the production of signed interrogatory responses is DENIED on the current record.

As to the issue of outstanding document production, the parties recite a long history of deadline extensions, coupled with all too often divergent recollections of conversations and purported agreements. Quite frankly, the tone that this litigation has taken is nowhere near the spirit and purposes contemplated by the Federal Rules of Civil Procedure. Indeed, this matter has now drifted far off course from its original case management plan, and the fact that only limited discovery has occurred to date is unacceptable. Plaintiffs contend that their production deadline is not triggered until defendants produce their responsive documents, including those responsive to twelve (12) deposition <u>duces</u> <u>tecum</u> notices served by plaintiffs. Defendants, naturally, disagree. At this juncture, given that fifteen months have passed from the initiation of

this lawsuit and plaintiffs have yet to produce a single document, the Court finds that any purported agreement that plaintiffs would produce documents following the completion of defendants' production is no longer feasible.  This is especially true in light of the amount of time defendants represent the ESI process will take to complete.  Therefore, plaintiffs shall serve their responses to defendants' requests for production, including responsive documents and, if applicable, privilege logs, within thirty (30) days of this Order.[3]  The Court will not grant any further extensions of this deadline, absent a showing of good cause. Accordingly, defendants' motion to compel is DENIED with respect to plaintiffs' interrogatories, and GRANTED with respect to plaintiffs' outstanding responses to defendants' requests for production.

## III. MOTION FOR PROTECTIVE ORDER

Defendants also seek a protective order barring plaintiffs from noticing out of state witnesses for depositions in Connecticut; setting a limit on the number of depositions

---

[3] Plaintiffs further claim that this Court ordered defendants to produce documents first in a June 17 oral order announced during a discovery conference.  Defendants represent that they have produced over 1,000 documents, and all that remains is ESI production.  The Court's oral order, over six (6) months ago, clearly did not contemplate the contentious tone this matter would take, and it is no longer feasible to permit plaintiffs to delay their production until the completion of ESI production.

plaintiffs may take; and governing the scope and parameters of ESI discovery.

## A. Legal Standard

Notwithstanding the breadth of the discovery rules previously discussed, the district courts are afforded discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court...."). When the party seeking the protective order demonstrates good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Chamberlain v. Farmington Sav. Bank, 247 F.R.D. 288, 289 (D. Conn. Nov. 30, 2007) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

## B. Discussion

### a. Number of Depositions

The Court will first address the permissible number of depositions, absent leave of court.  Defendants, in a footnote, seek guidance on the number of witnesses plaintiffs may depose

in this matter.  Defendants further note that there are
currently thirteen (13) deposition notices outstanding,
including a 30(b)(6) notice "that could call for over 20
additional depositions." [Doc. #85, at 10 n. 2].  Plaintiffs
argue that under the rules, each plaintiff is entitled to 10
depositions.  Additionally, plaintiffs argue that defendants
should be estopped from raising this issue in light of
defendants' issuance of more than the proscribed number of
interrogatories, and defendants' failure to object to the number
of depositions noticed in April 2013.

The Court rejects plaintiffs' argument that the Federal
Rules of Civil Procedure allow ten depositions per plaintiff.
This position is belied by the plain language of Rule
30(a)(2)(A)(i) and the case law of this Circuit.  The rule is
clear that each side is limited to ten depositions.  Fed. R.
Civ. P. 30(a)(2)(A)(i) ("A party must obtain leave of court, and
the court must grant leave to the extent consistent with Rule
26(b)(2) if the parties have not stipulated to the deposition
and the deposition would result in more than 10 depositions
being taken under this rule or Rule 31 by the plaintiffs[…].");
Sigala v. Spikouris, 00 CV 0983(ILG), 2002 WL 721073, at *3
(E.D.N.Y. Mar. 7, 2002) ("The Federal Rules presumptively limit
the number of depositions that each side may conduct to ten.")
(citation omitted; emphasis added); Ritchie Risk-Linked

Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 273
F.R.D. 367, 371 (S.D.N.Y. 2010) (noting that the "parties
[multiple plaintiffs and defendants] were presumptively limited
to 10 depositions in this case", where plaintiffs moved for
leave to take five additional depositions after previously
noticing ten); 7 James Wm. Moore, et al., Moore's Federal Practice
§30.05[1][b] (3d ed. 2013) ("The presumptive limit of 10
depositions applies to each 'side' or 'position' in litigation
and not to each party.").

