```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


KIM HANNAH, TOM IRVING, and     :
MICHAEL BARHAM                  :
                                :
                                :
                                :
v.                              :     CIV. NO. 3:12CV1361 (JCH)
                                :
WAL-MART STORES, INC., and      :
WAL-MART STORES EAST, L.P.      :
```

<u>RULING ON PLAINTIFFS' MOTION FOR RECONSIDERATION [Doc. #120] AND MOTIONS FOR MODIFICATION OF SCHEDULING ORDER [Doc. ##119, 124]</u>

Plaintiffs Kim Hannah, Tom Irving, and Michael Barham (collectively the "plaintiffs") seek reconsideration [Doc. #120] of the Court's January 10, 2014 ruling granting in part and denying in part defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P.'s (collectively "defendants") motion to compel discovery responses and motion for protective order.[1]  Also pending are the parties' cross motions for modification of the current scheduling order. [Doc. ##119, 124].  On January 29, 2014, the Court held a telephone conference to address the pending motions.  This ruling will also address matters raised during the telephone conference.  Familiarity with the procedural and factual background of this matter is presumed.

**1. Deposition Schedule and Document Production**

Defendants will produce documents in response to plaintiffs' duces tecum requests no later than February 10, 2014.  The parties represent that the deposition schedule proposed by the Court in its January 10 ruling is now

---

[1] Plaintiffs do not object to the portion of the Court's ruling denying the motion to compel, or setting the location of the depositions. [Doc. #121, at 3-4].

1

unworkable.  By 5:00PM on February 3, 2014, defendants shall file for the Court's consideration new proposed dates for the previously ordered depositions.[2]  In proposing these dates, defendants shall group the depositions by the witnesses' geographic locations.  If the proposed dates are reasonable, the Court will "so order" the proposed deposition schedule.

Plaintiffs represent that they will produce documents responsive to defendants' document requests by February 10, 2014.  Prior to plaintiff's document production, and to the extent that plaintiffs anticipate any objections to defendants' requests, plaintiffs' counsel will discuss said objections with opposing counsel in an attempt to narrow plaintiffs' objections.

2. **Motion for Reconsideration**

Plaintiffs seek reconsideration of the Court's January 10 ruling on two bases.  First, plaintiffs seek reconsideration of the Court not setting a date certain for defendants' document production.  Because this matter has already been addressed by the Court during the January 29, 2014 telephone conference, this issue is now moot.

Second, plaintiffs take issue with the Court's ruling that limits the number of fact depositions to fifteen, and designates specific individuals to be deposed.  A brief overview of the discovery proceedings prior to the Court's January 10 ruling is warranted. On November 13, 2013, the Court held an extensive discovery conference where the parties discussed at length

---

[2] If plaintiffs wish to substitute a proposed deponent for one ordered by the Court, plaintiffs shall notify defendants of any requested change by the close of business on January 30, 2014.

Electronically Stored Information ("ESI") production and deposition schedules for individuals noticed for deposition duces tecum. Unfortunately, and despite lengthy discussions, the parties were unable to resolve any issues. As a result, the Court issued a Discovery Order on November 15, 2013, that requested the parties simultaneously file memoranda on the issues of ESI search terms and deposition schedules for fifteen specified individuals, whom were discussed at length during the discovery conference ("November 15 Discovery Order"). [Doc. #87].[3] The parties filed their respective memoranda providing the information requested by the Court. Plaintiffs' memorandum also attached an "addendum" with proposed ESI search terms and deposition dates for an additional five individuals, Zelma Woodson, Lance Sovine, Ann Thomas, Marianna Brugger, and Elizabeth Jones. The Court, in its discretion, did not consider the addendum because it provided information outside the scope of the November 15 Discovery Order, and additionally fell outside the page limitations imposed by the Court.[4]

Plaintiffs now argue that they should be entitled to twenty depositions, namely the fifteen ordered by the Court and the five (5) proposed depositions listed in the addendum. With respect to the number of depositions ordered, and as previously stated, plaintiffs are presumptively limited to ten depositions.

---

[3] The fifteen individuals referenced in the Court's November 15 Discovery Order are the same as those designated for deposition in the January 10 ruling, namely, Lance De la Rosa, Sharon Burns, Laurie Canales, Richard Bourget, Philip Morris, Anthony Restucci, Brian Broadus, La'Shion Robinson, Anthony Durden, Baldomero Da Silva, Kim Golembewski, Monica Mullins, Alan Nasson, Brian West, and Stan Golembewski.

[4] Despite plaintiffs' contentions, the Court did not disregard plaintiff's addendum as a sanction.

Fed. R. Civ. P. 30(a)(2)(A)(i) ("A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) if the parties have not stipulated to the deposition and the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs[…]."); Sigala v. Spikouris, 00 CV 0983(ILG), 2002 WL 721073, at *3 (E.D.N.Y. Mar. 7, 2002) ("The Federal Rules presumptively limit the number of depositions that each side may conduct to ten.") (citation omitted; emphasis added). The Court has permitted fifteen depositions, and plaintiffs fail to raise any new facts or evidence, not available to the Court previously, that suggest plaintiffs, at this time, are entitled to any more.

As to the fifteen individuals designated for deposition, these individuals were discussed at length during the November 13 discovery conference, and were the subject of the November 15 Discovery Order.  The five individuals referenced on the addendum to plaintiffs' memorandum were not explicitly discussed during the discovery conference.  Moreover, the Court provided counsel with a draft of the November 15 Discovery Order prior to the conclusion of the discovery conference.  If plaintiffs wished to have the additional five individuals considered by the Court, plaintiffs should have raised that issue then.  Quite frankly, the fifteen designated individuals were not randomly picked by the Court, but rather had been the subject of an extensive discovery conference and prior Court order.  Nevertheless, if plaintiffs now wish to substitute any of the

five individuals listed on the addendum for an individual designated by the Court, plaintiffs may do so.  Accordingly, upon review, the Court GRANTS plaintiffs' motion for reconsideration, and adheres to its previous ruling.

**3. Modification of Scheduling Order**

Pursuant to this Court's January 10 ruling, the parties submitted motions for modification of the current scheduling order deadlines.  [Doc. ##119, 124].  The Court ordered that the parties submit a joint motion for modification of the scheduling order, but the parties were unable agree on a joint submission. Despite counsel's inability to agree on a joint submission, the dates proposed in the motions are nearly identical. After review of the parties' submissions, and discussions during the January 29, 2014 telephone conference, the Court GRANTS plaintiffs' motion for modification of the scheduling order [Doc. #119], and hereby orders the following pretrial deadlines:

- May 30, 2014 for the completion of fact discovery and depositions;
- June 13, 2014 for plaintiffs to disclose Rule 26(a)(2) material, if using an expert;
- June 23, 2014 for defendants to disclose Rule 26(a)(2) material, if using an expert;
- July 24, 2014 for the completion of expert discovery; and
- August 21, 2014 for the filing of dispositive motions.

No further extensions of these deadlines will be granted absent a showing of good cause. Defendants' motion for modification of the scheduling order deadlines [Doc. #124] is DENIED as moot, in light of the above.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 29th day of January 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE