UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KIM HANNAH, TOM IRVING, and     :
MICHAEL BARHAM                  :
                                :
                                :
                                :
v.                              :        CIV. NO. 3:12CV1361 (JCH)
                                :
WAL-MART STORES, INC., and      :
WAL-MART STORES EAST, L.P.      :

RULING ON PLAINTIFFS' MOTION TO COMPEL, FOR SANCTIONS, AND
PERMISSION TO DEPOSE CERTAIN DEFENSE WITNESSES [DOC. #152]

Pending before the Court is a motion by plaintiffs Kim
Hannah, Tom Irving, and Michael Barham (collectively the
"plaintiffs") to compel defendants Wal-Mart Stores, Inc. and
Wal-Mart Stores East, L.P. ("defendants" or "Walmart"), to
provide certain discovery responses. Plaintiffs also seek
permission to depose certain additional defense witnesses, and
the imposition of sanctions in light of defendants' alleged
discovery failures. [Doc. #152].  For the reasons that follow,
the Court **GRANTS IN PART AND DENIES IN PART** plaintiffs' motion
to compel.

I.      BACKGROUND

The Court presumes familiarity with the procedural and
factual background, as well as the parties' prior discovery
obstacles, which are detailed at length in the Court's previous
rulings and orders. See Doc. ## 87, 118, 127, 153, 154. The
present dispute encompasses Plaintiffs' various discovery
requests, and Plaintiffs' request for permission to depose
additional witnesses. On June 5, 2015, the Court held an in-

1

person discovery conference on the record to address the matters raised in plaintiffs' motion to compel, and other unresolved discovery issues.  The Court held a follow-up telephone conference on July 22, 2014, also on the record.[1]

## II.    **LEGAL STANDARD**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

---

[1] Concurrently pending before the Court are defendants' objections to plaintiffs' amended second document requests, as to which the Court will issue a separate ruling.

III. <u>DISCUSSION</u>

A. **Deposition of Ann Thomas**

Plaintiffs' request for permission to depose Ann Thomas warrants a brief overview of this Court's prior rulings. On January 10, 2014, the Court granted defendants' motion for protective order with respect to the number of depositions to which plaintiffs were entitled. [Doc. #118]. The Court permitted plaintiffs to depose fifteen (15) witnesses and, absent stipulation, required plaintiff to seek leave of court prior to noticing the depositions of any additional witnesses. Plaintiffs argue that Ms. Thomas is a relevant witness in light of her involvement in the 2010 restructure. Plaintiffs also allege that plaintiff Hannah complained to Ms. Thomas about retaliation. Defendants concede that Ms. Thomas may have knowledge and/or information relevant to the present litigation, but object to plaintiffs' request on the grounds of timing[2] and the number of Wal-Mart witnesses already deposed.

The Court will permit plaintiffs to depose Ms. Thomas in light of her alleged involvement with both the restructure at issue and Hannah's complaints of retaliation. In light of Ms. Thomas's location in Bentonville Arkansas, plaintiffs may arrange for this deposition to be held via video conference and/or telephone. Plaintiffs shall have thirty (30) days from the date of this ruling to complete Ms. Thomas's deposition.

---

[2] Specifically, defendants state that plaintiffs have had knowledge of Ms. Thomas since July 2013.

Therefore, plaintiffs' motion to compel is **GRANTED** with respect to their request to depose Ms. Thomas.

### B. Production of Additional 30(b)(6) Witness

Plaintiffs next seek the production of a substitute 30(b)(6) witness, in light of the allegedly deficient testimony provided by defendants' designated witness, Sharon Williams.[3] Plaintiffs argue that Williams was unable to answer questions within the scope of the 30(b)(6) notice and generally provided inadequate testimony. Defendants argue that Ms. Williams was deposed for an entire day and provided far more testimony than plaintiffs suggest.  Plaintiffs provided the Court with a copy of the 30(b)(6) deposition notice, which seeks a representative "who can address each and every decision not to rehire the plaintiffs for each and every position for which the plaintiffs applied at defendants since January 1, 2010." Plaintiffs also provided the Court with a copy of Ms. Williams's deposition testimony.

Rule 30(b)(6) provides:

> [A] party may name as the deponent a public or private corporation… and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf… The persons designated must testify about information known or reasonably available to the organization.

---

[3] Williams is the "Director of HR Strategies" for Wal-Mart. [Williams Depo. Tr., May 8, 2014, 3:17-18]. Her position at the time of the deposition was director of diversity and centralized staffing under the talent acquisition team. [Id. at 13:1-17].

Fed. R. Civ. P. 30(b)(6). "Pursuant to Rule 30(b)(6), the deponent 'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters.'" Sony Elec., Inc. v. Soundview Techn., Inc., 217 F.R.D. 104, 112 (D. Conn. 2002) (quoting Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997)). "While the 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice… the corporation is obligated to prepare them so that they may give knowledgeable answers." Scoof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC, No. 10 Civ. 1391(LGS)(JCF), 2013 WL 1286078, at *2 (S.D.N.Y. March 28, 2013) (compiling cases; internal quotations omitted).  Accordingly, a party responding to a 30(b)(6) notice must "prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." Id.

After a careful review of Ms. Williams's 30(b)(6) deposition transcript, the Court is reluctant to find that Ms. Williams was an inadequate 30(b)(6) witness, as she did offer nearly seven (7) hours of substantive testimony. However, Ms. Williams was largely unable to answer questions relating to certain jobs for which plaintiffs applied and were not hired. The Court's review of the deposition transcript and its knowledge of the discovery to date indicates that her inability

to testify is a result of defendants' failure to produce documents to which plaintiffs believe they were entitled. Specifically, defendants produced documents for requisition numbers identified by plaintiffs, but not for every requisition applied to by plaintiffs. Defendants made such production pursuant to a believed agreement with plaintiffs. Plaintiffs dispute that any such agreement was ever made. As a result, Ms. Williams was largely unprepared to speak to those requisition numbers. Accordingly, the Court will not order that defendants produce a new 30(b)(6) witness. Rather, the Court will allow plaintiffs to continue Ms. Williams's deposition, but only with respect to the documents subsequently produced relating to the requisition numbers that were not previously inquired into. In that regard, the Court will limit Ms. Williams's continued deposition to four (4) hours' time. Because Ms. Williams is located in Bentonville, Arkansas, plaintiffs should coordinate this deposition with that of Ms. Thomas, or arrange to conduct the deposition via videoconference or telephone. Plaintiffs shall have thirty (30) days from the date of this ruling to complete Ms. Williams's deposition

Alternatively, the Court notes that at the June 5, 2014 discovery conference, plaintiffs' counsel indicated that if defendants responded fully to Interrogatory 2 of plaintiffs' "revised (by agreement) interrogatories" dated June 18, 2013, then additional 30(b)(6) testimony would not be required. Accordingly, by agreement of the parties, defendants may provide supplemental responses to this interrogatory as an alternative

to Ms. Williams's continued 30(b)(6) deposition. See, e.g., Alexander v. F.B.I., 186 F.R.D. 137, 142-43 (D. D.C. 1998) (citing United States v. Massachusetts Idus. Finance Agency, 162 F.R.D. 410 (D. Mass. 1995)) (allowing party to submit questions to which it did not receive answers at 30(b)(6) deposition via interrogatories). Should the parties agree to proceed via interrogatory, then defendants shall have thirty (30) days from such agreement to provide their written responses. Accordingly, based on the foregoing, the Court **GRANTS in part** plaintiffs' motion to compel with respect to the 30(b)(6) issue.

### C. Production of Documents Re: Plaintiffs' Employment Applications at Wal-Mart

Plaintiffs move to compel the production of "each and every job requisition for which the plaintiffs applied [] since their termination[…]" By letter dated July 18, 2014, defendants have proposed conducting "a search for all positions/requisitions that each of the Plaintiffs applied to between January 1, 2009 through July 15, 2014 and provide information comparable to that previously provided and covered during the 30(b)(6) deposition of Sharon Williams." Defendants stated that it could have this material to plaintiffs within fourteen (14) days of their agreement to such a search. The Court finds that this is an acceptable resolution of this portion of plaintiffs' motion to compel. Therefore, the Court orders that defendants conduct this search and produce all non-privileged responsive documents within fourteen (14) days of this Order, and, in light of defendants' proposed resolution, the Court **DENIES as moot**

7

plaintiffs' motion to compel regarding plaintiffs' employment applications.

   D. **ESI/Responses to Subpoena Duces Tecum Requests**

   Finally, plaintiffs seek to compel documents responsive to their numerous subpoena duces tecum requests. Specifically, plaintiffs request that the Court order their proposed ESI searches. The parties submitted extensive briefing on the ESI issue in November and December 2013. Thereafter, the Court issued a ruling "so ordering" defendants' searches in large part because plaintiffs' searches "would cast far too wide a net over the universe of ESI, which would result in a burdensome amount of irrelevant documents." [Doc. #118, 14]. However, not wanting to foreclose plaintiffs from meaningful discovery, the Court nonetheless permitted plaintiffs to "make an application to the Court for additional search terms if, after a review of the documents produced and the depositions of other custodians, the plaintiffs can make a showing that other relevant and responsive documents exist." [Id.].

   As an initial matter, the Court notes that since plaintiffs filed the motion to compel, defendants have produced, or in short order intend to produce, documents responsive to plaintiffs' amended second document requests, which may resolve some of plaintiffs' issues concerning the sufficiency of defendants' ESI searches. The Court has also ordered defendants to produce certain documents in response to amended second document requests, which may likewise alleviate plaintiffs' concerns.

Nevertheless, although plaintiffs request the Court order their ESI searches, plaintiffs fail to address, or otherwise consider, the Court's initial concerns that plaintiffs' proposed search terms were far too broad, and implicated an excessive number of irrelevant documents. In light of the fact that defendants have already conducted an ESI search, the Court is further concerned that using all of plaintiffs' proposed search terms may result in duplicative results. Finally, despite the lengthy conferences addressing this very issue, the Court finds that plaintiffs have largely failed to articulate or otherwise make a concrete showing that other responsive and relevant documents exist. Nevertheless, the Court is willing to afford plaintiffs' one more chance to make such a showing at the August 18, 2014 discovery conference.  In this regard, plaintiffs should be prepared to make a showing of the specific searches it seeks for specific custodians. Plaintiffs must also be able to make a showing by way of other documents produced and/or deposition testimony taken to date, that relevant and non-duplicative documents exist.[4] Accordingly, plaintiffs' motion to compel with respect to the ESI issue is **DENIED without prejudice** to the Court's reconsideration at the August 18, 2014 discovery conference.

## IV.  Request for Rule 37 Sanctions

Plaintiffs seek Rule 37 sanctions for defendants' alleged discovery transgressions concerning the production of certain

---

[4] Plaintiffs should submit this information in writing to the Court by the close of business on August 13, 2014. Failure to submit such information will result in the denial of plaintiffs' motion with respect to the ESI issue.

documents and designation of their 30(b)(6) witness.  At the
conclusion of all proceedings in this case, on application, the
Court will consider whether attorney's fees should be awarded
and if so, in what amount.  Accordingly, the Court **DENIES**
plaintiffs' requests for sanctions **without prejudice to renewal**
at the conclusion of this case.[5]

## V.   Conclusion

Therefore, for the reasons stated, plaintiffs' motion to
compel is **GRANTED IN PART AND DENIED IN PART**.

This is not a Recommended Ruling. This is a discovery
ruling or order which is reviewable pursuant to the "clearly
erroneous" statutory standard of review. 28 U.S.C. §
636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R.
72.2. As such, it is an order of the Court unless reversed or
modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 28th day of July 2014.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court notes that nothing in this ruling should be construed as an
opinion on the merits of plaintiffs' requests for Rule 37 sanctions.