```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


KIM HANNAH, TOM IRVING, and     :
MICHAEL BARHAM                  :
                                :
                                :
v.                              :       CIV. NO. 3:12CV1361 (JCH)
                                :
WAL-MART STORES, INC., and      :
WAL-MART STORES EAST, L.P.      :
```

RULING ON DEFENDANTS' THIRD MOTION TO COMPEL AND FOR SANCTIONS
             AND OTHER PENDING DISCOVERY ISSUES

Pending before the Court is a motion by defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. ("defendants" or "Walmart"), seeking an order holding plaintiffs Kim Hannah, Tom Irving, and Michael Barham (collectively the "plaintiffs") in contempt and compelling plaintiffs to respond to defendants' requests for production in compliance with the Court's June 4, 2014 ruling on defendants' motion to compel. [Doc. #163]. Defendants also seek the imposition of sanctions. Plaintiffs oppose defendants' motion. [Doc. #167]. Also pending before the Court are several other discovery concerns raised by plaintiffs at the August 18, 2014 discovery conference.  For the reasons that follow, the Court **GRANTS in part and DENIES in part** defendants' third motion to compel and for sanctions. [Doc. #163]. The Court **GRANTS** in part plaintiffs' requests for additional document production.

I.      BACKGROUND

The Court presumes familiarity with the procedural and factual background, as well as the parties' prior discovery

1

obstacles, which are detailed at length in the Court's previous rulings and orders. See Doc. ## 87, 118, 127, 153, 154, 160-62. On August 18, 2014, the Court held an in-person discovery conference on the record to address the matters raised in defendants' third motion to compel, and other unresolved discovery issues.

## II. DISCUSSION

### A. Outstanding Issues Re: Plaintiff's Fact Discovery

1. Deposition of Ann Thomas

On July 28, 2014, the Court granted plaintiffs' request to depose Ann Thomas, and provided plaintiffs thirty (30) days in which to complete her deposition. [Doc. #160, 3-4]. Shortly after the Court's July 28 ruling, Ms. Thomas underwent back surgery and has been unable to sit for her deposition. Defense counsel is awaiting notification of when Ms. Thomas will return to work, and will provide this information to plaintiffs when it becomes available. **Therefore, plaintiffs shall have until October 8, 2014 to complete Ms. Thomas's deposition.**

2. Continued Deposition of Sharon Williams

On July 28, 2014, the Court granted in part plaintiffs' motion to compel a substitute 30(b)(6) witness. [Doc. #160, 4-6]. Rather than substitute for defendants' designated 30(b)(6) witness, Sharon Williams, the Court ordered that defendants make Ms. Williams available for an additional four (4) hours of testimony. At the August 18, 2014 conference, plaintiffs raised issue as an issue the fact that Ms. Williams did not have any personal knowledge regarding the decision makers for each Wal-

Mart position for which plaintiffs subsequently applied and/or why the successful candidate was hired. To the extent the Court construes plaintiffs' argument at the August 18, 2014 conference as an oral motion for reconsideration of the July 28, 2014 order, it is denied as untimely. See D. Conn. L. Civ. R. 7(c) ("Motions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought […]") (emphasis added). Nevertheless, the Court reminds defendants that, "While the 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice… the corporation is obligated to prepare them so that they may give knowledgeable answers." Scoof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC, No. 10 Civ. 1391(LGS)(JCF), 2013 WL 1286078, at *2 (S.D.N.Y. March 28, 2013) (compiling cases; internal quotations omitted). **The Court will likewise permit plaintiffs until October 8, 2014 to complete Sharon Williams's deposition**, in light of the fact that she, like Ann Thomas, is located in Bentonville, Arkansas, and these depositions should be coordinated to the extent possible.

   3. Defendants' Document Production

An ongoing theme, plaintiffs continue to take issue with defendants' document production to date. On July 28, 2014, the Court issued a ruling sustaining in part and overruling in part defendants' objections to plaintiffs' amended second document requests. [Doc. #161]. In that ruling, the Court afforded

3

plaintiffs an opportunity to address why defendants' document production was insufficient as to certain requests.

Request 1: As to the Court's ruling on the first request, at the August 18, 2014 discovery conference, plaintiffs requested that the Court either order the production of the deposition transcripts sought, or allow plaintiffs' counsel additional time to review the deposition transcripts. To the extent plaintiffs seek the production of the deposition transcript copies, the Court denies this as an untimely request for reconsideration. See D. Conn. L. Civ. R. 7(c), supra. **The Court will however, permit plaintiff an additional ten (10) days from the date of this ruling to review the listed deposition transcripts**.

Request 2: In response to request 2, defendants produced the HPROs for Sharon Burns, Stan Golembewski, Ilfrandt "Fran" St. Fleur, Brian West, Thomas Burns, Sergio Mendez, Brian West, Alan Nasson, Phil Morris, Tony Restuccia, Hank Mulaney, and/or Baldomera Silva to the extent that they had not already done so. Plaintiffs seek the personnel or employee files and resumes for these individuals and for John Leslie, John Oswald, Cleveland Williams, Charles Constable, David Augustine[1], and Lance Sovine.

At the August 18, 2014 discovery conference, plaintiffs argued that the HPROs produced do not provide satisfactory information. Defendants maintain their objection to producing the documents sought. After hearing argument of counsel, the

---

[1] Plaintiffs claim that they supported the discrimination claims of Leslie, Oswald, C. Williams, Constable, and Augustine. Plaintiffs further contend that Phil Morris wanted to terminate the employment of any African-American MHRM who supported claims of race discrimination.

4

Court will not require defendants to produce the resumes or personnel files sought. **Defendants will, however, within thirty (30) days of this ruling produce the performance evaluations and coachings from 2008 through 2010 for the following individuals, to the extent they exist and have not already been produced**: plaintiff Hannah, plaintiff Irving, plaintiff Barham, Sharon Burns, Stan Golembewski, Fran St. Fleur, Brian West, Thom Burns, Sergio Mendez, Lauri Canales, Alan Nasson, Phil Morris, Brian Broadus, Baldomera Silva, Tony Restuccia, and Lance Sovine.

Request 3: Request 3 seeks the personnel or employee files of all Market Level Human Resources Managers who have served anywhere in Connecticut at any time since 2009. In response, defendants produced the HPROs for Sharon Burns, Ardella Coleman, Lise Gramolini, Lauri Canales, Fran St. Fleur, Ron Ealey, Sergio Mendez, and Jackie Janesk. Plaintiffs challenge the sufficiency of information provided on the documents produced. The Court will not require defendants to produce the personnel files sought. **Defendants will, however, within thirty (30) days of this ruling produce the performance evaluations and coachings from 2008 through 2010 for the following individuals, to the extent they exist and have not already been produced**: Ardella Coleman, Lise Gramolini, Ron Ealey, and Jackie Janesk.

Request 4: Plaintiffs seek the exit interview forms for John Leslie, John Oswald, Cleveland Williams, Charles Constable, and David Augustine. The Court declines this request in light of the Redbooks produced, and tangential relationship of these individuals to the pending litigation.

Request 7: Request 7 seeks the personnel or employee files of all Market Human Resources Managers and Market Asset Protection Managers who have served anywhere in Connecticut at any time since 2009. In response, defendants produced the HPROs for Sharon Burns, Ardella Coleman, Lise Gramolini, Fran St. Fleur, Ron Ealey, Sergio Mendez, and Jackie Janesk, Lauri Canales, Thom Burns, Stan Golembewski, Joe Troy, Tiffany Venditti, Salvatore Lupo, Brian Widmer, Mark Turner, Terriann Abarzua, and Anthony Williams. Plaintiffs challenge the sufficiency of information provided on the documents produced. The Court will not require defendants to produce the personnel files sought. **Defendants will, however, within thirty (30) days of this ruling produce the performance evaluations and coachings from 2008 through 2010 for the following individuals, to the extent they exist and have not already been produced**: Joe Troy, Tiffany Venditti, Salvatore Lupo, Brian Widmer, Mark Turner, Terriann Abarzua, and Anthony Williams.

Request 18: Plaintiffs did not raise any issue with documents produced in response to this request at the August 18, 2014 discovery conference. Therefore, the Court will not order any additional production in response to this request.

Request 23: Request 23 is largely duplicative of requests 3 and 7. The Court will not order additional production in response to this request, in light of the Court's orders above.

Request 30: Plaintiffs did not raise any issues in response to the ruling on request 30. Therefore, the Court will not order any additional production in response to this request.

6

<u>Verification of Document Production</u>: Once defendants have completed their document production, defendants will provide plaintiffs with a written verification that, after conducting a diligent search, the defendants have produced all responsive documents requested by plaintiff and/or ordered by the Court.

4. <u>Fact Witness Depositions</u>

Plaintiffs have yet to complete other fact witness depositions. As set forth in this Court's June 6, 2014 Memorandum of Decision and Order [Doc. #153, 1-2], the Court permitted the depositions of Anthony Restuccia and Brian Broadus. Plaintiffs have completed Mr. Restuccia's deposition, but have yet to depose Mr. Broadus. Plaintiffs shall have until October 8, 2014 to complete Mr. Broadus's deposition. Although the Court previously reserved ruling on whether plaintiffs could depose Hank Mulaney pending Mr. Restuccia's deposition [<u>id.</u> at 2], the Court now DENIES plaintiffs' request to depose Mr. Mulaney in light of the fact depositions completed to date, plaintiffs' failure to raise this issue in the August 18 discovery conference, and the need to close fact discovery.

**B. Defendants' Third Motion to Compel and for Sanctions**

Defendants have filed a third motion to compel, which relates to the Court's June 4, 2014 ruling granting in part and denying in part defendants' second motion to compel. [Doc. #154]. Defendants also seek the imposition of sanctions for plaintiffs' failure to comply with the Court's June 4 ruling.

The Court ordered in the June 4 ruling that, "If a plaintiff does not have any documents responsive to a request,

7

that plaintiff shall provide a sworn statement that despite a diligent search, all responsive documents have been produced." [Id. at 5]. The Court further ordered that plaintiffs serve amended discovery responses identifying by bates number which documents are responsive to each request. [Id.]. Defendants contend in their motion that plaintiffs have failed to provide verifications that comply with the Court's June 4 ruling. Defendants also request that plaintiffs remove their objections from the consolidated responses in light of the Court's overruling them in the June 4 ruling. At the August 18, 2014 discovery conference, plaintiffs' counsel indicated that she had served declarations verifying plaintiffs' responses to defendants' discovery requests. Plaintiffs' counsel further represented that plaintiffs have no other documents to produce. Defense counsel responded that the verifications provided are "close", but that defendants seek verifications complying with the Court's June 4 ruling. The Court GRANTS defendants' request. Within ten (10) days of this ruling, plaintiffs will provide defendants with a verification that fully complies with the Court's June 4 ruling. Plaintiffs additionally will amend their discovery responses to remove any objections overruled by the Court in the June 4 ruling, as well as clarify which plaintiffs produced which responsive documents, to the extent this has not already been completed.

    Defendants next contend that, "there appear to be large numbers of documents missing from what the plaintiffs have produced," and request that the Court compel plaintiffs to

8

produce the missing pages or explain why they have not been produced. [Doc. #164, 5-6]. During the August 18, 2014 discovery conference, the Court addressed the gaps in document production, which counsel for plaintiffs and defendants represented have since been resolved. Therefore, the Court denies this request as moot.

The discovery agenda submitted in advance of the August 18 conference further lists defendants' concerns regarding plaintiffs' tax returns and medical authorizations. With respect to the medical authorizations, defense counsel represented that there is no issue, so long as plaintiffs have "looked for everything", which plaintiffs' counsel confirmed. As to the tax returns, defense counsel stated that plaintiffs Hannah and Irving's tax returns are incomplete, and plaintiff Barham did not file tax returns for the time frame at issue. Plaintiffs' counsel represented that if tax returns have not been provided, it is because plaintiffs have yet to file. Plaintiffs' counsel further represented that should plaintiffs file taxes for the applicable time period, they will supplement their production. Accordingly, the Court also finds this issue moot. Finally, defendants raised an issue with the organization and labeling of plaintiffs' exhibits, but waived this issue at the August 18, 2014 discovery conference.

Defendants also seek the imposition of sanctions and/or to hold plaintiffs in contempt as a result of their non-compliance with the Court's June 4 ruling. Specifically, defendants request that Court enter a default judgment against plaintiffs or,

9

alternatively, "to award such other sanctions as it deems fit, such as taking adverse inferences against Plaintiffs due to their non-compliance; prohibiting Plaintiffs from supporting their claims with documents that have not been produced to date; and/or treating Plaintiffs in contempt of court." [Doc. #164, 8]. In light of the fact that the parties resolved the majority of defendants' motion to compel at the August 18, 2014 discovery conference, the Court declines to enter the relief requested on the current record.

### C. Status and Scheduling of Expert Discovery

At the August 18, 2014 discovery conference, the parties discussed the entry of a revised scheduling order, including the status and scheduling of expert discovery. The Court will issue a Second Amended Scheduling Order memorializing the dates discussed with respect to expert discovery. This matter is nearly two years old and has been plagued with delays and extensive discovery disputes. It is time for fact discovery to close and to advance this matter to trial. Accordingly, the Court will also enter a fact discovery deadline and dispositive motions deadline.

### III. Conclusion

Therefore, for the reasons stated, defendants' third motion to compel and for sanctions [Doc. #163] is **GRANTED in part and DENIED in part**. Plaintiffs' requests as to certain outstanding discovery items are also **GRANTED in part and DENIED in part**.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly

erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport, this 4th day of September 2014.

```
        _____/s/_____
        HOLLY B. FITZSIMMONS
        UNITED STATES MAGISTRATE JUDGE
```