UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIM HANNAH, TOM IRVING, MICHAEL BARHAM, | : : : |
| Plaintiffs, | : Civil Action No.: 3:12-cv-01361 (VAB) |
| v. | : : |
| WAL-MART STORES, INC. and WAL-MART STORES EAST, L.P., | : : March 3, 2016 |
| Defendants. | : : |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO RECONSIDER THE COURT'S ORDER GRANTING PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 7(c), Plaintiffs in the above-captioned case hereby respectfully submit this Memorandum of Law in support of their Motion to Reconsider the Court's decision granting partial summary judgment against the plaintiffs. In support hereof, Plaintiffs state as follows:

An appellate court reviews summary judgment decisions *de novo,* **examining the evidence in the light most favorable to the non-moving party** to determine if there is a genuine dispute of material fact and if the moving party was entitled to judgment as a matter of law. *See Allstate Ins. Co. v. Mazzola,* 175 F. 3d 255, 258 (2d Cir.1999). The Court's partial summary judgment decision in this case failed to consider the evidence in the light most favorable to plaintiffs, adjudicated facts that were clearly in the province of the jury, misapplied precedent, and impermissibly excluded consideration of plaintiffs' Rule 56 (a)(2) Statement. The Court should allow the case to proceed to the jury and let

1

the jury's findings of fact insulate this case on appeal, rather than substituting this Court's role for that of the fact-finder and thereby risk reversal

I. **The Court Erred in Ruling That It Could and Would Ignore Plaintiff's Rule 56(a)(2) Statement**

In March 2015, Plaintiffs submitted an exceedingly detailed, forty-four page long Rule 56(a)(2) statement, replete with disputed facts and copious citations to the record. Rather than being repetitive (ie: responding to the alleged undisputed facts and then segregating all the disputed facts in a different section), for purposes of ease of reference to the topics as set forth by the defendants, plaintiffs organized the disputed facts below each response to the Defendants' allegations. After Defendants argued in their reply brief (to which plaintiffs had no opportunity to respond) that, under the local rules, Plaintiffs' disputed facts should also be in a separate section, Plaintiffs counsel clarified at oral argument that Plaintiffs' 56(a)(2) statement did, substantively have the disputed facts contained in it, but simply did not have a separate heading called "Disputed Facts." Plaintiffs' counsel pointed out that, given that the disputed facts were all there in the Rule 56(a)(2) Statement in substance, the requirement of a separate heading would be elevating form over substance.

Plaintiffs' counsel offered at the January 28, 2016 oral argument, nevertheless, to resubmit plaintiffs Rule 56(a)(2) Statement with the separate heading "Disputed Facts", without materially changing the substance of the Statement at all,[1] but simply copying and

---

[1] This offer would not have disadvantaged defendants at all because it could be done without making any substantive or material change to which defendants would have the need to respond.

[2] For illustrative purposes, all the disputed facts that were set forth in plaintiffs March 2015 Rule 56 Statement have been highlighted, to demonstrate to the Court that where the dispute facts were all written. Other than the highlighting, nothing was changed in that section of Exhibit A. Then, for illustrative purposes, those highlighted disputed facts

2

repasting into a separately titled section those disputed facts as already set forth in the responsive section of plaintiffs' Rule 56(a)(2) Statement. At oral argument, what plaintiffs' counsel offered to do is attached as exhibit A, hereto.[2] The Court responded that it was not necessary to do so because it wanted "no more paper." Given that the Court clearly indicated that it wanted no more paper, and not wishing to disobey the Court's wishes and also believing the Court understood that the defense argument was one that impermissibly elevated form over substance, plaintiffs counsel did not resubmit the same document with the same material but under a separate heading.

On February 11, 2016, the Court granted summary judgment of a large swathe of the claims, in large part based on making findings of fact with respect to disputed facts, and erroneously treating a very large part of the contested facts as undisputed. The Court explained that it "considered only evidence to which Plaintiffs specifically cited" in their 18-page brief[3], and ignored entirely plaintiffs' 44-page Rule 56(a)(2) Statement. In

---

[2] For illustrative purposes, all the disputed facts that were set forth in plaintiffs March 2015 Rule 56 Statement have been highlighted, to demonstrate to the Court that where the dispute facts were all written. Other than the highlighting, nothing was changed in that section of Exhibit A. Then, for illustrative purposes, those highlighted disputed facts were copied and pasted in a subsequent section now entitled "Disputed Facts," which starts on page 44. This demonstrates that the Disputed Facts were actually in plaintiffs' Rule 56 Statement, but were only missing a separate heading. This minor point is merely a matter of form, not substance, and cannot, therefore, be the basis to reject the entire 44-page Rule 56 Statement that plaintiffs submitted in March 2015.

[3] On March 11, 2015, Plaintiffs intended to file as their final Memorandum of Law the version at docket entry #250, but for some reason clicked on an earlier draft in counsel's document file and filed the draft version, which was filed at docket entry #230, which still contained a couple of blanks. Upon the defense's comment in their reply memorandum about the fact that plaintiffs' memorandum still contained a couple of remaining blanks, plaintiffs' counsel noticed the error, and filed the actual intended final version, before oral argument. At oral argument, defense counsel stated that defendants had no objection to plaintiffs' filing the correct version (#250). However, the Court stated in its decision that it would refuse to consider it, even though the correct brief contained only a few more citations.

support of this wholesale exclusion from consideration of plaintiffs 44-page detailed Rule 56(a)(2) Statement which contained copious record citations, the Court cited two cases in support of this exclusion. Neither cited case permits the Court to ignore Plaintiffs' Rule 56(a)(2) Statement, as claimed.

The Court cited to *Amnesty Am. v. Town of W. Hartford*, 288 F. 3d 467, 470 (@d Cir. 2002) for the proposition that it could ignore entirely plaintiffs' Rule 56(a) (2) Statement simply because the Statement was missing a separate heading, even though plaintiffs' Statement contained ample and detailed citation to disputed facts. *Amnesty* does not stand for the proposition that this Court can do so. In Amnesty, the court was considering a very different type of question and circumstance, which was "under what conditions a district court may dismiss a complaint on the ground that the opposition papers do not cite specifically to the places in the record where the relevant evidence is located." *Id.* at 470. There is no question that in the instant case, in stark contrast, Plaintiffs' Rule 56(a)(2) Statement specifically cited to numerous places in the record where the relevant evidence was located, and with great detail and precision in plaintiffs' 44-page submission. The Circuit held in *Amnesty* that it agrees that "Fed.R.Civ.P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute." *Id.* However, plaintiffs absolutely complied with Federal Rule 56 by copiously supporting all plaintiffs' assertions of fact in their Rule 56 Statement. Rule 56 requires as follows:

> Rule 56(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion

It is undisputed that plaintiffs supported their assertions of fact in their Rule 56 Statement with ample and specific citations to the record.  Thus, Federal Rule 56—which is the only rule with which the *Amnesty* Court was dealing—was not violated in any way.  All that was missing from Plaintiffs' Rule 56 Statement was a heading and a regurgitation of the (already cited) disputed facts again under that separate heading. *See, e.g.* ex. A.  But that requirement of a separate heading is a local rule, not a federal rule.

The Amnesty Court made clear it would forbid just the kind of exclusion of a party's Rule 56 Statement, as this Court has undertaken here:

> While district courts have considerable latitude in fashioning rules that will assist them in determining whether summary judgment is appropriate, they may not impose sanctions on litigants "for noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator has been furnished in the particular case with *actual notice* of the requirement." Fed.R.Civ.P. 83(b) (emphasis added).

*Id.*  Upon review of Federal Rule 83, which is the Rule the *Amnesty* court indicates is the touchstone for considering whether enforcement of a local rule goes too far, it is clear that  Federal Rule 83 does not allow this Court to elevate form over substance and exclude the entirety of plaintiffs' Rule 56 Statement simply because of a missing heading, even though all the substance and citations are there.   Federal Rule 83(a)(2) states  "*Requirement of Form.* A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."  Yet that is precisely what this Court is did in its decision.   The Notes of the Advisory Committee on the 1995 amendment to Federal Rule 83(a)(2) make even clearer that the kind of exclusion from consideration of Plaintiffs' Rule 56(a)(2) Statement is precisely what Rule 83 does not permit.

> *Paragraph (2) is new. Its aim is to protect against loss of rights in the enforcement of local rules relating to matters of form. For example, a party should not be deprived of a right to a jury trial because its attorney, unaware of—or forgetting—a local rule directing that jury demands be noted in the caption of the case, includes a jury demand only in the body of the pleading. The proscription of paragraph (2) is narrowly drawn— covering only violations attributable to nonwillful failure to comply and only those involving local rules directed to matters of form.*

Notes of the Advisory Committee on the 1995 amendment to Federal Rule 83(a)(2).

As applied to this particular Rule 56(a)(2) Statement, this requirement of a separate heading is merely a matter of form, because numerous disputed facts were included in plaintiffs' Rule 56(a)(2) Statement, with ample citation to the record. It is beyond peradventure that this oversight by plaintiffs counsel was not contumacious, because plaintiffs' counsel offered at oral argument to fix it, but the Court said no to that offer and said words to the effect of "I don't want any more paper."

In short, this is not a situation to which *Amnesty*'s holding applies. This is not a case involving a failure to include specific citations to the record in the Rule 56 Statement. Instead, this is a situation where the ample and detailed citations to the record merely lacked a separate heading. The entire direction and tenor of the Federal Rules is contrary to what the Court did here. *See, e.g.,* Federal Rule of Civil Procedure 5(d)(1)(4)(prohibiting the court from refusing a pleading "solely because it is not in the proper form.")

Nor do any of the other cases to which the Court cites provide any support for the extreme measure taken here. The case of *Ryder v. Wash. Mut. Bank, F.A.,* 501 F. Supp. 2d 311, 314 (D. Conn. 2007) involved a litigant who entirely failed to file a Rule 56(a)(2) Statement "which states in separately numbered paragraphs ... corresponding to the paragraphs contained in the moving party's Local Rule 56(a) Statement whether each of

6

the facts asserted by the moving party is admitted or denied." *Id.* (*citing* D. Conn. L. Civ. R. 56(a)(2)). "All material facts set forth in [the moving party's Local Rule 56(a)1] [S]tatement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a) ." D. Conn. L. Civ. R. 56(a)(1)).   Here, in contrast, plaintiffs did exactly what the *Ryder* litigant failed to do.  In fact, the plaintiffs' Statement was so detailed that it filled 44 pages, replete with detailed citations.

The case of *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275 (2000**)** is also inapposite.  (Local Rule 56.1 counter-statement was "utterly bereft of record citations relating to the particulars of any of plaintiffs' claims").  Here in contrast, plaintiffs' Statement contained 44 pages of detailed citations to disputed facts. The Court also improperly cites for authority to *Campbell v. Daytop Village, Inc.,* 201 F.3d 430 (1999). In that case, the plaintiff entirely failed to submit "a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried," as required by Rule 56.1(b) of the Local Rules of the Southern District of New York. Here, in contrast, the plaintiff submitted 44 pages of disputed facts with detailed record citations.  Moreover, in *Campbell*, the Court held that the "record does not support plaintiff's contention" that the district court resolved disputed facts in defendants' favor or neglected to consider other disputed facts.  In stark contrast, here the Court has declared outright that it would not consider any of plaintiffs' Rule 56 Statement.  Moreover, the *Campbell* case cannot be cited as authority pursuant to the Second Circuit's own Local Rule 32.1.1 concerning "Disposition by Summary Order," which states in  "(a) **Precedential Effect of Summary Orders.** Rulings by summary order do

not have precedential effect; **(b) Citation of Summary Orders….. (2) Summary Orders Issued Prior to January 1, 2007.** In a document filed with this court, a party may not cite a summary order of this court issued prior to January 1, 2007." Thus, the *Campbell* case has neither precedential effect, nor can it even be cited, because *Campbell* was decided prior to 2007, in 1999.

This Court's error in excluding and failing to consider plaintiffs' Rule 56 Statement permeates every aspect of its summary judgment decision. Plaintiffs' Rule 56 Statement made clear that every material fact in defendants' case was disputed.  The Court was required to consider plaintiffs' Rule 56 Statement and to weigh all disputed facts in the light most favorable to plaintiffs.  The Court should have limited itself to making legal decisions, and allowed all findings of fact to be resolved by the jury.

## II. The Court Erred in Granting Summary Judgment as to Hannah's Retaliatory Discharge Claim

One of the most egregious errors made by this Court in dismissing claims was its dismissal of Hannah's retaliatory discharge claim.  The Court held that there was no evidence of temporal proximity between Hannah's protected activity, and the termination of her employment.  This could not be farther from the truth.  Even defendants' own rule 56 Statement (#83) made clear that Hannah complained in December 2009 about her supervisor, Phil Morris, immediately prior to his decision to terminate Hannah and claimed that he retaliated against her within the month.  Ex. A, p. 30, ¶83.  Moreover, paragraphs 65 and 66 of Hannah's Declaration[4] (ex. B)  could not have been clearer concerning  the

---

[4] Because a scanner does not pick up a signature in blue ink when the scanner is set in black and white mode, the undersigned was unaware that the electronically filed version

8

close temporal proximity between her complaint about her supervisor, Phil Morris, for retaliating against her for her protected activity, and his subsequent decision to terminate her. *See also*, Ex. D, E and F (Hannah's written complaints about retaliation in the month of December 2009 about her direct supervisor, Phil Morris, immediately prior to his participation in terminating her).

    III.    <u>The Court Impermissibly Made Findings of Fact Regarding the Disputed Fact of Whether Hannah's Rating Justified Her Termination and Whether the Reorganization of the CT MHRMs and MAPMs Was Merely Pretextual</u>

The evidence submitted in Plaintiffs' Rule 56(a)(2) Statement and in Hannah's declaration and deposition testimony provided detailed and extensive evidence that Hannah was actually the top-rated MHRM in Connecticut, and that the selection of her for termination was pretextual. Even Walmart's own evidence was that the decision who to select for termination was based on the 2009 evaluations. Those evaluations make clear that Hannah was rated higher than Sharon Burns. Compare, ex. G and H. Plaintiffs submitted evidence of pretext (*see, e.g.,* Ex. I: CEO Bill Simon's statement that performance had nothing to do with who was selected for termination, and Plaintiffs' Ex. A, describing numerous high-ranking managers at Walmart attesting that there was no real reorganization of MHRM and MAPM jobs in Connecticut). Even the dates on Walmart's banding documents demonstrate that they were post-dated after the termination decisions were made. Ex. J. The Court can see that the weighted competencies for Hannah do not even correspond to the number reported on ex. J. Her numbers should add up to 2.8, not 2.4.

---

of Hannah's and Barham's declarations did not reflect their signature in blue ink. Plaintiffs' hereby resubmit the original declarations submitted by Hannah, as exhibit B, and by Barham, as exhibit C. This time, the scanner is set on color so that their signatures in blue ink are clear.

Moreover, given her later midterm evaluations which were the highest, and for which she was banded yellow, ex. K, it is clear that the actual banding number for Hannah was intentionally misreported on Walmart's own documents and she was never given credit for her very high midterm evaluation. Indeed, because her midterm evaluation resulted in her being banded yellow, Walmart's own Apple Project rules (to the extent they are to be believed) make clear that Hannah could not have been banded red. *See,* Ex. L (stating in Step 6 that associates who were yellow-banded at the mid-term, as was Hannah, could NOT be red-banded). Thus, according to Walmart's own Project Apple rules, Hannah could not be ranked a 2.4, and she could not be red-banded. But she was because just a week or two before, she engaged in protected activity and went over her supervisor's head and complained about him. Exs. A, B, D, E and F.

As set forth in Plaintiffs Rule 56 Statement, Trent Burner was nothing more than an outside consultant who did some basic structural coaching, but was not a decision-maker who determined which MHRMs and MAPMs would be retained. Plaintiffs submitted significant evidence in their Rule 56 Statement of Burner's limited role, and of the fact that the plaintiffs' supervisors were the actual decisionmakers. *See,* ex. A at ¶¶33, 57, 60; *see also,* ex. M (deposition of high-ranking Walmart official, Monica Mullins, testifying, pp. 275-276, that Burner was not a decision-maker; and pp. 295-296, that Supervisor Tony Restuccia was the decision-maker for which MAPMs to displace). Walmart's own evidence reflects pretext: it kept white managers who were red-banded and moved her more than 50 miles away to another state in order to find a way to retain her, Ex. N (retaining Kim Golembewski despite being red-banded) and forced black managers like

10

Kim Hannah to be red-banded and terminated, even though Walmart's own Apple Project would dictate that Hannah be yellow-banded and retained. (Ex. K and L).

The Court improperly took over the jury's role as factfinder with respect to multiple disputed facts and failed to weight all inferences in favor of the nonmovant. For instance, the Court impermissibly made findings of fact regarding the disputed fact of whether the reorganization of MHRM and MAPM jobs in Connecticut was pretextual and whether Hannah's rating justified her termination.

For all the above-described reasons, the Court should reverse its decision granting partial summary judgment, and permit the jury to make the finding of disputed facts.

Respectfully submitted,

PLAINTIFFS

By: /s/ *Kristan Peters-Hamlin*
Kristan Peters-Hamlin
Peters Hamlin LLC
1100 Summer St., 2d Fl.
Stamford CT, 06905
kph@petershamlinlaw.com
203-504-2050

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2016, a copy of the foregoing was filed electronically and served by mail on anyone known to be unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ *Kristan Peters-Hamlin*
Kristan Peters-Hamlin
Federal Bar No.: CT19371

11