UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIM HANNAH, THOMAS IRVING, and MICHAEL BARHAM, : : : Plaintiffs, : : v. : : WAL-MART STORES, INC. and WAL-MART STORES EAST, L.P., : : Defendants. : | CIVIL ACTION NO. 3:12-cv-01361 (VAB) JUNE 2, 2016 |

## RULING ON MOTIONS FOR RECONSIDERATION

### I.   INTRODUCTION

On February 11, 2016, the Court issued an order granting in part and denying in part Wal-Mart's Motion for Summary Judgment and denying Wal-Mart's Motion to Sever (the "Order"). ECF No. 255. Plaintiffs and Wal-Mart move for reconsideration of the Order under D. Conn. L. Civ. R. 7(c).[1] For the reasons that follow, Wal-Mart's motion is GRANTED IN PART AND DENIED IN PART and Plaintiffs' motion is DENIED.

### II.   STANDARD OF REVIEW

The standard for reviewing a motion for reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* "In order to prevent 'wasteful repetition of arguments already briefed, considered and decided,' a motion for reconsideration is granted only in a narrow range of circumstances."

---

[1] Plaintiffs filed a timely motion for reconsideration (ECF No. 273), and then filed an untimely "amended" motion for reconsideration (ECF No. 274). The Court disregarded as untimely the "amended" motion for reconsideration (ECF No. 274) and considered only the timely motion (ECF No. 273).

*Martin v. Dupont Flooring Sys., Inc.*, No. Civ. A. 3:01-cv-02189 (SRU), 2004 WL 1171208, at *1 (D. Conn. May 25, 2004) (quoting *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)).  The major grounds justifying reconsideration are: "(1) an intervening change in the law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice."  *Id.* (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

## III.   DISCUSSION

### A.   Wal-Mart's Motion for Reconsideration (ECF No. 271)

First, Wal-Mart argues that the Court overlooked its legitimate, non-discriminatory reason for not rehiring Plaintiffs.  Wal-Mart quotes in bold letters an excerpt from page thirteen of its reply brief that, it claims, "the Court failed to acknowledge": "**amongst the dozens of internal and external applicants for those positions,the** [*sic*] **recruiters and managers involved with the selection process found other candidates to be more qualified.**"  Defs.' Mem. Supp. Mot. Reconsider. at 3.

The Court did not "fail[] to acknowledge" this explanation, it quoted it.  Order at 22 ("In its reply memorandum, Wal-Mart asserted that 'the recruiters and managers involved with the selection process found other candidates to be more qualified,' but does not cite evidence showing that recruiters and managers determined that the successful candidates were more qualified than Plaintiffs for the relevant positions.  *See* Reply at 13.").  The Court then explained that it reviewed all of the evidence to which Wal-Mart's memorandum and reply cited in connection with this proffered explanation, and none of that evidence showed that Wal-Mart chose the successful candidates over Plaintiffs because of qualifications.  *Id.* at 22-23.

Notably, Wal-Mart did not assert that it "found other candidates to be more qualified" until its reply memorandum, to which Plaintiffs had no opportunity to respond. Defs.' Reply at 13, ECF No. 238. Wal-Mart's memorandum in support of its motion for summary judgment, to which Plaintiffs did have an opportunity to respond, stated its "reason" as follows: "Plaintiffs competed against hundreds of internal and external candidates for the positions they sought[,]" saying nothing about qualifications. Defs.' Mem. at 29, ECF No. 206. *See Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir. 1985) (noting that Title VII plaintiffs seeking to demonstrate pretext are "unfairly handicapped" when employers offer vague or conclusory reasons).

With its motion for reconsideration, Wal-Mart makes a second attempt to articulate its legitimate, nondiscriminatory reason. *See* Defs.' Mem. Supp. Mot. Reconsider. at 4-5. Reconsideration is denied on this basis. *Shrader*, 70 F.3d at 257 (motion for reconsideration is not a vehicle "to relitigate an issue already decided"); *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (motion for reconsideration is not a vehicle for taking a "second bite at the apple") (internal quotation marks omitted).

Second, Wal-Mart argues that Plaintiffs' protected activity was too remote from Wal-Mart's decisions not to rehire them, and therefore there is no *prima facie* inference of causal connection. The Court agrees with respect to Irving, and with respect to some of the failures to rehire Hannah and Barham, and therefore grants reconsideration in part.

As noted in the Order, Irving applied to four MHRM positions after learning he would be displaced, and Wal-Mart filled only three of those positions. Order at 9. Those three positions were filled approximately 17, 20, and 22 months, respectively, after Irving's CHRO complaint. *See* Ex. 22 to Motion to Sever at WLMT 003011, ECF No. 181-2. In deciding Wal-Mart's Motion for Summary Judgment, the Court did not reference relevant documents (WLMT003011,

WLMT003333) which Wal-Mart submitted as exhibits to its Motion to Sever but not its Motion for Summary Judgment.  *Compare* ECF No. 181-2 and ECF No. 207-6.  Wal-Mart, however, cited these documents in paragraphs of its Local Rule 56(a)1 Statement concerning the filling of positions to which Plaintiffs applied.  *See* Defs.' L.R. 56(a)1 Stmt. ¶¶ 99, 102.

Due to the temporal remoteness of Irving's protected activity and Wal-Mart's decisions not to rehire him, no prima facie inference of causal connection arises.  *See, e.g.*, *Manessis v. N.Y.C. Dep't of Transp.*, No. 02 Civ. 359 (SAS), 2003 WL 289969, at *14 (S.D.N.Y. Feb. 10, 2003) (seventeen-month lapse was too remote to support a retaliation claim), *aff'd sub nom.*, *Manessis v. Chasin*, 86 F. App'x 464 (2d Cir. 2004).

The Court consolidated into this action retaliation claims that Hannah and Barham asserted in a separate action based on failures to rehire that occurred after the filing of the complaint in this action, and after the filing of another CHRO complaint in May 2014.  Order at 9 n.7; *Hannah v. Wal-Mart Stores, Inc.*, No. 3:14-cv-01808 (JCH), 2015 WL 3771699, at *1, *6 (D. Conn. June 17, 2015).  Irving was not a party to the other action and did not have claims consolidated, and Plaintiffs did not otherwise raise a genuine dispute that Irving applied to and was denied positions after the filing of the complaint in this action or after the filing of the May 2014 CHRO complaint.  *See* Order at 9; L.R. 56(a) Stmts. ¶¶ 99-100.  The Court has considered Plaintiffs' other causation arguments and finds them to be without merit.  Accordingly, the Court grants reconsideration in part, and grants summary judgment in Wal-Mart's favor as to Irving's retaliatory failure to rehire claims.  Irving now has no remaining claims.

Hannah was denied positions approximately seven, eight, and nine months after filing the first CHRO complaint.  *See* Def.'s Mem. Further. Supp. Mot. Reconsider at 5-6; Def.'s Ex. 41 at WLMT002600.  Wal-Mart has not supplied any controlling authority requiring the Court to grant

4

summary judgment as to these claims. *See Summa v. Hofstra Univ.*, 708 F.3d 115, 128 (2d Cir. 2013) (noting that "seven months is within the temporal range that we have found sufficient to raise an inference of causation" and citing *Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 45-46 (2d Cir. 1980) for the proposition that a "lapse of eight months between an EEOC complaint and retaliatory act indicated causal connection").  In light of Plaintiffs' *de minimus* prima facie burdens, the fact that Wal-Mart failed to articulate a legitimate, non-retaliatory reason, and the fact that the Second Circuit has declined to draw a "bright line defining, for the purposes of a prima facie case, the outer limits beyond which a temporal relationship is too attenuated to establish causation," *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010), the Court concluded that "a flexible view of the temporal proximity analysis [was] warranted," *Curcio v. Roosevelt Union Free Sch. Dist.*, No. 10-cv-5612 (SJF) (AKT), 2012 WL 3646935, at *13 (E.D.N.Y. Aug. 22, 2012) (internal quotation marks omitted).  *See, e.g.*, *Douglas v. City of Waterbury*, 494 F. Supp. 2d 112, 125 (D. Conn. 2007) ("Within the time period of one year, there is no firm rule.  In some cases, time periods ranging from twelve days to eight months have been found to show the necessary temporal proximity.").

Hannah also was denied positions weeks after the filing of the original complaint in this case in September 2012, and retaliation claims based on those denials have been consolidated into this case. *See* Def.'s Mem. Further. Supp. Mot. Reconsider at 5-6; Order at 9 n.7; *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013) (three-week period from complaint to adverse action is sufficient to make prima facie showing of causation).  Therefore, as to Hannah, the Court will not grant summary judgment as to the retaliatory failure to rehire claims based on the positions listed at paragraphs b, d, e, g, h, i, and j on pages five and six of Wal-Mart's memorandum in further support of its motion for reconsideration (ECF No. 291).

Because Wal-Mart failed to articulate a legitimate, non-retaliatory reason for not rehiring Hannah, these claims will proceed.

However, the Court will grant reconsideration, and summary judgment, as to Hannah's retaliatory failure to rehire claims based on the positions listed at paragraphs a, c, f, k, l, m, n, and o on pages five and six of Wal-Mart's motion in further support of its motion for reconsideration (ECF No. 291). Because the Court did not reference the exhibits noted above, it miscalculated the lapse of time between Hannah's protected activity and these failures to rehire, and on reconsideration concludes that they are too remote from Hannah's first CHRO complaint and her complaint in this action, and/or occurred before the filing of the complaint in this action and/or before the filing of the May 2014 CHRO complaint. Among these, the closest temporal relationship between protected activity and failure to rehire is approximately twelve months. *See, e.g.*, *Chang v. Safe Horizons*, 254 F. App'x 838, 839 (2d Cir. 2007) (no causal nexus where termination occurred almost one year after complaint of discrimination); *Douglas*, 494 F. Supp. 2d at 125 ("In the Second Circuit and district courts within the Second Circuit, time periods greater than one year have been found, in general, to be insufficient to establish this temporal relationship."). As noted above, the Court has considered Plaintiffs' other causation arguments and rejects them.

Barham was denied a position six months after his original CHRO complaint. The Court will not grant reconsideration as to this claim for the reasons stated above. However, Barham also was denied three other positions years after his original CHRO complaint, over one year after the original complaint in this action, and before the May 2014 CHRO complaint. *See* Defs.' Mem. Further. Supp. Mot. Reconsider at 6-7; Ex. 43 to Motion to Sever at WLMT003333. Having reviewed the exhibits referenced above, the Court concludes on reconsideration that

these three failures to be rehired are too remote in time to raise a *prima facie* inference of causal connection. Accordingly, the Court grants summary judgment as to Barham's retaliatory failure to rehire claims based on the positions listed at paragraphs b, c, d, and e on pages 6 and 7 of Wal-Mart's memorandum in further support of its motion for reconsideration (ECF No. 291).

Third, Wal-Mart argues that general corporate knowledge of protected activity does not satisfy the causal connection prong of a retaliation claim. *See* Defs.' Mem. Supp. Mot. Reconsider at 10-12. The Court did not rule on this ground. The Court noted that general corporate awareness satisfied the awareness of protected activity prong. Order at 34-35. It addressed causation separately. *Id.* at 35.

Fourth and finally, Wal-Mart asks the Court to reconsider its ruling denying summary judgment as to Barham's discriminatory termination claim. Wal-Mart's motion does not reveal any on-point, controlling decisions that the Court overlooked, and that require reconsideration on the particular facts of this case. Rather, Wal-Mart invites the Court to re-examine the evidence on which it based its conclusion. The Court will not do so. As noted in the Order, a reasonable jury could question Restuccia's seeking an exception for Canales on the basis that Canales "jumped out to [him] as a high performer" because Barham got a higher banding score and because Restuccia admitted in his deposition that he did not compare Canales's performance with Barham's. *See* Restuccia Dep. at 173, 176-77. Likewise, a reasonable jury could find that Barham and Golembewski were similarly situated in all material respects because they were fired in the same reduction in force and both sought reemployment at Wal-Mart as MAPMs following their termination, and Wal-Mart cites no controlling authority compelling the conclusion that Golembewski's "trailing spouse" status means that Barham and Golembewski were not similarly situated as a matter of law.

7

B.     **Plaintiffs' Motion for Reconsideration (ECF No. 273)**

First, Plaintiffs argue that the Court should reconsider the entire ruling because it "ignore[d] entirely" their Local Rule 56(a)2 Statement. Pls.' Mem. Supp. Mot. Reconsider at 4.

Plaintiffs are mistaken. The Court considered each paragraph of their Local Rule 56(a)2 Statement in determining whether they had raised genuine disputes. Consistent with the specific citation requirement of Local Rule 56(a)3, the Court, in determining whether Plaintiffs had raised a genuine dispute as to a properly-supported allegation in a given paragraph of Wal-Mart's Local Rule 56(a)1 Statement, considered only evidence to which Plaintiffs specifically cited in the corresponding paragraph of their Local Rule 56(a)2 Statement. *See* D. Conn. L. Civ. R. 56(a)3. If the evidence that Plaintiffs specifically cited did not actually controvert the corresponding allegation, which generally was the case, the Court deemed the allegation admitted. *See id.*; Order at 1 n.1.

After reviewing each paragraph of Plaintiffs' Local Rule 56(a)2 statement to determine whether Plaintiffs had raised genuine disputes as to the allegations in Wal-Mart's Local Rule 56(a)1 Statement, the Court, as a result of Plaintiffs' failure to list separately their claimed disputes of material fact as required by Local Rule 56(a)2, turned to Plaintiffs' memorandum of law to determine what Plaintiffs claimed to be genuine disputes of material fact requiring trial.[2] The Court also referred back to Plaintiffs' Local Rule 56(a)2 Statement to determine if they had

---

[2] Plaintiffs claim that the Court should have allowed them to file an amended Local Rule 56(a)2 statement that complied with Local Rule 56(a)2 because they offered to file one at oral argument, ten months late. The Court did not hold oral argument to reopen briefing. Any amended statement would have been untimely and rejected. Plaintiffs submitted, with their Motion for Reconsideration, a document that is, presumably, the amended statement they would have filed ten months late. ECF No. 273-2. In their purported separate listing of "Facts in Dispute," Plaintiffs copy-and-paste language from the paragraphs of their Local Rule 56(a)2 Statement in which they deny Wal-Mart's allegations. *See id.* at 44-58. As a result, many of the separately-listed paragraphs do not make sense without reference to Wal-Mart's allegations. *E.g.*, *id.* ¶ 5 ("Deny that the next position as an MHRM was a promotion"), ¶ 11 ("Admit the second sentence, only insofar as it relates to upper management above the divisional level"), ¶ 47 ("Race and protected activity did paly [*sic*] a role"); ¶ 56 ("This is disputed by the following evidence and testimony . . . ."). Also, many of the ninety-four paragraphs in Plaintiffs' separate listing of purportedly disputed facts simply repeat the same claims. *E.g.*, *id.* ¶¶ 13-14, 21-22, 24-25, 26-27, 34-36.

raised a genuine dispute. *E.g.*, Order at 26 n.14, 34, 35. Plaintiffs have not cited any controlling authority providing that the Court's approach violated Fed. R. Civ. P. 83(a)(2) or otherwise was clearly erroneous or manifestly unjust.

Second, Plaintiffs argue that the Court erred in granting summary judgment as to Hannah's retaliatory termination claim because her protected activity was temporally proximate to her termination. The Court held that, even if Plaintiffs established a temporal relationship between their protected activity and their termination, more was required, *see El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) (temporal proximity raises an inference of retaliation, but is alone insufficient to show pretext), and Plaintiffs had failed to raise a genuine dispute as to pretext. Order at 32-33.

Third, Plaintiffs argue that the Court impermissibly found facts regarding whether Hannah's 2009 performance evaluation justified her termination, and whether Wal-Mart's reorganization and reduction in force was pretext. Plaintiffs cite no controlling decisions that the Court overlooked. They cite a banding document indicating that Hannah and Irving were yellow-banded at some point, but this is not "new evidence not previously available[,]" *Martin*, 2004 WL 1171208, at *1, but rather evidence that Plaintiffs failed to submit at summary judgment. The balance of Plaintiffs' motion rehashes arguments made in opposition to Wal-Mart's motion for summary judgment and invites the Court to reevaluate the evidence.

## IV. CONCLUSION

For the foregoing reasons, Wal-Mart's Motion for Reconsideration is GRANTED IN PART AND DENIED IN PART and Plaintiffs' Motion for Reconsideration is DENIED. The only remaining claims are Hannah's retaliatory failure to rehire claims based on the positions listed at paragraphs b, d, e, g, h, i, and j on pages five and six of Wal-Mart's memorandum in

further support of its motion for reconsideration (ECF No. 291), Barham's retaliatory failure to rehire claim based on the position listed at paragraph a on page 6 of the same document, and Barham's discriminatory termination and discriminatory failure to rehire claims.  Irving's claims are dismissed.


SO ORDERED this second day of June 2016, at Bridgeport, Connecticut.


/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE