**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KIM HANNAH and MICHAEL BARHAM, | : | |
| | : | |
| Plaintiffs,[1] | : | Civil Action No.: 3:12-cv-01361 (VAB)(WIG) |
| | : | |
| v. | : | |
| | : | |
| WAL-MART STORES, INC., and WAL-MART STORES EAST, L.P., | : | August 5, 2016 |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINETO PRECLUDE ALL REFERENCES TO CLAIMS PREVIOUSLY DISMISSED IN THIS ACTION, AND THE INTRODUCTION OF ANY EVIDENCE TO SUPPORT THOSE DISMISSED CLAIMS

Defendants Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc. (collectively "Defendants" or "Walmart") submit this Memorandum of Law in Support of their Motion in Limine to Preclude All References to Claims Previously Dismissed in this Action, and the Introduction of Any Evidence to Support Those Dismissed Claims.

## I.    INTRODUCTION

The plaintiffs, Kim Hannah, Tom Irving and Michael Barham, originally brought this lawsuit against their former employer, Walmart, claiming that Walmart discriminated against them on the basis of race, in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. 46a-60 *et seq.* ("CFEPA") (Counts 1 and 3) and Title VII of the Civil Rights Act of 1964 ("Title VII") (Counts 5 and 6). They also alleged that Walmart retaliated against them in violation of CFEPA (Counts 2 and 4), Title VII (Counts 7 and 8), and Conn. Gen. Stat. §31-51m (Count 9). See Amended Complaint at Doc. No. 6.  On April 12, 2013, Walmart moved for

---

[1] Plaintiff Tom Irving has no remaining claims in this case.

partial judgment on the pleadings with respect to Counts 1, 2, 3, 4, and 9 of the Amended Complaint because all of Plaintiffs' state law claims were time-barred. See Doc. No. 30. On August 30, 2013, the Court granted Walmart's motion and dismissed all of Plaintiffs' state law claims as untimely. See Doc. No. 79.

In an effort to circumvent the dismissal of their state law claims, Plaintiffs filed another Complaint on December 2, 2014 ("14-cv-1808"). On February 6, 2014, Wal-Mart filed a Rule 12(b) motion to dismiss 14-cv-1808 because, *inter alia*, Plaintiffs' state law claims were again untimely. On June 17, 2015, the Court dismissed Plaintiffs' second set of state law claims and consolidated 14-cv-1808 with the instant action. See Doc. No. 240.

On January 12, 2015, Walmart moved for summary judgment seeking to have all remaining claims dismissed. See Doc. No. 205. By Orders dated February 11, 2016 and June 2, 2016, the Court dismissed all remaining claims against Plaintiff Tom Irving and several claims of Plaintiffs Hannah and Barham. See Doc. No. 255 and 295. The only remaining claims in this case after the Court's rulings are:

> For Plaintiff Barham: 1) Discrimination on the basis of his race in violation of Title VII when Wal-Mart terminated his employment in April 2010 while providing an "exception" to Lauri Canales and a "trailing spouse" position to Stan Golembewski; 2) Discrimination on the basis of race in violation of Title VII when Wal-Mart failed to rehire him for positions Req. No. 3117, Req. No. 158001, Req. No. 167299, Req. No. 167433, and Req. No. 169519, and, 3) retaliation in violation of Title VII when Wal-Mart failed to rehire him for position Req. No. 3117 (WLMT003333).

> For Plaintiff Hannah: retaliation in violation of Title VII when Walmart failed to rehire her for the following positions: Req. No. 4372, Req. No. 73141, Req. No. 1255, Req. No. 4407, Req. No. 7013, Req. No. 2698, and Req. No. 74308.

See Doc. Nos. 255 & 295.

Based on discovery and Plaintiffs' actions and submissions throughout this case, Walmart anticipates that Plaintiffs will attempt to make reference to, and offer evidence in support of,

legal claims that were previously dismissed by the Court. Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, Walmart respectfully requests that the parties be precluded from referring to, or offering evidence in support of such claims.

## II.  **LEGAL STANDARD**

Motions *in limine* serve an important purpose by enabling the Court to rule in advance regarding the relevance of potential evidence without interrupting the course of a trial. See Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). District courts are afforded broad discretion to exclude, *inter alia*, evidence which either lacks relevance or has some relevance but is unduly prejudicial. See DeMarco v. West Hills Montessori, 350 Fed. Appx. 592, 594 (2d Cir. 2009); Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008).

Rule 402 of the Federal Rules of Evidence requires that irrelevant evidence be excluded at trial. See Fed. R. Evid. 402. Rule 401 of the Federal Rules of Evidence states that evidence is relevant only if it "has any tendency to make a fact more probable or less probable than it would be without the evidence; and [] the fact *is of consequence in determining the action.*" Fed. R. Evid. 401.

Even if evidence is found to have relevancy, it still may be subject to exclusion at trial if a court determines that its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.  **EVIDENCE AND REFERENCES TO CLAIMS NOT PROCEEDING TO TRIAL SHOULD BE PRECLUDED UNDER FED. R. EVID. 401, 402, and 403**

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Christianson v. Colt. Indus. Operating Corp., 486 U.S. 800, 816 (1988). This doctrine "promotes

3.

the finality and efficiency of the judicial process by protecting against the agitation of settled issues." Id. at 816 (internal quotation marks omitted).

On August 30, 2013 and June 17, 2015, Judge Hall granted Walmart's motions and dismissed all of Plaintiffs' state law claims as untimely.   See Doc. No. 79.   By Orders dated February 11, 2016 (Doc. No. 255) and June 2, 2016 (Doc. No. 295), your honor dismissed: 1) all remaining claims brought by Plaintiff Tom Irving; 2) Plaintiff Hannah's discriminatory termination and failure to rehire claims; 3) Plaintiffs Hannah's and Barham's retaliatory termination claims; 4) Plaintiff Hannah's retaliatory failure to rehire claims for positions, Req. No. 168644 (WLMT002599), Req. No. 162111 (WLMT002599), Req. No. 37792 (WLMT002599), Req. No.7984 (WLMT002599), Req. No.12485 (WLMT002599), Req. No. 11229 (WLMT002599),    Req. No. 14084 (WLMT002599), and Req. No. 41570 (WLMT002599); and 5)   Plaintiff Barham's retaliatory failure to rehire claims for positions, Req. No. 158001 (WLMT003333), Req. No. 167299 (WLMT003333), Req. No. 167433 (WLMT003333), Req. No. 169519 (WLMT003333).  Under the circumstances, there is no need for the jury to hear evidence regarding the entire process that resulted in Plaintiffs being identified for termination in April 2014, nor their applications for positions that are no longer pending before the court.

Defendants recognize that Plaintiff Barham has a remaining claim for discriminatory discharge. However, the issues of fact that resulted in that claim surviving summary judgment revolve around the "exception" sought and approved for Lauri Canales and the "trailing spouse" placement of Stan Golembewski into Barham's former position. Those circumstances arose after the Plaintiffs were identified for termination during the Project Apple reorganization process. The Project Apple process that resulted in their identification was fully briefed and considered in

4.

the summary judgment process. There were no issues of fact regarding the process up to the termination selection point. Thus, there is no reason for the jury to hear evidence regarding that process. Any evidence regarding that process should start with the exception sought and secured for Ms. Canales and the "trailing spouse" placement of Mr. Golembewski.

In light of these facts, the law of the case doctrine dictates that Plaintiffs may not raise these claims again at trial. See Morales v. N.Y. State Dep't of Labor, No. 06-CV-899, 2012 U.S. Dist. LEXIS 92075, at *10 (N.D.N.Y. July 3, 2012) (excluding evidence and testimony about the plaintiff's previously dismissed discrimination claim); Cook v. Hatch Assocs., No. 02-CV-0065A, 2007 U.S. Dist. LEXIS 31558, at *5 (W.D.N.Y. Apr. 30, 2007) (refusing to allow jury to hear evidence of age and gender discrimination claims dismissed on summary judgment); Jones v. New York Health & Hosp. Corp., No. 00 Civ. 7002, 2003 U.S. Dist. LEXIS 9014, at *2 (S.D.N.Y. May 29, 2003) (precluding evidence relating to race discrimination claim that had previously been dismissed on summary judgment). In addition, the fact that Plaintiffs previously asserted these claims, as well as the evidence relating to the underlying merits of these claims (if any), should be precluded because they are not relevant to the remaining claims. See Morales, 2012 U.S. Dist. LEXIS 92075, at *9-10; Rosioreanu v. City of New York, No. 07 Civ. 2925, 2012 U.S. Dist. LEXIS 26424, at *2 (E.D.N.Y. Feb. 29, 2012) (precluding plaintiff in gender-based and retaliatory hostile work environment case from offering evidence in support of previously dismissed age discrimination, national origin, and disparate treatment claims because it found such evidence to be irrelevant under Fed. R. Evid. 401); Jones, 2003 U.S. Dist. LEXIS 9014, at *2. As such, this evidence is not relevant and should not be admitted at trial.

Not only should this evidence be excluded under Fed. R. Evid. 402, but its introduction should be barred under Fed. R. Evid. 403 because its admission would unduly prejudice

Walmart, confuse the jury with respect to the issues remaining for trial, and require undue and unnecessary consumption of time. The only purpose of introducing this evidence would be to depict the company in a harsh light and evoke the sympathies of the jury. Notwithstanding the fact that they were unable to provide sufficient evidence to create an issue of fact regarding the process, opposing counsel continues to refer to Project Apple as a "sham reorganization." Walmart would clearly suffer undue prejudice if this evidence and such references are not excluded. "'Unfair prejudice' is that which might dispose a jury to render a verdict for reasons unrelated to the merits of the case." Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 150 (2d Cir. 2010). The use of evidence pertaining to resolved issues of fact and dismissed claims at trial would be nothing more than self-serving, distorted portrayals designed to bolster Plaintiffs' claims. As such, preclusion of such evidence is warranted.

Moreover, this proposed evidence would serve no other purpose than to create a side issue by arousing the jury's curiosity concerning what, if any, basis there was to the previously dismissed claims, causing confusion of the issues to be decided in this case. Therefore, such evidence should be excluded under Fed. R. Evid. 403. See State v. DeMatteo, 186 Conn. 696, 702 (1982) (evidence that could serve to "unduly arouse the jury's emotions, hostility and sympathy" and to "create a side issue that will unduly distract the jury from the main issue[ ]" of the case must be found prejudicial and be excluded).

Additionally, the presentation of such evidence, and the rebuttal evidence which would be necessary for Walmart to present, would be unduly burdensome and time consuming. Defendants have already demonstrated that there is no issue of fact regarding the Project Apple process that identified the Plaintiffs for termination, or the positions they applied for that have been dismissed form this case If the Plaintiffs were permitted to offer evidence pertaining to

6.

these already resolved matters, Walmart would be forced to participate in a series of "mini-trials" to explain the circumstances and outcome of each dismissed claim and to rebut the prejudice that would inevitably attach to such claims if left unchallenged. See Kelly v. LoPiccolo, 5 Fed. Appx. 5 7, 60 (2d Cir. N.Y. 2001) (affirming district court's exclusion of testimony, "as any small probative value was far outweighed by the danger of unfair prejudice, as well as the risk that such testimony would lead to 'mini-trials' peripheral to the issues at hand."); Estate of Mali v. Fed. Ins. Co., No. 3:06- CV-01475 (EBB), 2011 U.S. Dist. LEXIS 64319, at *5 (D. Conn. June 17, 2011) (granting motion in limine and excluding evidence that would "lead to a wasteful and meaningless mini-trial.").

Failure to preclude evidence regarding already resolved issues and dismissed claims would consume an inordinate amount of the Court's time and constitute a severe waste of judicial resources, in addition to making worthless the time already spent by the parties and the Court in briefing and deciding these issues in the context of Walmart's motion for summary judgment. As such, Walmart respectfully moves for the preclusion of these arguments and evidence at trial.

## IV.    CONCLUSION

Evidence regarding the previously resolved factual matters and dismissed claims in this action is irrelevant and the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and causing an undue waste of time on collateral issues.    As such, this Court should grant Walmart's Motion and preclude the aforementioned evidence.

**Respectfully submitted,**

**WAL-MART STORES EAST, L.P. and
WAL-MART STORES, INC.,**


By: */s/ Craig T. Dickinson* _____
Craig T. Dickinson (ct18053)
Alison Day (*pro hac vice*)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT 06510
203.974.8713
203.823.4456 Fax
cdickinson@littler.com
aday@littler.com


## CERTIFICATE OF SERVICE

I certify that on August 5, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of his filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.


*/s/ Craig T. Dickinson* _____
Craig T. Dickinson (ct18053)

8.