UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIM HANNAH and<br>MICHAEL BARHAM<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC. and<br>WAL-MART STORES EAST, L.P.<br><br>　　　　　Defendants. | CIVIL ACTION NO.:<br>3:12-CV-01361 (VAB)<br><br>December 30, 2016 |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF WALMART'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO WAL-MART'S SIZE, WEALTH AND OVERALL FINANCIAL CONDITION

**I.  INTRODUCTION**

Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. ("Wal-Mart") submit this Reply to Plaintiffs' Opposition to Wal-Mart's Motion in Limine to Exclude Evidence Related to Wal-Mart's Size, Wealth and Overall Financial Condition. A Reply is necessary because Plaintiffs' Opposition misconstrues the facts and misrepresents the legal authority cited in support of their Opposition.

**II.  ARGUMENT**

　　A.　Plaintiffs' focus on Wal-Mart's size, wealth and overall financial condition is a red herring because there is no need for the court to speculate as to relevance.

Contrary to Plaintiff's representation in their Opposition, a Motion in Limine to exclude evidence of Wal-Mart's size, wealth and financial condition does not require the Court to speculate as to the relevance of the evidence at issue. *See* Opposition ("Opp."), at 2. To date, the parties have had ample opportunity to describe their respective positions to the Court,

1

including the nationwide restructuring known as Project Apple that ultimately led to Plaintiffs' termination.

In its February 11, 2016 Ruling on Defendants' Motion for Summary Judgment ("Ruling"), this Court concluded that Wal-Mart articulated a legitimate, non-discriminatory reason for the Plaintiffs' terminations. *See* Ruling, at 21 (Dkt. 256). This Court also concluded that Plaintiffs had not cited evidence to support their claim that the reduction in force itself was simply a sham and a pretext for discrimination. *See* Ruling, at 25-26, n.13 and 14. Thus, the Court dismissed Plaintiff Hannah's discriminatory termination claim and concluded that the only genuine issue of fact remaining concerning Plaintiff Barham's alleged discriminatory termination concerned whether he was in fact similarly situated to Stan Golembewski, a white trailing spouse, or Lauri Canales, a white MAPM who was saved by an "exception" on account of being a high performer. *See* Ruling, at 28-29.

Neither of these disputed issues concern Wal-Mart's size, wealth or overall financial condition. Plaintiffs are simply seeking to use this data to bias the jury against Wal-Mart and has offered no other explanation as to how this data can be relevant to the pending claims. This is precisely why an order *in limine* is necessary.

B.  There is no evidence that Wal-Mart has offered "shifting" or "inconsistent" explanations for its decision to implement a reduction in force.

In their Opposition, Plaintiff argues—without the benefit of any factual discussion—that Wal-Mart's financial condition is relevant because "financial issues were not the reason for the restructure." *See* Opp., at 3. Plaintiffs then cite to *Zann Kwan v. Andalex Group LLC*, 737 F.3d 834 (2d Cir. 2013), as the sole support for their argument that "shifting and somewhat inconsistent explanations for a termination are significant evidence sufficient to overcome summary judgment." Opp., at 3. Plaintiffs' reliance on *Zann Kwan* is completely misplaced.

2

In *Zann Kwan*, the plaintiff brought a claim that she was terminated due to her gender and in retaliation for complaining about gender discrimination. On summary judgment, the Court noted that the defendant's explanations for plaintiff's firing had "evolved over time."— *i.e.*, it initially claimed that its change in business focus made the plaintiff's skill set obsolete; however, it then shifted to an explanation that the plaintiff's poor performance and bad behavior were the true reasons for her termination. See *Zann Kwan v. Andalex Group LLC*, 737 F.3d at 839. The Court ultimately denied the defendant's motion for summary judgment on the basis that the defendant's inconsistent and contradictory explanation, combined with the close temporal proximity between her complaint of discrimination and termination, created a genuine issue of material fact that her termination was retaliatory. Id., at 845.

The facts of *Zann Kwan* are inapposite to the present matter. Wal-Mart has consistently maintained that Plaintiffs were terminated as a result of Project Apple—*i.e.*, a nationwide reorganization of the company. Wal-Mart's explanation has not evolved over time, nor has it been inconsistent in any way. Moreover, to the extent that Plaintiffs claim that Project Apple itself was applied in a manner that resulted in discrimination because allegedly similarly situated white employees were treated differently than Plaintiffs, this argument does not concern or relate to Wal-Mart's size, wealth or overall financial condition. Accordingly, *Zann Kwan* does not support Plaintiffs' position that the Motion in Limine to preclude this evidence should be denied.

C. Plaintiffs' opposition underscores precisely why separate trials are necessary to avoid undue prejudice to Wal-Mart

Plaintiffs' insistence that Wal-Mart's size, wealth and overall financial condition is relevant to show that Project Apple was a pretext for discrimination termination underscores precisely why the Court should grant the pending motion for separate trials. Even if the Court accepts Plaintiffs' argument that Wal-Mart has somehow placed the 2009 economic downturn

3

directly at issue (which it has not), this argument only concerns Plaintiff Barham's claim for discrimination termination. As the Court has dismissed Plaintiff Hannah's claim for discriminatory termination, there is no possible probative value of Wal-Mart's size, wealth and financial condition relating to her claims. Thus, the inherent prejudice to Wal-Mart is even more obvious as it relates to the jury's adjudication of Plaintiff Hannah's remaining claim. Notably, Plaintiffs do not, and cannot, claim that the evidence subject to this Motion in Limine has any relevance to Plaintiff Hannah's remaining failure to hire claim. Accordingly, Wal-Mart's motion for separate trials should be granted to avoid jury confusion. Whether or not there are separate trials, an order in imine is warranted.

## III. CONCLUSION

For the foregoing reasons, as well as those asserted in the underlying Motion in Limine, Wal-Mart respectfully requests that the Court enter an order *in limine* precluding Plaintiffs from presenting any evidence or argument concerning Wal-Mart's size, wealth or overall financial condition.

Dated at New Haven, Connecticut this 30th day of December, 2016.

    THE DEFENDANTS,
    WAL-MART STORES EAST, L.P. and
    WAL-MART STORES, INC.

    /s/ Craig T. Dickinson
    Craig T. Dickinson (ct18053)
    Alison Day (*pro hac vice*)
    LITTLER MENDELSON, P.C.
    One Century Tower
    265 Church Street, 3rd Floor
    New Haven, Connecticut 06510
    Tel. 203.974.8700
    Fax 203.974.8799

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

/s/ Craig Dickinson
Craig Dickinson (ct18053)