## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIM HANNAH, THOMAS IRVING, and MICHAEL BARHAM, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO. 3:12-cv-01361 (VAB) |
| | : | |
| WAL-MART STORES, INC. and WAL-MART STORES EAST, L.P., | : | |
| | : | |
| Defendants. | : | |

### RULING ON DEFENDANTS' MOTION FOR SEPARATE TRIALS

Defendants, Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc. (together "Wal-Mart") seek to separate the trials of Plaintiffs, Kim Hannah and Michael Barham.  Mot. for Sep. Trials, ECF No. 318.  Plaintiffs oppose Defendants' motion, arguing that common questions of law and fact require that the two cases be kept together.  Pls. Mem. in Opp., ECF No. 351.  For the reasons stated below, Defendants' motion is **GRANTED.**

### I.      Procedural Background

This case arises out of the termination of three former Wal-Mart managers, Kim Hannah, Michael Barham and Thomas Irving, Jr.  Order on Mot. for Summary Judgment at 3, ECF No. 255.  Ms. Hannah and Mr. Irving were both employed as Market Human Resources Managers, a position that involved providing human resources services within a particular geographical region.  *Id.* at 2.  In contrast, Mr. Barham was employed as a Market Asset Protection Manager, which involved providing loss prevention services within a particular geographical region.  *Id.* Ms. Hannah, Mr. Barham and Mr. Irving, all African-American employees, were terminated in April 2010 in connection with a nationwide reorganization conducted by Wal-Mart in 2009-

2010, known internally by the name "Project Apple." *Id.* at 3.  After learning of their termination, all three individuals applied to other positions within the company. *Id.* at 9-10. Wal-Mart eventually re-hired Mr. Barham in a different role, but it did not re-hire Ms. Hannah and Mr. Irving. *Id.*

Ms. Hannah, Mr. Irving and Mr. Barham brought this lawsuit against Wal-Mart in September 2012,[1] alleging various claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Connecticut Fair Employment Practices Act ("CFEPA").  Am. Compl., ECF No. 6. In October 2014, Wal-Mart moved to sever Mr. Barham's claims from the claims brought by Ms. Hannah and Mr. Irving under Fed. R. Civ. P. 21; three months later, in January 2015, Wal-Mart moved for summary judgment on all of Plaintiffs' claims.  Defs. Mot. to Sever, ECF No. 180; Defs. Mot. for Summary Judgment, ECF No. 205.  In February 2016, the Court partially granted Wal-Mart's motion for summary judgment and denied Wal-Mart's motion to sever.  Order on Mot. for Summary Judgment, ECF No. 255.

The Court's summary judgment ruling narrowed the scope of this case, dismissing most of the nine separate employment claims initially alleged against Wal-Mart and leaving only the retaliatory failure to rehire claims brought by Mr. Irving, Ms. Hannah and Mr. Barham and the discriminatory termination and failure to rehire claims brought by Mr. Barham. *Id.* at 38.  The Court also concluded that severing the claims was not appropriate in light of the common questions of law and fact with respect to the surviving claims. *Id.* at 37.

Following the Court's ruling, Wal-Mart moved for reconsideration of the Court's decision, seeking dismissal of the remaining claims.   Defs. Mot. for Reconsid., ECF No. 271. The Court agreed that reconsideration was appropriate with respect to some claims, and

---

[1] Plaintiffs amended their Complaint in October 2012.  Am. Compl., ECF No. 6.

ultimately dismissed the following additional claims: (1) all claims as to Mr. Irving; (2) the

majority of the retaliatory failure to rehire claims as to Mr. Barham; and (3) several of the

retaliatory failure to rehire claims as to Ms. Hannah.  Order on Reconsid., ECF No. 295.  The

Court's ruling further narrowed the case to include only the following claims: (1) as to Mr.

Barham, discriminatory termination, discriminatory failure to rehire, and retaliatory failure to

rehire claims; and (2) as to Ms. Hannah, retaliatory failure to rehire claims.  *Id.* at 9.

Wal-Mart now moves to separate the trial of Mr. Barham's claims from the trial of Ms.

Hannah's claims under Fed. R. Civ. P. 42, arguing that the Court's ruling on Wal-Mart's motion

for reconsideration has eliminated many of the common questions between these two Plaintiffs'

claims.  Mot. for Sep. Trials, ECF No. 318.

## II.    Standard of Review

Motions to separate trials are governed by Rule 42 of the Federal Rules of Civil

Procedure.  Rule 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and

economize, the court may order a separate trial of one or more separate issues" or claims.  Fed.

R. Civ. P. 42(b).  A motion to separate trials under Rule 42 is determined under the same

principles used in connection with a motion to sever claims under Rule 21.[2]  *Morris v. Northrop*

*Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).  "The decision whether to grant a

severance motion is committed to the sound discretion of the trial court."  *State of N.Y. v.*

*Hendrickson Bros.*, 840 F.2d 1065, 1082 (2d Cir. 1988), *cert. denied*, 488 U.S. 848 (1988); *see*

*also Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir. 1984) (affirming bifurcation of third-party

---

[2] "Severance under Rule 21 results in entirely independent actions being tried, and two independent judgments. By contrast, separate trials under Rule 42 usually will result in one judgment." *Tardd v. Brookhaven Nat. Lab*., No. 04 CV 3262 (ADS), 2007 WL 1423642, at *6 (E.D.N.Y. May 8, 2007) (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2387).

claim and separating trial on liability and damages phases where the separate trials would require different types of evidence and there was no prejudice resulting from bifurcation).

In order to determine whether claims should be tried separately, courts generally consider four factors: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Tardd v. Brookhaven Nat. Lab.*, No. 04 CV 3262 (ADS), 2007 WL 1423642, at *6 (E.D.N.Y. May 8, 2007) (citing *Cestone v. General Cigar Holdings, Inc.*, No. 00 Civ. 3686 RCCDF, 2002 WL 424654, at *2 (S.D.N.Y. Mar. 18, 2002)); *see also Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 24 (S.D.N.Y. 2016) ("'Severance requires the presence of only one of these conditions,' although courts 'view severance as a procedural device to be employed only in exceptional circumstances.'" (citing *Oram v. SoulCycle LLC*, 979 F.Supp.2d 498, 503 (S.D.N.Y. 2013)); *Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 283, 284 (D. Conn. 2004) ("On a case-by-case basis, the Court should examine, among other factors, whether bifurcation is needed to avoid or minimize prejudice, whether it will produce economies in the trial of the matter, and whether bifurcation will lessen or eliminate the likelihood of juror confusion").

## III.   Discussion

Wal-Mart argues that separate trials will avoid prejudice and increase judicial economy and efficiency in this matter.  Defs. Mem. in Supp., ECF No. 319.  In support of its arguments, Wal-Mart explains that the remaining claims as to Ms. Hannah and Mr. Barham involve a separate set of facts, evidence and legal issues.  *Id.* at 12-13.  Wal-Mart further asserts that separating the two sets of claims will avoid potential prejudice as to Wal-Mart with respect to

Ms. Hannah's case.  *Id.* at 14.  Plaintiffs disagree, insisting that, because there is some overlapping testimony remaining between the two sets of claims and the Court could utilize limiting jury instructions to eliminate prejudice, the continued consolidation of trial is justified as to these two Plaintiffs.  Pls. Mem. in Opp, ECF No. 351.

Although the claims in this case initially arose out of the same transaction or occurrence – namely, the corporate reorganization that purportedly led to the termination of Ms. Hannah, Mr. Barham and Mr. Irving – most of the common ground between the parties was eliminated when the Court decided to reconsider its summary judgment ruling.  The only claim remaining as to Ms. Hannah is a retaliatory failure to rehire claim.  Order on Reconsid. at 9.  This claim does not relate directly to the circumstances of her termination, but focuses instead on her job search after her termination.

Most of the surviving claims as to Mr. Barham, on the other hand, present different factual and legal issues, as the majority of Mr. Barham's remaining claims allege racial discrimination while Ms. Hannah's claims focus only on Wal-Mart's alleged retaliation for protected activity.  *Id.*  The two Plaintiffs share one claim in common, the retaliatory failure to rehire claim; however, this claim involves different sets of facts, since the parties undertook separate job searches involving separate positions and separate decision-makers.  The majority of the issues of law and fact raised by the parties, therefore, are distinct and properly severable. *See, e.g. Dickerson*, 315 F.R.D. at 25 (recognizing that, even though claims "may involve some common questions of fact or law," severance is appropriate where the majority of one plaintiff's "allegations involve distinct facts and legal claims unique to her alone"); *Cestone v. General Cigar Holdings, Inc.*, No. 00 Civ. 3686 RCCDF, 2002 WL 424654, at *3 (S.D.N.Y. Mar. 18,

2002) (granting motion to separate trials of two plaintiffs where plaintiffs' "claims arise out of separate incidents by separate actors").

Plaintiffs urge the Court to focus on the shared components of the retaliation claims presented by Ms. Hannah and Mr. Barham. Pls. Mem. in Opp. at 3. They insist that the underlying facts surrounding Wal-Mart's reorganization are still relevant to Ms. Hannah's retaliation claim, as the circumstances of her termination help illuminate questions of retaliatory motive on the part of those who failed to re-hire her. *Id.* Plaintiffs further explain that Ms. Hannah's protected conduct includes certain complaints she made about her supervisors in connection with Project Apple, as well as various activities she undertook alongside Mr. Barham to support discrimination claims brought by other African-American colleagues. *Id.* However, Ms. Hannah worked in a different department than Mr. Barham at the time – she worked in human resources, while he worked in asset protection – and they had a different set of supervisors. Order on Mot. for Summary Judgment at 2. Despite the presence of some protected activities in which both Ms. Hannah and Mr. Barham participated, Plaintiffs had separate roles at the company and separate job search experiences, indicating that the factual underpinnings of the two retaliation claims are not as similar as Plaintiffs suggest.

Given the distinct facts and legal questions at issue, Mr. Barham and Ms. Hannah will need to present different sets of evidence in connection with their claims, which further supports the separation of trials in this matter. *See Dickerson,* 315 F.R.D. at 25 (granting motion to sever claims that "necessarily involve substantially different witnesses and evidence"). Wal-Mart has indicated that, with the exception of only one witness who will testify in both cases, the witnesses it intends to present in its defense of Mr. Barham's claims are entirely separate from the witnesses it intends to present in its defense of Ms. Hannah's claims. Defs. Mem. in Supp. at

8-11.  Although Plaintiffs indicate in their opposition brief that they intend to present substantial testimony regarding the Project Apple reorganization as part of Ms. Hannah's retaliation case, much of this proposed testimony will have to be limited, since all claims related to Ms. Hannah's termination were rejected by this Court in its summary judgment ruling.  Order on Mot. for Summary Judgment at 30.   Thus, the Court concludes that "there is little to gain in judicial economy from maintaining [plaintiffs']… claims together," further suggesting that severance is appropriate.  *Dickerson*, 315 F.R.D. at 25–26; *see also Tardd*, 2007 WL 1423642, at *11 (noting the inefficiencies of "repeatedly instruct[ing] the jury regarding the appropriate use of evidence as it relates to a particular plaintiff").

Finally, separating the trials of Ms. Hannah and Mr. Barham would "reduce the potential for prejudice that could arise from confusion of the factual issues and legal claims made by the plaintiffs."  *Benedith v. Malverne Union Free Sch. Dist*., 38 F. Supp. 3d 286, 339 (E.D.N.Y. 2014) (granting motion to sever in case involving multiple employment discrimination and retaliation claims); *see also Morris*, 37 F. Supp. 2d at 581 (granting Rule 42 motion to sever based on the "real possibility that the defendants would be prejudiced if the Court did not order separate trials").  As discussed above, evidence about Wal-Mart's actions in connection with Plaintiffs' termination is relevant with respect to Mr. Barham's claim but is not relevant with respect to Ms. Hannah's claim.  Were such evidence to be permitted in a joint trial, the Court would need to instruct the jury carefully regarding the proper consideration of this evidence, resulting in potential confusion to jurors.  Separate trials, however, would ensure that the evidence presented is properly considered by the jury with respect to each Plaintiff's case, eliminating the risk of prejudice to the parties.  *See Benedith*, 38 F. Supp. 3d at 339 ("in light of the complexity of this case and the probability of confusion as to the conduct asserted against the

respective defendants… and the varying legal standards that a jury would be asked to consider, the Court finds severance to be appropriate").

As a result of the Court's order on Wal-Mart's motion for reconsideration, the two sets of claims remaining in this case no longer arise out of the same transaction or occurrence.  They now present distinct questions of law or fact, and they involve different witnesses and documentary proof.  Furthermore, the Court finds that the separation of trials in this matter would facilitate judicial economy and avoid unnecessary prejudice.  Accordingly, Wal-Mart's motion to separate the trials of Ms. Hannah and Mr. Barham is granted.

**IV.    Conclusion**

Defendants' Motion to Separate Trials is **GRANTED**.  The trial schedule will be amended accordingly.

SO ORDERED this 6th day of January, 2017 in Bridgeport, Connecticut.

/s/ Victor A. Bolden_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE