UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIM HANNAH, THOMAS IRVING, and MICHAEL BARHAM, | : : : |
| Plaintiffs, | : : |
| v. | : 3:12-cv-01361 (VAB) |
| WAL-MART STORES, INC. and WAL-MART STORES EAST, L.P., | : : : : |
| Defendants. | : |

## RULING ON MOTIONS IN LIMINE

Defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. (together "Wal-Mart"), have filed four separate motions *in limine* [ECF Nos. 306, 307, 308 and 309] seeking to preclude the introduction of various types of evidence during the upcoming jury trials in this case. The two remaining Plaintiffs in this action, Michael Barham and Kim Hannah, have also filed a motion [ECF No. 327] seeking to preclude the admission of recent deposition testimony, and Mr. Barham has filed an additional motion [ECF No. 370] seeking to preclude the testimony of three of Defendants' proposed witnesses. For the reasons outlined below, Defendants' [306] and [307] motions *in limine* are **GRANTED IN PART AND DENIED IN PART**; Defendants' [308] and [309] motions *in limine* are **DENIED** without prejudice to renewal at trial; and Plaintiffs' [327] motion to preclude deposition testimony is **GRANTED**.

1

I. **Factual and Procedural Background**

This case arises out of the termination of three former Wal-Mart managers, Kim Hannah, Michael Barham and Thomas Irving, Jr.[1] ("Plaintiffs"). Plaintiffs originally brought this lawsuit against Wal-Mart in September 2012,[2] alleging various claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Connecticut Fair Employment Practices Act ("CFEPA"). Am. Compl., ECF No. 6. In two rulings dated February 2016 and June 2016, the Court substantially narrowed Plaintiffs' claims, allowing only the following claims to proceed to trial: (1) as to Mr. Barham, (i) a discriminatory termination claim, (ii) a discriminatory failure to rehire claim, and (iii) a retaliatory failure to rehire claim; and (2) as to Ms. Hannah, a retaliatory failure to rehire claim.[3] All other claims have been dismissed.

On January 6, 2017, the Court granted Wal-Mart's motion to separate the jury trials as to Michael Barham and Kim Hannah, allowing each set of claims to be tried before a different jury. Order, ECF No. 362. In advance of these two trials, Wal-Mart seeks to preclude the following: (1) evidence related to any claims that have previously been dismissed from this action; (2) evidence related to Plaintiffs' claims of back pay and front pay; (3) any evidence with respect to punitive damages; and (4) any evidence regarding Wal-Mart's size, wealth, and/or overall financial condition. Motions *in Limine*, ECF Nos. 306, 307, 308 and 309. Plaintiffs seek to

---

[1] Following the Court's February 2016 Order partially granting Wal-Mart's [205] Motion for Summary Judgment, ECF No. 255, the parties moved for reconsideration of the Court's ruling, and in a June 2016 ruling on the parties' motions for reconsideration, the Court dismissed all of Mr. Irving's remaining claims. Order on Mot. for Reconsid., ECF No. 295. Before the dismissal of his claims, Mr. Irving died. Notice of Death, ECF No. 292.
[2] Plaintiffs amended their Complaint in October 2012. Am. Compl., ECF No. 6.
[3] According to the Joint Trial Memoranda filed by the parties, Mr. Barham's retaliatory failure to rehire claim was limited to the following positions: Req. No. 3117, Req. No. 158001, Req. No. 167299, Req. No. 167433, and Req. No. 169519, and Ms. Hannah's retaliatory failure to rehire claim was limited to the following positions: Req. No. 4372, Req. No. 73141, Req. No. 1255, Req. No. 4407, Req. No. 7013, Req. No. 2698, and Req. No. 74308. Plaintiffs now contest this limitation. *See* Barham Joint Trial Mem. at 3, ECF No. 367; Hannah Joint Trial Mem. at 5, ECF No. 368. Based on the clear language of the Court's January 6, 2017 Order, *see* Order on Mot. for Reconsid., ECF No. 295, the Court has already granted summary judgment with respect to several of the positions originally included in Plaintiffs' retaliatory failure to rehire claims. *See id.* at 6-7. Accordingly, Plaintiffs' retaliatory failure to rehire claims are limited to the positions specified in the joint trial memoranda.

preclude the admission of a videotaped trial deposition of Tony Restuccia, the supervisor of Mr. Barham's supervisor at the time of Mr. Barham's termination.

## II. Standard of Review

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *Levinson v. Westport Nat'l Bank*, No. 3:09-CV-1955 VLB, 2013 WL 3280013, at *3 (D. Conn. June 27, 2013). Courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

## III. Discussion

### A. Motion *in Limine* re: References to Claims Previously Dismissed [ECF No. 306]

Defendants seek to preclude all references to claims that have previously been dismissed from this action. Defs. Mot., ECF No. 306. Defendants specifically seek to prevent Plaintiffs from (a) mentioning the fact that Plaintiffs had initially brought additional claims against Wal-Mart; (b) referencing the underlying corporate reorganization process that resulted in Plaintiffs' selection for termination, and/or describing this process as a "sham reorganization"; and (c) referencing Mr. Barham's and Ms. Hannah's applications for Wal-Mart positions that are not explicitly included within Plaintiffs' surviving retaliatory failure to rehire claims. *Id.* at 4.

3

Plaintiffs oppose this motion, arguing that the underlying corporate reorganization provides helpful and relevant context for both Mr. Barham's and Ms. Hannah's claims.  Pls. Mem. in Opp., ECF No. 354.  Plaintiffs also argue that Wal-Mart's refusal to hire Mr. Barham or Ms. Hannah for additional positions at Wal-Mart is relevant to show their culpability for retaliatory failure to rehire with respect to the positions currently before the Court.

The Court will not permit Mr. Barham or Ms. Hannah to re-try issues before a jury that have already been dismissed on summary judgment.  Under the long-standing "law of the case doctrine" principle, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *decision supplemented*, 466 U.S. 144 (1984).  According to this doctrine, a court's own prior decision "'should generally be adhered to…' unless 'cogent and compelling reasons militate otherwise.'"  *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)).

Where claims have been dismissed on summary judgment, therefore, it is generally appropriate to preclude testimony or evidence regarding those same previously dismissed claims during a jury trial.  *See, e.g. Morales v. N.Y. Dep't of Labor,* No. 06-CV-899 (MAD), 2012 WL 2571292, at *4 (N.D.N.Y. July 3, 2012) (finding "that any testimony or evidence about plaintiff's previously dismissed discrimination claim is excluded" as irrelevant and prohibiting evidence regarding events prior to February 16, 2006 where a "prior Order narrowed the scope of plaintiff's retaliation claim to protected activities that occurred on or after February 16, 2006"); *Hamza v. Saks Fifth Ave., Inc*., No. 07 CIV. 5974 (FPS), 2011 WL 6187078, at *7 (S.D.N.Y. Dec. 5, 2011) ("Any testimony and/or evidence relating to the plaintiff's previously dismissed disability discrimination claim is wholly irrelevant to any issue in contention in her current

4

retaliatory discharge claim, and thus … is hereby precluded from introduction at trial pursuant to Federal Rules of Evidence 401 and 402").

Plaintiffs' opposition brief makes it clear that Plaintiffs' counsel intends to re-introduce Ms. Hannah's retaliatory termination claim to the jury, even though this claim has previously been dismissed. *See* Pls. Mem. in Opp. at 8 n.10 (requesting "that the court allow the retaliatory termination charge to be presented to the jury"). As the Court is generally bound by its own prior rulings, such evidence would be irrelevant and unnecessary, and any potential probative value is substantially outweighed by the risk of unfair prejudice, confusion and delay. *See* Fed. R. Evid. 403. Thus, to the extent that Defendants seek to preclude Plaintiffs from re-litigating issues that the Court has already been decided, Defendants' motion is granted.

To the extent that Defendants seek to prohibit categorically all references to their corporate reorganization and their rejection of Plaintiffs' applications to positions not currently before the Court, however, Defendants' motion is denied without prejudice to renewal in the context of trial. In their motion, Defendants ask the Court to prohibit all "evidence regarding the entire process that resulted in Plaintiffs being identified for termination in April 2014, [and] their applications for positions that are no longer pending before the court." Defs. Mem. in Supp. at 4. At this early stage, the Court cannot definitively conclude that all such references would be irrelevant, or that their probative value would be substantially outweighed by the concerns described in Rule 403. Accordingly, these aspects of Wal-Mart's motion are denied without prejudice so that the evidence may be considered in its appropriate factual context.

Wal-Mart's [306] Motion *in Limine* is granted in part and denied in part. The Court will not disturb prior rulings dismissing Mr. Barham's discriminatory failure to rehire claim and Ms. Hannah's claims of discriminatory termination, retaliatory termination and discriminatory failure

to rehire from this case.  Plaintiffs will not be permitted to re-litigate those issues.  Additionally, neither Mr. Barham nor Ms. Hannah will be permitted to refer to Wal-Mart's corporate restructuring as a "sham reorganization," as the Court has already resolved that dispute by finding that the reorganization was not a pretext for discrimination.  Order at 25-30, ECF No. 255.  However, the Court is not prohibiting all reference to Wal-Mart's corporate reorganization at this time, nor is it categorically prohibiting all potential references to job applications not included in Plaintiffs' remaining claims.  Wal-Mart may renew its motion to challenge the admissibility of such references in the context of trial.

### B. Motion *in Limine* re: Back Pay and Front Pay Damages Claims [ECF No. 307]

Defendants seek to prevent the jury from determining any claims of back pay or front pay in this case.  Specifically, Defendants seek "an order precluding the presentation of any evidence or argument at trial relating to the issue of equitable relief," as well as "an order barring or significantly limiting any awards of back pay and front pay[.]"  Defs. Mot. at 1, ECF No. 307.  Defendants insist that evidence regarding back pay and front pay should not be permitted because Ms. Hannah has not properly mitigated her damages and because Mr. Barham's re-employment at Wal-Mart suggests that he is not entitled to front pay.

"Generally, an employer seeking to avoid a lost wages award bears the burden of demonstrating that a plaintiff has failed to satisfy the duty to mitigate." *Broadnax v. City of New Haven*, 415 F.3d 265, 268 (2d Cir. 2005) (citing *Dailey v. Societe Generale*, 108 F.3d 451, 456 (2d Cir. 1997)).  "Because a lost wages award—whether in the form of back pay or front pay—is an equitable remedy, a party is generally not *entitled* to a jury determination on the question." *Id.* at 271.  "Whether or not front pay should be awarded is a matter within the discretion of the

6

Court after consideration of the facts of the case." *Newtown v. Shell Oil Co.*, 74 F. Supp. 2d 160, 161 (D. Conn. 1999).

An award of back pay or front pay is appropriately decided by the Court, not the jury, particularly where, as here, a party has objected to a jury determination of lost damages. *See Broadnax,* 415 F.3d at 271 ("a party is generally not entitled to a jury determination" on the question of lost wages, except "when a party demands jury consideration of lost wages under Title VII and the party's opponent fails to object, Rule 39(c) permits the district court to submit the lost wages issue for a non-advisory jury determination."). Accordingly, Defendants' motion is granted with respect to their request that lost damages be determined by the Court.

However, the Court declines to either prohibit or significantly reduce an award of back pay and/or front pay at this time. The parties dispute whether Ms. Hannah has mitigated her damages by seeking alternate employment, as well as whether Mr. Barham's new position with Wal-Mart involves a difference in pay that is significant enough to entitle him to lost wages. At the motion *in limine* stage, given the outstanding factual disputes regarding equitable damages, the Court is unable to conclusively determine that Defendants have met their burden to show failure to mitigate for purposes of avoiding a lost damages award. *See Dailey*, 108 F.3d at 456. Accordingly, Defendants' motion is denied with respect to their request for an early limitation on any potential lost wages award.

Defendants' [307] Motion *in Limine* is granted in part and denied in part. The Court will not permit a jury determination of lost wages, and it will limit the presentation of evidence accordingly. The Court holds in abeyance Defendants' request for a denial of back pay and front pay.

## C. Motion *in Limine* re: Punitive Damages Claim [ECF No. 308]

Defendants seek to preclude the introduction of any evidence pertaining to punitive damages, arguing that that Plaintiffs cannot establish the required malice or reckless indifference on the part of Wal-Mart and that any evidence offered in connection with this claim would be unduly prejudicial. Defs. Mot., ECF No. 308. In light of the Court's significant discretion to reserve judgment on a motion *in limine* until the evidence is placed in its full factual context at trial, *see Nat'l Union Fire Ins. Co. of Pittsburgh*, 937 F. Supp. at 287, Defendants' motion is denied without prejudice to renewal at trial.

The Court recognizes that evidence in support of a punitive damages claim may, in certain circumstances, be excluded on a motion *in limine*. *See Lovejoy-Wilson v. Noco Motor Fuels, Inc.*, 242 F. Supp. 2d 236, 244 (W.D.N.Y. 2003) (finding that Defendants' "request to dismiss the punitive damages claim may properly be brought as a pretrial motion *in limine*."); *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 CIV. 5220 (AJP), 1998 WL 665138, at *1 (S.D.N.Y. Sept. 25, 1998) (precluding punitive damages evidence on a motion *in limine* where neither party has an underlying "claim upon which punitive damages may be based"). Plaintiffs' Title VII claims allow for punitive damages if Defendants participated in "intentional discrimination of an 'egregious' nature." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 534-535 (1999); *see also Barrella v. Vill. of Freeport*, 43 F. Supp. 3d 136, 187 (E.D.N.Y.), *stay granted, order supplemented*, 56 F. Supp. 3d 169 (E.D.N.Y. 2014), *and aff'd*, 814 F.3d 594 (2d Cir. 2016) (upholding punitive damages in employment discrimination case brought under 42 U.S.C. §§ 2000e *et seq.*).

Here, Defendants do not argue that Plaintiffs are statutorily prohibited from a punitive damages award; rather, their arguments focus on the alleged insufficiency of evidence in support

of Plaintiffs' claim for punitive damages.  Defs. Mem. in Supp. 3-7.  Before the Court has had an opportunity to evaluate and weigh Plaintiffs' evidence, the Court cannot determine at this time that the evidence Plaintiffs intend to offer is "clearly inadmissible on all potential grounds." *Levinson*, 2013 WL 3280013, at *3.[4]  Thus, the Court reserves judgment on Plaintiffs' motion until the evidence is placed in its appropriate factual context.  *See Nat'l Union Fire Ins. Co. of Pittsburgh*, 937 F. Supp. at 28.

Defendants' [308] Motion *in Limine* is denied without prejudice to renewal at trial.

### D. Motion *in Limine* re: Defendants' Size, Wealth and Overall Financial Condition [ECF No. 309]

Finally, Defendants seek an order barring evidence of Wal-Mart's size, wealth, and overall financial condition, arguing that such evidence would be unduly prejudicial to Defendants.  The Court disagrees.

Evidence of Defendants' financial resources is relevant to the determination of potential punitive damages in this case.  *See Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 22 (1991) (listing "the 'financial position' of the defendant" as one of the factors involved in determining the amount of punitive damages).  As the Court has declined to prohibit Plaintiffs' punitive damages claims at this stage, Defendants' financial condition is not wholly irrelevant.

Accordingly, Defendants' [309] Motion *in Limine* is denied without prejudice to renewal in the context of trial.

---

[4] *See also Lovejoy-Wilson*, 242 F. Supp. 2d at 246 ("defendant's concerns over the prejudicial effect of trial evidence pertaining to punitive damages may be adequately addressed by the court's responsibility 'to make certain that the punitive damages are reasonable in their amount and rational in light of their purpose to punish what has occurred and to deter its repetition.'" (quoting *Lee v. Edwards*, 101 F.3d 805, 809 (2d Cir. 1996)).

### E. Plaintiffs' Motion to Preclude Restuccia Trial Deposition [ECF No. 327]

Plaintiffs object to the introduction at trial of deposition testimony that was taken on a date when Plaintiffs' counsel was known to be unavailable. Pls. Mot, ECF No. 327. During discovery, Plaintiffs had the opportunity to depose Tony Restuccia, a former supervisor to Brian Broadus, who in turn was Mr. Barham's direct supervisor during Mr. Barham's employment as a Market Asset Protection Manager with Wal-Mart. Mr. Restuccia is no longer employed with Wal-Mart, and he resides in Chesterfield, New Jersey, an area that, according to Defendants, falls outside the 100-mile subpoena range for Mr. Barham's upcoming trial. On September 16, 2016, Defendants notified Plaintiffs that they would be taking a trial deposition of Mr. Restuccia on September 21, 2016, and they proceeded with the deposition despite knowing that Plaintiffs' counsel was unavailable on that date. Defendants now seek to introduce the videotaped deposition at trial during the presentation of their defense. Plaintiffs seek to preclude the use of this deposition testimony, arguing that the discovery deposition of Mr. Restuccia, during which counsel for both parties were present, should suffice for purposes of trial testimony.

"The Federal Rules of Civil Procedure make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial (*de bene esse*)." *George v. Ford Motor Co.*, No. 03 Civ. 7643 (GEL), 2007 WL 2398806, at *11–13 (S.D.N.Y. 2007) (internal marks and quotations omitted). "Depositions of either type may be used at trial if the witness is unavailable." *Morales v. N.Y. Dep't of Labor*, No. 06-CV-899 (MAD), 2012 WL 2571292, at *2 (N.D.N.Y. July 3, 2012). "A witness's deposition may be used at trial for any purpose against any party 'who was present or represented at the taking of the deposition or who had reasonable notice,' Fed.R.Civ.P. 32(a)(1), if the witness is over 100 miles from the courthouse." *F.A.A. v. Landy*, 705 F.2d 624, 635 n. 13 (2d Cir. 1983) (citing Fed. R. Civ. P.

32(a)(3)(B)); *see also Kolb v. Suffolk Cty.*, 109 F.R.D. 125, 126 (E.D.N.Y. 1985) (deposition testimony in lieu of live testimony "may only be used insofar as it is admissible under the rules of evidence and … the party against whom it is offered was present at or had notice of the deposition.").[5]

Here, it is undisputed that Plaintiffs' counsel had notice of the trial deposition of Mr. Restuccia in advance of the deposition. However, Plaintiffs contend that such notice was inadequate, as it was given less a week before the scheduled deposition and Plaintiffs' counsel was known to be unavailable on the scheduled date. Furthermore, Plaintiffs' motion to quash/preclude this deposition testimony had already been filed and was pending at the time Defendants took Mr. Restuccia's deposition.

When describing the notice requirements governing the use of deposition testimony, the Federal Rules do not "require any specific minimum notice period; all that is required is that the notice be reasonable under the circumstances... the reasonableness of notice must be determined in light of the facts and circumstances of the individual case." *Davidson v. Dean*, 204 F.R.D. 251, 256 (S.D.N.Y. 2001). A short notice period, standing alone, is not necessarily sufficient to preclude the use of deposition testimony at trial. *See F.A.A. v. Landy*, 705 F.2d at 634 (four days' notice sufficient where opposing counsel did not attend deposition and formally objected to deposition after deposition was taken); *Jones v. United States*, 720 F. Supp. 355, 366 (S.D.N.Y. 1989) (use of deposition at trial appropriate where opposing party received eight days' notice before deposition was taken).

---

[5] "The circumstances permitting the use of depositions include (1) impeachment of a witness; (2) the deposition testimony of an officer, director, managing agent, or person designated to testify on behalf of an institutional party; (3) the deposition testimony of an unavailable witness; and, finally, '(4) when such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.'" *Kolb*, 109 F.R.D. at 126 (quoting Fed. R. Civ. P. 32(a)(3)(E)).

Nonetheless, the Federal Rules place some limitations on the use of deposition testimony where the opposing party has formally objected, in advance, to the timing of the deposition. Rule 32 provides that "[a] deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place—and this motion was still pending when the deposition was taken." Fed. R. Civ. P. 32(a)(5)(A). Here, Defendants' gave Plaintiffs' counsel only five days advance notice, and Plaintiffs' counsel promptly objected by filing a motion to quash the deposition testimony. Pls. Mot., ECF No. 327. That motion was pending when Defendants took the videotaped trial deposition of Mr. Restuccia.

The Court recognizes that videotaped trial deposition testimony is often preferable to reading discovery deposition testimony into the record. *See Hanson v. US Airports Air Cargo, LLC*, No. CIV. 307-CV-353 (JCH), 2008 WL 4426909, at *2 (D. Conn. Sept. 26, 2008) (allowing introduction of videotaped trial deposition of unavailable witness, recognizing that "there is significant benefit in allowing a jury to view the questioning of a witness and observe how the witness responds to the question" and that "a party should be given the opportunity to provide a jury with clear, concise, and organized testimony from witnesses whose presence at trial cannot be compelled."). Nonetheless, the Court finds that the notice given to Plaintiffs' counsel was not "reasonable under the circumstances" as required under Rule 32. *Davidson*, 204 F.R.D. at 256. Thus, the videotaped deposition testimony of Mr. Restuccia will not be permitted under Fed. R. Civ. P. 32(a)(1). *Id.*

Plaintiffs' [327] Motion to Preclude is granted.  If Defendants wish to introduce the testimony of Mr. Restuccia, they may read portions of his discovery deposition transcript into the record.

### IV.  Conclusion

Defendants' [306] and [307] motions *in limine* are **GRANTED IN PART AND DENIED IN PART**.  Defendants' [308] and [309] motions *in limine* are **DENIED** without prejudice to renewal at trial.  Plaintiffs' [327] motion to preclude deposition testimony is **GRANTED**.

SO ORDERED this 21st day of February, 2017 in Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE