**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MICHAEL BARHAM, : | |
| Plaintiff, : | |
| : | |
| v. : | 3:12-cv-01361 (VAB) |
| : | |
| WAL-MART STORES, INC. and : | |
| WAL-MART STORES EAST, L.P., : | |
| Defendants. : | |

**RULING ON MOTION TO PRECLUDE**

Plaintiff, Michael Barham, and Defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. (together "Wal-Mart"), are scheduled to begin a jury trial on February 28, 2017. Scheduling Order, ECF No. 369. On February 17, 2017, less than two weeks before the scheduled trial date, Mr. Barham filed a motion [ECF No. 370] seeking to preclude the testimony of three witnesses proposed by Defendants: Kerri Crunkilton,[1] John Flowers and Kakisha Smith. Barham Mot., ECF No. 370. For the reasons outlined below, Mr. Barham's [370] motion to preclude witnesses is **DENIED**.

**I.     Factual and Procedural Background**

This case was previously scheduled to proceed to trial on September 6, 2016. *See* Amended Scheduling Order, ECF No. 281. In advance of that trial date, the parties submitted trial memoranda outlining witnesses, exhibits and anticipated evidentiary issues. Defs.' Trial Mem., ECF No. 305; Pls. Trial Mem., ECF No. 310. Defendants listed Kerri Crunkilton, John Flowers and Kakisha Smith as witnesses in their trial memorandum, and Plaintiffs did not object to their inclusion. *Id.*

---

[1] In Mr. Barham's filings, this witness' name is spelled "Kerri Krunkilton."

1

At the request of Plaintiffs' counsel, on August 12, 2016 the Court granted a continuance of the jury trial, rescheduling the trial date to October 11, 2016. Order, ECF No. 315. On further requests for extension of time, the Court granted an additional continuance on September 30, 2016, setting the trial date for late February 2017. Order, ECF No. 338. Mr. Barham did not depose either Kerri Crunkilton, John Flowers or Kakisha Smith in advance of trial, nor did they object to these three witnesses until February 17, 2017, within one week of the scheduled final pre-trial conference.

**II.     Standard of Review**

Under Rule 26(a), parties to a litigation are required to make initial disclosures stating "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Parties must supplement their Rule 26(a) disclosures when they learn that the information provided in their initial disclosures was incomplete. Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"The Court has the ultimate discretion on whether to preclude witnesses from testifying at trial pursuant to Rule 37(c)(1)." *Leong v. 127 Glen Head Inc.*, No. CV135528 (ADS) (AKT), 2016 WL 845325, at *6 (E.D.N.Y. Mar. 2, 2016) (internal citations and marks omitted). When considering whether to preclude witness testimony, district courts in this Circuit are instructed to assess several factors, including "the prejudice suffered by the opposing party" and "the possibility of a continuance." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 269 (2d Cir.

1999) (quoting *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

### III.  Discussion

Mr. Barham now seeks to preclude three witnesses from testifying at the upcoming trial of Mr. Barham's claims: Kerri Crunkilton, John Flowers and Kakisha Smith.  Barham Mot., ECF No. 370.  Mr. Barham's objection to these three witnesses is noted in the Second Amended Joint Trial Memorandum with respect to Mr. Barham's case.  Second Am. Joint Trial Mem., ECF No. 367.  According to Mr. Barham, these witnesses were not disclosed in Defendants' initial disclosures, nor were they listed as potential 30(b)(6) witnesses during the course of discovery, thus their testimony at trial should be precluded under Fed. R. Civ. P. 37(c)(1) for failure to comply with Fed. R. Civ. P. 26(a).  Barham Mem. in Supp., ECF No. 372-1.  Mr. Barham also seeks an order prohibiting Defendants from defending against Mr. Barham's claims as well as the issuance of a default judgment with respect to Mr. Barham's retaliatory failure to rehire claim.  *Id.* at 14.

Under Rule 37(c)(1), a party's non-compliance with the disclosure requirements of Rule 26 generally results in the preclusion of improperly disclosed witnesses, unless the Court finds that the non-compliance was "harmless."  Fed. R. Civ. P. 37(c)(1); *see also Alfano v. National Geographic Channel,* No. CV 06-3511 (NG) (JO), 2007 WL 2982757 (Oct. 5, 2007 E.D.N.Y.) (prohibiting testimony of witness not named in Rule 26 disclosures or supplemental disclosures during discovery); *Ehrlich v. Incorporated Village of Sea Cliff,* No. CV 04-4025 (LDW) (AKT), 2007 WL 1593223, *3 (Jun. 1, 2007 E.D.N.Y.) (precluding testimony of witness not disclosed until "the eve of trial.").  Mr. Barham argues that Defendants' non-compliance with Rule 26 was

not "harmless," claiming that he would be prejudiced if this Court were to allow the testimony of the three late-disclosed witnesses.

When evaluating the propriety of a district court's decision whether to preclude witness testimony, the Second Circuit considers "the following factors: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Reilly*, 181 F.3d at 269 (quoting *Softel, Inc*, 118 F.3d at 961). Considering these four factors as a whole, the Court concludes that Defendants' non-compliance with the Rule 26(a) disclosure requirements was "harmless" and thus, preclusion is not necessary under Fed. R. Civ. P. 37(c)(1).

Defendants have not provided a strong explanation for their failure to comply with Rule 26(a), and neither party has addressed the relative importance of the testimony of the late-disclosed witnesses.[2] Rather, the parties' arguments focus on the element of prejudice. Mr. Barham claims that Defendants' non-compliance with Rule 26 prevented him from deposing these witnesses or fully taking discovery in advance of trial. However, the record is clear that, in light of the continuance of the jury trial in this matter, the delay in disclosing these witnesses did not result in prejudice to Mr. Barham.

All three of the contested witnesses were listed as witnesses in the Trial Memorandum submitted by Defendants on August 5, 2016, approximately six months before the operative Joint

---

[2] Defendants seek to explain their non-compliance with Rule 26 by stating that they identified these witnesses to Plaintiffs in the context of document production. Defs. Mem. in Opp., ECF No. 375. However, these actions do not erase Defendants' non-compliance with Rule 26(a), and Defendants' identification of these individuals in the context of document production does not relieve them of their obligation to identify them as potential witnesses in accordance with Rule 26(a). *See Leong*, 2016 WL 845325, at *4 ("Many courts in this Circuit ... have held that the mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A) … Rather, to satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial." (internal citations and marks omitted)). Thus, this argument is unavailing.

Trial Memorandum was filed. Defs.' Trial Mem. at 6-9, ECF No 305. Plaintiffs did not make any objection to the inclusion of these witnesses at that time. On September 30, 2016, when the Court formally continued the scheduled jury trial in this matter to begin in late February, 2017, Plaintiffs had over four months to seek depositions of these three late-disclosed witnesses in advance of trial. However, they did not attempt to obtain any information from these witnesses, and they failed to object to this testimony until the filing of the Second Amended Joint Trial Memorandum on February 3, 2017.

Mr. Barham had clear notice of these three witnesses as of at least August 5, 2016, and the four-month continuance of jury trial in this matter provided ample opportunity for Mr. Barham to seek discovery from these witnesses. Accordingly, even if Defendants did violate Rule 26(a)(1) by failing to properly disclose these three witnesses, this violation was harmless, and neither preclusion of these witnesses' testimony nor additional sanctions would be appropriate. Mr. Barham's motion is denied.

### IV. Conclusion

Mr. Barham's [370] motion to preclude witnesses is **DENIED**. The testimony of Kerri Crunkilton, John Flowers and Kakisha Smith will not be precluded from the upcoming jury trial in this matter. Any additional witnesses who were not identified in the August 5, 2016 trial memoranda submitted by the parties will be precluded from testifying at trial. Defendants will not be prohibited from defending against Mr. Barham's claims, and the Court will not issue a default judgment against Defendants with respect to Mr. Barham's retaliatory failure to rehire claim.

SO ORDERED this 22nd day of February, 2017 in Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE