UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL BARHAM,<br>Plaintiff, | :<br>:<br>: |
| v. | :    3:12-cv-01361 (VAB) |
| | : |
| WAL-MART STORES, INC. and<br>WAL-MART STORES EAST, L.P.,<br>Defendants. | :<br>:<br>: |

## RULING ON MOTIONS TO PRECLUDE

Plaintiff, Michael Barham, and Defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. (together "Wal-Mart"), are scheduled to begin a jury trial on February 28, 2017. Scheduling Order, ECF No. 369. The final pre-trial conference was held today, February 22, 2017.

On February 21, 2017, Mr. Barham filed a motion to quash and/or preclude the trial deposition testimony of Trent Burner, one of Defendants' witnesses, who is currently scheduled to be deposed on February 24, 2017. Emergency Mot., ECF No. 378. On February 22, 2017, the same day of the final pre-trial conference, Defendants filed a notice seeking to amend the witness list included in the parties' February 3, 2017 Joint Trial Memorandum by removing Kakisha Smith and adding Ronald Ealey, *see* Am. Witness List, ECF No. 380, to which Mr. Barham objected during the final pre-trial conference. Oral Mot., ECF No. 383. For the reasons outlined below, Mr. Barham's [378] and [382] motions are **GRANTED**.

### I. Motion to Quash/Preclude Trial Deposition Testimony of Trent Burner [ECF No. 378]

On February 6, 2017, Defendants notified Plaintiff that they intended to conduct a trial deposition of Trent Burner in Arkansas the week before jury trial. Pls. Mem. in Supp. at 1, ECF No. 387-1. The Joint Trial Memorandum submitted by the parties on February 3, 2017 lists Mr.

1

Burner as a trial witness for Defendants, and the Joint Trial Memorandum notes Plaintiff's objection to the potential inclusion of Mr. Burner's deposition testimony at the jury trial. After receiving notice that Defendants intended to go forward with the deposition of Mr. Burner on February 24th, 2017, Plaintiff filed a motion to quash the deposition and preclude the introduction of the deposition testimony. Plaintiff's motion is granted.

As of September 30, 2016, the jury trial as to Mr. Barham has been scheduled for late February, 2017, allowing Defendants several months to select an appropriate date for the trial deposition of Mr. Burner. Nonetheless, Defendants chose to schedule this out-of-state deposition the week before trial. Furthermore, Defendants indicated at the final pre-trial conference that the substance of Mr. Burner's testimony would focus on the corporate reorganization that led to Mr. Barham's termination. Defendants, however, sought to preclude testimony on this very topic in their [306] motion *in limine*, claiming that such testimony would be irrelevant to the remaining claims in this case. Defs. Mem. in Supp. of Mot. *in Limine* at 4-5, ECF No. 306.

Under Rule 32 of the Federal Rules of Civil Procedure, deposition testimony may be used at trial where "the party was present or represented at the taking of the deposition or had reasonable notice of it." Fed. R. Civ. P. 32(a)(1)(A). "[T]he reasonableness of notice must be determined in light of the facts and circumstances of the individual case." *Davidson v. Dean*, 204 F.R.D. 251, 256 (S.D.N.Y. 2001). "When a party opposes a trial deposition scheduled after the close of discovery ... the court should consider a variety of factors in making this determination, including the unavailability of the witness for trial, the potential for prejudice to the opposing party, and whether the deposing party knew the information the potential witness would testify to prior to the deposition…. Special emphasis should be placed on the potential for

prejudice." *Morales v. N.Y. Dep't of Labor*, No. 06-CV-899 (MAD), 2012 WL 2571292, at *2 (N.D.N.Y. July 3, 2012) (internal quotations and marks omitted).

The Court concludes that it would be unduly prejudicial to allow the trial deposition to proceed only two business days before the commencement of jury trial, particularly where, as here, the proposed testimony would have limited probative value with respect to the claims before the jury in this case.  Consistent with this Court's ruling on Defendants' [306] Motion *in Limine, see* Order, ECF No. 376, and considering the difficulties presented to Plaintiff's counsel by scheduling this deposition the week before the scheduled jury trial, this testimony would be unfairly prejudicial at this late stage and is properly excluded.

Mr. Barham's [378] Motion to Quash / Preclude is granted.  Mr. Burner's trial deposition testimony will not be permitted during the upcoming jury trial in this matter.

## II.     Motion to Preclude Testimony of Ronald Ealey  [ECF No. 383]

On February 22, 2017, more than three weeks after filing the Joint Trial Memorandum and within hours of the scheduled final pre-trial conference in this case, Defendants filed a notice amending the witness list originally provided with their Joint Trial Memorandum.  Am. Witness List, ECF No. 380.  In this list, Defendants sought to exchange one proposed witness, Kakisha Smith, for another witness, Ronald Ealey.[1]  *Id.*

Defendants argue that, in light of the Court's [381] Order denying Mr. Barham's motion to preclude several of Defendants' late-disclosed witnesses, including Kakisha Smith, the late insertion of Mr. Ealey as a trial witness is immaterial.  Defendants specifically contend that, because Mr. Ealey was included in Defendants' August 5, 2016 Trial Memorandum, Mr. Barham

---

[1] According to Defendants, his omission from the February 3, 2017 Joint Trial Memorandum was inadvertent.

3

had sufficient notice of Mr. Ealey's potential testimony at the February 2017 jury trial. The Court disagrees.

Defendants insist that, because Mr. Ealey was listed in Defendants' initial Trial Memorandum in August 2016, he is in the same position as the three witnesses who were permitted under the Court's [381] Order. However, it is undisputed that Mr. Ealey was not listed in the parties' February 3, 2017 Joint Trial Memorandum, which provides the operative witness list in this case. Until today, Plaintiff had no notice that Defendants intended to call Mr. Ealey as a witness during the February 2017 jury trial in connection with Mr. Barham's claims, and Plaintiff's counsel has not had an opportunity to prepare for inclusion of this testimony at trial.

Thus, the Court concludes that it would be inappropriate to grant leave to amend the witness list at this stage. *See Napolitano v. Compania Sud Americana De Vapores*, 421 F.2d 382, 386 (2d Cir. 1970) (affirming denial of leave to amend witness list, noting that "Defendant's practice, in a case which had been pending for four years, of waiting until four days prior to the trial date to identify his witnesses by name clearly violates both the letter and the spirit of [Rule 16]"); *Sartin v. GT Payroll Sys.*, 403 F. App'x 569 (2d Cir. 2010) (affirming district court's "denial of Appellant's application to amend his witness list on the eve of trial"); *Eberle v. Town of Southampton*, 305 F.R.D. 32, 36 (E.D.N.Y. 2015) (denying leave to amend witness list where addition of previously undisclosed witnesses "would disrupt the orderly and efficient progression of this case").

Plaintiff's [383] motion to preclude the testimony of Ronald Ealey is granted. Defendants are not permitted to amend their witness list at this time.

### III. Conclusion

Plaintiff's [378] Motion to Quash / Preclude is **GRANTED**.  Plaintiff's [383] Motion to Preclude is **GRANTED**.


SO ORDERED this 22nd day of February, 2017 in Bridgeport, Connecticut.

                                           /s/ Victor A. Bolden
                                           VICTOR A. BOLDEN
                                           UNITED STATES DISTRICT JUDGE