UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL BARHAM, : | |
|     Plaintiff, : | |
| : | CIVIL CASE NO. |
| v. : | 3:12-CV-01361 (VAB) |
| : | |
| WAL-MART STORES, INC. and : | |
| WAL-MART STORES EAST, L.P., : | |
|     Defendants. : | |

### RULING ON DEFENDANTS' MOTION IN LIMINE

On February 27, 2017, the day before the scheduled jury trial in this matter, Defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. (together "Wal-Mart"), filed a motion *in limine* seeking to prevent Plaintiff, Michael Barham, from using any excerpts of deposition testimony at trial. Mot. *in Limine*, ECF No. 400.[1] Defendants argue that Mr. Barham failed to provide them with appropriate designations of the relevant deposition transcripts in a timely manner, thus these deposition excerpts should be precluded. Defs. Mem. in Supp., ECF Nos. 401.

Defendants' [400] Motion is **DENIED**.

On February 22, 2017, the Court held a final pre-trial conference in this matter, during which the parties discussed Mr. Barham's intention to use deposition testimony in the context of trial. Defendants did not object to Mr. Barham's proposed use of deposition excerpts at that time, nor did the parties propose or request specific deadlines for designations and cross-designations of deposition testimony.

---

[1] Defendants originally filed their motion *in limine* as ECF No. 398. They subsequently submitted a "corrected" motion *in limine* as ECF No. 400. The Court treats ECF No. 400 as Defendants' operative motion *in limine*, and ECF No. 398 is denied as moot.

The Court issued an order on February 23, 2017 requiring complete exhibit lists by Friday, February 24, 2017.  Order, ECF No. 388.  The following day, on February 24, 2017, the Court issued another order allowing an extension of this deadline to 9:00 AM on Monday, February 27, 2017.  Order, ECF No. 389.  These Orders did not reference any deadlines for designations and cross-designations of deposition testimony, and neither party made a formal request for clarification of those deadlines.

As the Court's [388] and [399] Orders did not clearly specify when Mr. Barham's designations of deposition testimony were due, Defendants' [400] motion is appropriately denied.  Mr. Barham will not be prohibited from using deposition testimony at trial based on the alleged untimeliness of these designations.  At the final pre-trial conference on February 22, 2017, Plaintiff's counsel specified that Mr. Barham does not intend to introduce deposition testimony until Wednesday, March 1, 2017, at the earliest; thus, Defendants will not suffer significant prejudice by the late designation of deposition testimony.  *See Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 269 (2d Cir. 1999) (instructing district courts to consider "the prejudice suffered by the opposing party" when determining whether to preclude late-disclosed witness testimony); *see also Deitz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.")

The Court adopts the following schedule:

Plaintiff must provide Defendants with designations for all intended deposition testimony by no later than **11:00 PM today, February 27, 2017**.  Any deposition testimony not designated by this time will not be permitted at trial.  Defendants' cross-designations are due by **9:00 A.M. on Wednesday, March 1, 2017**.  Plaintiff will not be permitted to introduce any deposition

3

testimony at trial until Defendants have reviewed Plaintiff's designations and completed their cross-designations.

SO ORDERED this 27th day of February, 2017 in Bridgeport, Connecticut.

                                                         /s/ Victor A. Bolden
                                                       VICTOR A. BOLDEN
                                                       UNITED STATES DISTRICT JUDGE