**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KIM HANNAH,  :  | |
|     Plaintiff,  : | |
| : | |
| v.  : | 3:12-CV-01361 (VAB) |
| : | |
| WAL-MART STORES, INC. and  : | |
| WAL-MART STORES EAST, L.P.,  : | |
|     Defendants.  : | |

**RULING ON MOTION TO PRECLUDE**

Plaintiff, Kim Hannah, and Defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. (together "Walmart"), are scheduled to begin a jury trial on April 3, 2017.[1] Scheduling Order, ECF No. 419. On March 10, 2017, less than two weeks before the scheduled jury selection and two weeks before the final pre-trial conference in this matter, Ms. Hannah filed a motion [ECF No. 437] seeking to preclude the testimony of seven witnesses proposed by Defendants: Kerri Crunkilton,[2] Ginger Beck, Brandy Chase, Holly Meredith, David Minsky, Kakisha Smith, and Matthew Waters. Hannah Mot., ECF No. 437. For the reasons outlined below, Ms. Hannah's [437] motion to preclude witnesses is **DENIED**.

### I.   Factual and Procedural Background

This litigation has been marked by numerous discovery-related disputes and significant judicial intervention in the discovery process. Several years ago, the parties filed initial disclosures under Fed. R. Civ. P. 26 identifying individuals with potentially discoverable

---

[1] This case was originally brought by Plaintiffs Kim Hannah, Michael Barham and Tom Irving. The Court dismissed Mr. Irving's claims, *see* Ruling on Mot. for Summary J., ECF No. 255, and subsequently separated the jury trials with respect to the two remaining Plaintiffs, Kim Hannah and Michael Barham. Order on Mot. to Separate Trials, ECF No. 362. The jury trial as to Mr. Barham's claims concluded on March 8, 2017. *See* Minute Entry, ECF No. 427.

[2] In Ms. Hannah's filings, this witness' name is spelled "Kerri Krunkilton."

1

information. It is undisputed that Defendants' initial disclosures did not include any of the seven individuals listed in Ms. Hannah's motion to preclude.

During discovery in this matter, Defendants identified Sharon Williams as their sole corporate designee under Fed. R. Civ. P. 30(b)(6). After the 30(b)(6) deposition, Plaintiffs complained that Ms. Williams' deposition testimony was inadequate, as Ms. Williams was unable to provide specific information about the positions to which Plaintiffs applied following the termination of their employment with Walmart. On July 28, 2014, United States Magistrate Judge Holly B. Fitzsimmons issued two discovery-related rulings requiring Defendants to provide additional documentation regarding each of the positions that were not fully addressed in Ms. Williams' 30(b)(6) deposition. Discovery Rulings, ECF No. 160 and ECF No. 161. In accordance with those orders, Defendants produced additional documentation in August 2014 listing the hiring managers and recruiters for each of the positions at issue. Through that document production, Defendants identified, for the first time, all seven of the individuals whose testimony Ms. Hannah now seeks to preclude. Plaintiffs' counsel did not seek leave to depose any of those individuals at that time.

Two years later, in August 2016, Defendants specifically notified Plaintiffs of their intent to have these seven individuals testify as trial witnesses. Defs.' Trial Mem., ECF No. 305. As this case was previously scheduled to proceed to trial on September 6, 2016, *see* Amended Scheduling Order, ECF No. 281, the parties submitted trial memoranda in August 2016 outlining all intended witnesses, exhibits and anticipated evidentiary issues. Defs.' Trial Mem., ECF No. 305; Pls. Trial Mem., ECF No. 310. Defendants listed Kerri Crunkilton, Ginger Beck, Brandy Chase, Holly Meredith, David Minsky, Kakisha Smith, and Matthew Waters as trial witnesses in their trial memorandum, and Plaintiffs' counsel did not object to their inclusion at that time. *Id.*

At the request of Plaintiffs' counsel, on August 12, 2016 the Court granted a continuance of the jury trial, rescheduling the trial date to October 11, 2016.  Order, ECF No. 315.  On further requests for extension of time, the Court granted an additional continuance on September 30, 2016, *see* Order, ECF No. 338.  On January 6, 2017, the Court granted a motion to separate the jury trials of the two remaining Plaintiffs in this matter, Order, ECF No. 362, resulting in the additional postponement of the jury trial of Ms. Hannah's claims to a date after March 20, 2017.  Scheduling Order, ECF No. 369.  In light of the separation of jury trials in this matter, the Court ordered the parties to submit a revised joint trial memorandum for each case by February 3, 2017.  Order, ECF No. 366.

In the February 3, 2017 joint trial memorandum, Defendants again identified Kerri Crunkilton, Ginger Beck, Brandy Chase, Holly Meredith, David Minsky, Kakisha Smith, and Matthew Waters as intended trial witnesses in Ms. Hannah's case.  Hannah Joint Trial Mem. at 8-11, ECF No. 368.  Plaintiffs' counsel formally objected to this testimony for the first time in this joint trial memorandum.  *Id.*  However, Plaintiffs' counsel never filed a motion *in limine* to preclude the testimony of these witnesses, nor did she request leave to depose these witnesses until March 10, 2017, when she filed the instant motion to preclude.  Mot. to Preclude, ECF No. 437.

**II.     Standard of Review**

Under Rule 26(a), parties to a litigation are required to make initial disclosures stating "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A).  Parties must supplement their Rule 26(a) disclosures when they learn that the information provided in their initial

3

disclosures was incomplete. Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"The Court has the ultimate discretion on whether to preclude witnesses from testifying at trial pursuant to Rule 37(c)(1)." *Leong v. 127 Glen Head Inc.*, No. CV135528 (ADS) (AKT), 2016 WL 845325, at *6 (E.D.N.Y. Mar. 2, 2016) (internal citations and marks omitted). When considering whether to preclude witness testimony, district courts in this Circuit are instructed to assess several factors, including "the prejudice suffered by the opposing party" and "the possibility of a continuance." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 269 (2d Cir. 1999) (quoting *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

### III.     Discussion

Ms. Hannah now seeks to preclude seven witnesses from testifying at the upcoming trial of her claims: Kerri Crunkilton, Ginger Beck, Brandy Chase, Holly Meredith, David Minsky, Kakisha Smith, and Matthew Waters. Hannah Mot., ECF No. 437. Two of these individuals, Kerri Crunkilton and Kakisha Smith, were the subject of a similar motion to preclude that was filed in connection with the jury trial of Mr. Barham's claims. Barham Mot., ECF No. 370. The Court denied Mr. Barham's motion, determining that, because Defendants had clearly disclosed all intended trial witnesses in their August 2016 trial memorandum, "Defendants' non-compliance with the Rule 26(a) disclosure requirements was 'harmless'" and preclusion was unnecessary. Order at 4, ECF No. 381.

The Court can identify no reason to deviate from its prior ruling here. The memorandum in support of Ms. Hannah's motion to preclude repeats many of the same arguments that were previously considered and rejected in the Court's ruling on Mr. Barham's motion to preclude. As was the case with the individuals listed in Mr. Barham's motion to preclude, Defendants' August 2016 trial memorandum clearly identified all of the individuals listed in Ms. Hannah's motion to preclude. Defs. Trial Mem. at 8-11, ECF No. 368. Particularly in light of the numerous delays in the scheduled jury trial of this matter following the filing of the August 2016 trial memoranda, Defendants' disclosure provided Ms. Hannah with ample advance notice that these seven individuals would be testifying at the upcoming jury trial.

Plaintiff's counsel insists that Ms. Hannah, unlike Mr. Barham, never deposed most of the contested witnesses, thus the potential prejudice to Ms. Hannah's claims from the inclusion of this trial testimony is more severe than it was in Mr. Barham's case. Pl. Mem. in Supp. at 16, ECF 437-1. However, Plaintiffs' counsel could have sought leave to depose any of these individuals at any time after the filing of Defendants' August 2016 trial memorandum, and she chose not to do so. Plaintiffs' counsel did not seek to obtain any information from these named witnesses, nor did she formally object to the potential testimony of these witnesses until over six months later. Thus, any prejudice to Ms. Hannah from the testimony of these witnesses would be due to the inaction of Plaintiff's counsel, not Defendants' Rule 26 violations.[3]

---

[3] In Ms. Hannah's reply brief, ECF No. 441, Plaintiff's counsel focuses primarily on Defendants' alleged misconduct during the course of discovery in this action and the specifics of the various discovery disputes between the parties. However, as discussed in the Court's ruling on Mr. Barham's motion to preclude, ECF No. 381, Defendants' disclosure or non-disclosure of these contested witnesses during discovery is not relevant to whether preclusion is appropriate here. Ruling on Mot. to Preclude at 4 n.2, ECF No. 381; *see also Leong,* 2016 WL 845325 at *4 ("Many courts in this Circuit…have held that the mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)… Rather, to satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial." (internal citations and marks omitted)). Ms. Hannah's motion to preclude witnesses at trial is properly denied because Defendants unequivocally identified these individuals as trial witnesses in August 2016, not because of what Defendants did or did not do in the context of document production.

The Court again concludes that Defendants' non-compliance with Rule 26 was harmless in light of the uncontested disclosure of these witnesses in August 2016. Neither preclusion nor sanctions is appropriate at this time.

### IV. Conclusion

Ms. Hannah's [437] motion to preclude witnesses is **DENIED**. The testimony of Kerri Crunkilton, Ginger Beck, Brandy Chase, Holly Meredith, David Minsky, Kakisha Smith, and Matthew Waters will not be precluded from the upcoming jury trial in this matter. Any additional witnesses who were not identified in the August 5, 2016 trial memoranda submitted by the parties will be precluded from testifying at trial. If Ms. Hannah wishes to depose these individuals, the Court hereby grants Ms. Hannah leave to do so; however, Defendants will not be required to pay any related expenses or sanctions.

SO ORDERED this 17th day of March, 2017 in Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE