UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL BARHAM, : | |
| Plaintiff, : | |
| : | CIVIL CASE NO. |
| v. : | 3:12-CV-01361 (VAB) |
| : | |
| WAL-MART STORES, INC. and : | |
| WAL-MART STORES EAST, L.P., : | |
| Defendants. : | |

**RULING ON DEFENDANT'S MOTION TO QUASH**

On March 8, 2017, a jury awarded Michael Barham ("Plaintiff") compensatory and punitive damages against Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. ("Walmart" or "Defendants"). An evidentiary hearing as to economic damages is scheduled for May 30, 2017. In advance of this hearing, Walmart filed a motion to quash anticipated subpoenas from Mr. Barham. On March 25, 2017, a few days before the scheduled hearing, Plaintiff's counsel filed subpoenas seeking to require Lauri Canales, a former Market Asset Protection Manager ("MAPM") at Walmart, to produce all of her W-2s and tax records from 2010 to 2017, and seeking to require Walmart to produce all earning statements and tax statements pertaining to Ms. Canales from 2009 to 2017. Defendants seek to quash these subpoenas, arguing that the material sought is excessive, irrelevant, and confidential. Walmart's [573] motion is **GRANTED IN PART AND DENIED IN PART**.

Under Rule 26(c)(1) of the Federal Rules of Civil Procedure, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, opposition, or undue burden or expense." *See also* Fed. R. Civ. P. 45(d)(3)(A)(iii) & (iv) (the Court may quash a subpoena if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden"); *Akande v. Graser*, No. 3:08-CV-188 WWE, 2010 WL 3613912, at *1 (D. Conn. Sept. 3, 2010) ("Ultimately, '[t]he determination of issues of reasonableness is committed

1

to the sound discretion of the trial court.'") (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1986)). Plaintiff's counsel seeks to require Ms. Canales to produce all W-2s and tax records beginning in 2010. *See* May 2017 E-mails, Def. Reply Br. Ex. B, ECF No. 578-1. The parties dispute the relevance of the contested documents. Furthermore, it is undisputed that, as of 2014, Ms. Canales left her position as a MAPM and is now employed as a Market Human Resource Manager ("MHRM") with Walmart, a separate market-level position with a different set of managerial responsibilities.

The Court concludes that it would be excessive and unduly burdensome to require Ms. Canales to produce her tax records and W-2s for the full proposed date range. The subpoenas in question are overly broad in light of the scope of this proceeding, and they are overly burdensome on Ms. Canales and Walmart, particularly considering that they were not filed until the eve of the hearing in this matter. *See Akande*, 2010 WL 3613912, at *1 ("A subpoena that fails to permit a reasonable time for compliance, requires a non-party to travel more than 100 miles from his or her residence, place of employment or place where he or she regularly transacts business, requires a person to disclose a privileged or other protected matter, absent an exception or waiver or is an undue burden to a person may be quashed upon a timely filed motion by the person before compliance.") (internal quotations and marks omitted).

Walmart's motion to quash is **GRANTED IN PART AND DENIED IN PART**. Walmart's motion is granted with respect to all documents sought directly from Ms. Canales. Walmart's motion is also granted with respect to all W-2s pertaining to Ms. Canales after her transfer to the position of MHRM in 2014. Nevertheless, information regarding Ms. Canales' salary as a MAPM may be relevant to the Court's determination of the back wages owed to Mr. Barham in connection with his previous position as a MAPM. Accordingly, Walmart's motion

2

to quash is denied with respect to Ms. Canales' post-2010 W-2s as a MAPM.  Walmart is hereby ordered to produce Ms. Canales' W-2s from 2010 until her transition to the MHRM position in 2014.[1]  Walmart will not be required to produce any additional tax documentation at this time.

SO ORDERED at Bridgeport, Connecticut, this 26th day of May, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[1] Given the short time frame between the filing of the subpoenas in question and the evidentiary hearing on May 30, 2017, if Walmart is unable to provide the required documentation in advance of the hearing, Walmart is instructed to provide the W-2s as soon as possible, and the parties may file supplemental briefs following the hearing as needed.