The Court additionally rejects plaintiffs' arguments that
defendant should be estopped from making this argument in light
of the number of interrogatories served on plaintiffs.[4]  The rule
governing the permissible number of interrogatories clearly
contemplates that 25 per party, and not 25 per side, is allowed.
Fed. R. Civ. P. 30(a)(1) ("Unless otherwise stipulated or
ordered by the Court, a party may serve on any other party no
more than 25 written interrogatories, including discrete
subparts.").

Although plaintiffs are presumptively limited to ten
depositions, the Court will permit plaintiffs to depose the
fifteen (15) witnesses specifically listed in Section

---

[4] Defendants served 23 interrogatories on each plaintiff, not
including subparts to some of the interrogatories.  The Court's
review of the interrogatories indicates that the subparts are
not discrete, as they do not seek information apart from what is
contemplated by the main interrogatory.

III(B)(b)(1)-(4) below.  Unless the parties stipulate to any additional depositions (other than 30(b)(6) depositions, discussed below), the plaintiffs must seek leave of Court prior to noticing the depositions of any additional witnesses. In seeking such leave, plaintiffs are reminded that "[t]he factors relevant to determining whether a party should be entitled to more than ten depositions are now set forth in Federal Rule of Civil Procedure 26(b)(2)(C)[…]" Atkinson v. Goord, Nos. 01 Civ 0761(LAK)(HBP), 03 Civ. 7759(LAK)(HBP), 2009 WL 890682, at *1 (S.D.N.Y. April 2, 2009) (citation omitted).

### b. Location of Depositions & Deposition Schedule

Defendants next seek a protective order barring plaintiffs from noticing out of state witnesses for deposition in Connecticut.  The issue of deposition schedules and locations was discussed at length during the November 13, 2013 discovery conference.  In response to the November 15 Discovery Order, the parties submitted competing deposition schedules.  The Court has reviewed the parties' proposals, and has considered other pertinent information regarding the deponents' locations, and the availability of counsel.  The Court has also considered the briefing on defendants' pending motion.

As an initial matter, the Court rejects plaintiffs' requests that the following out of state depositions occur in Connecticut. The law is well settled that, "The deposition of a

corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when… the corporation is the defendant." Morin v. Nationwide Credit Union, 229 F.R.D. 362, 363 (D. Conn. 2005). Indeed, it is the "plaintiff who is generally required to bear any reasonable burdens of inconvenience that the action represents. Moreover, the convenience of counsel is less compelling than any hardship to the witnesses." Id. Although defendants are likely in the better position to bear travel costs associated with out-of-state depositions, this is not sufficient reason to order that the defendants' employees (or former employees) be required to travel to Connecticut for their depositions.[5] Id. The Court also finds that the schedule below is more in the spirit of discussions held during the discovery conference. Moreover, to alleviate their travel costs, plaintiffs may arrange for the out-of-state depositions to occur telephonically or by video conference. Should plaintiffs seek leave to depose any additional witnesses, plaintiffs may also set forth the "peculiar circumstances" why the deponent should appear in Connecticut for his or her deposition.

The parties shall use best efforts to set an agreed deposition schedule during the time frames ordered below.  If

---

[5] Plaintiffs also point to defense counsel's recent Achilles injury as reason for ordering the depositions to occur in Connecticut.  However, the Court believes that it has crafted an appropriate deposition schedule to accommodate the parties' needs.

the parties are unable to agree, they shall contact the Court for a telephone conference wherein the Court will set specific days for the following depositions.

    1. <u>Pennsylvania Deponents</u>

The parties represent that Phillip Morris, Lance De La Rosa, Anthony Restuccia, and Brian Broadus are located in southeastern Pennsylvania.  Accordingly, their depositions shall occur in Philadelphia, Pennsylvania during the week of February 10, 2014.

    2. <u>Connecticut Deponents</u>

The parties represent that Alan Nason, La'Shion Robinson, Sharon Burns, and Lauri Canales are located in Connecticut. Richard Bourget is a current Walmart employee and lives in Maine. Defendants requested that Mr. Bourget's deposition be clustered with any taking place in northern New England. Plaintiffs' counsel represents that defense counsel stated Mr. Bourget may be brought to Connecticut.  Accordingly, the Court orders that the depositions of Alan Nason, La'Shion Robinson, Sharon Burns, Lauri Canales, and Richard Bourget take place in Connecticut during the week of February 17, 2014.

    3. <u>Southeastern Deponents</u>

The parties represent that Baldomero Da Silva, Monica Mullins, Anthony Durden, and Kim Golembewski reside in the Southeastern region of the United States.  Specifically, Mr.

Baldomero and Ms. Mullins reside in the Bentonville, Arkansas
area.  Accordingly, the depositions of Mr. Baldomero and Ms.
Mullins shall occur in the Bentonville, Arkansas area during the
week of February 24, 2014.

Anthony Durden resides in Tennessee, and Ms. Golembewski in
North Carolina.  Their depositions shall occur where each
respectively resides during the week of March 3, 2014, unless
counsel agree that setting these depositions during the week of
February 24 is more convenient for travel purposes.

4. Brian West and Stan Golembewski

Brian West and Stan Golembewski are no longer employed by
defendants.  Accordingly, if plaintiffs still wish to depose
these individuals, they shall issue subpoenas for their
appearance.  Once plaintiffs ascertain the location of Mr. West
and Mr. Golembewski, plaintiffs shall coordinate their
depositions to occur with those set in a similar geographic
location.  The Court will not require Mr. West or Mr.
Golembewski to appear in Connecticut for their respective
depositions on the current record.

c. ESI Discovery

The Court has carefully reviewed the parties' submissions
in response to the November 15 Discovery Order [Doc. ##90-94],
the briefing on defendants' motion, and has considered the
arguments presented at the discovery conference.  Based on the

current record, defendants shall perform their first proposed
search [Doc. #90, at 11] for Lance De La Rosa, Sharon Burns,
Lauri Canales, Richard Bourget, Philip Morris, Anthony
Restuccia, Brian Broadus, La'Shion Robinson, Anthony Durden,
Baldomero Da Silva III, Kim Golembewski, Monica Mullens, Alan
Nason, and Brian West.  The Court further orders that defendants
perform their second proposed search [Id.] for Lance De La Rosa,
Richard Bourget, Philip Morris, Anthony Restuccia, Brian
Broadus, Baldomero Da Silva III, and Monica Mullins.  The Court
finds that defendants' proposed searches are well tailored to
produce relevant information without needlessly retrieving an
excess of irrelevant documents.  By comparison, plaintiffs'
proposed searches would cast far too wide a net over the
universe of ESI, which would result in a burdensome amount of
irrelevant documents.  Nevertheless, plaintiffs may make an
application to the Court for additional search terms if after a
review of the documents produced and the depositions of the
custodians, the plaintiffs can make a showing that other
relevant and responsive documents exist.[6]

Defendants object to any proposed searches of Stan
Golembewski's ESI because he was never identified as one of the

---

[6] Defendants request that plaintiffs be ordered to pay the costs
of any further ESI searches.  The Court declines to enter such
an order at this time, but defendants may renew their request
for such costs if any further ESI searches are ordered by the
Court.

custodians for ESI purposes.  As a result, defendants would have

to start the ESI data acquisition and segregation process for

this custodian "from scratch".  Additionally, defendants contend

that, to their knowledge, Mr. Golembewski did not work directly

with, or supervise, any of the plaintiffs.  Defendants further

submit that during the reorganization that resulted in

plaintiffs' termination, Mr. Golembewski's position as a Grocery

Market Manager was eliminated, and he was placed in a MAPM

position in Connecticut.  Plaintiffs contend that Mr.

Golembewski received Mr. Barham's job, despite the fact that Mr.

Golembewski had no asset management background. Mr. Golembewski

was terminated in December 2010. Plaintiffs seek a search of Mr.

Golembewski's ESI using the following search terms and date

ranges: (1) for June 2009 through the present: "Barham"; and (2)

for the period of June 1, 2009 through December 2012: {restrict!

or reorganize! or application or apply and management or manager

or MAPM or market-level or "market level" or "market manager"}.

The Court will not order defendants to conduct plaintiffs'

proposed searches on the current record, given what appears to

be Mr. Golembewski's tangential relationship with the

plaintiffs.  Moreover, the information sought by plaintiffs may

in fact be produced by the searches ordered for the other

custodians' ESI.  Nevertheless, plaintiffs may make an

application to the Court for a search of Mr. Golembewski's ESI

if after a review of the documents produced and the depositions of the custodians, the plaintiffs can make a showing that other relevant and responsive documents exist.

The Court will not consider at this time plaintiffs' proposals as to Zelma Woodson, Lance Sovine, Ann Thomas, Marianna Brugger, or Elizabeth Jones.  The November 15 Discovery Order did not contemplate issuing search terms for these individuals.  The information plaintiffs provide for these proposed deponents also falls outside the page limitations imposed by the Court.  Moreover, given the number of depositions allowed by this ruling, the Court encourages plaintiffs to first proceed with those permitted above, before seeking leave for any additional depositions.  As always, the parties may endeavor to stipulate on ESI discovery and/or deposition terms for these five (5) individuals.

**IV.  30(b)(6) Witnesses**

Plaintiffs request that defendants identify and produce 30(b)(6) witnesses who

> can testify about each and every decision not to rehire each of the three plaintiffs for each and every position at defendants that each plaintiff has applied for since January 1, 2010 through the present, and also to testify about the identity of the person who was hired instead of [] each of the plaintiff(s) for each position for which each plaintiff applied at defendants and why, in each instance, such individual was hired instead of each plaintiff, and why each plaintiff was not

> interviewed for the position, and was not
> selected.

[Doc. #91, at 15]. To the extent defendants do not object to plaintiffs' 30(b)(6) notices, defendants shall identify the names and locations of their 30(b)(6) witnesses within fourteen (14) days from the date of this ruling.  Thereafter, the parties shall contact the Court for a telephone conference so that a deposition schedule may be ordered for these witnesses.  If the defendants object to the notices, including the potential number of witnesses the notices may implicate[7], defendants may seek appropriate relief from the Court and/or a telephone conference to expedite resolution of this issue.

Plaintiffs also seek "all documents that reflect or support these decisions and selections, and any communications about any of the plaintiffs to any of the decision-makers." [Doc. #91, at 15].  The Court requested plaintiffs provide information as to why plaintiffs were entitled to documents from a 30(b)(6) witness. [Doc. #87, at 2].  Plaintiffs have failed to provide any basis for, or authority supporting, their entitlement to documents from a 30(b)(6) witness.  Therefore, on the current

---

[7] The parties are reminded that a deposition under Rule 30(b)(6) is counted as a single deposition for purposes of Rule 30(a)(2)(A)(i), even if more than one person is designated to testify.  Fed. R. Civ. P. 30(a)(2)(A) Advisory Committee's Note (1993).

record, the Court will not require defendants' 30(b)(6)
witnesses to produce documents.

**V.     Discovery and Dispositive Motions Deadlines**

Currently, fact depositions and expert discovery is to be
completed by January 16, 2014.  Written discovery was due by
September 30, 2013.  In light of the parties' difficulties
coordinating their discovery efforts, an extension of these
deadlines is necessary.  Accordingly, within fourteen (14) days
from the date of this ruling, the parties shall submit to the
Court a joint motion for extension of discovery and dispositive
motion deadlines. In crafting the proposed deadlines, the Court
urges the parties to be reasonable in their requests, as the
Court does not contemplate granting any further extensions.

**VI.     Conclusion**

Therefore, defendants' motion to compel is DENIED with
respect to the answers to interrogatories, and GRANTED with
respect to plaintiffs' responses to defendants' requests for
production.  Defendants' motion for protective order is GRANTED
in part and DENIED in part, as set forth above.

This is not a Recommended Ruling. This is a discovery
ruling or order which is reviewable pursuant to the "clearly
erroneous" statutory standard of review. 28 U.S.C. §
636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R.

72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 10th day of January 2014.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE