# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT

    - - - - - - - - - - - - - x
                              :  Case No.
    MICHAEL BARHAM,            :  12cv1361(VAB)
                              :
             Plaintiff,        :
       vs.                     :
                              :  915 Lafayette Blvd
    WAL-MART STORES EAST, L.P.,:  Bridgeport, CT
    ET AL                      :  March 2, 2017
                              :
             Defendant.        :
    - - - - - - - - - - - - - x

                        TRIAL TRANSCRIPT
                          VOLUME III


    BEFORE:  THE HONORABLE VICTOR A. BOLDEN, U.S.D.J.
                                                 And jury


    FOR THE PLAINTIFF:        KRISTAN PETERS-HAMLIN, ESQ
                              Peters Hamlin, LLC
                              21 Compo Parkway
                              Westport, CT 06880


    FOR THE DEFENDANT:
                              CRAIG THOMAS DICKINSON, ESQ.
                              Littler Mendelson
                              One Century Tower, Suite 300
                              265 Church Street
                              New Haven, CT 0651

                              ALISON DAY, ESQ.
                              Littler Mendelson,
                              Fifth Third Center
                              21 East State St.
                              Columbus, OH 43215-4228

                       Sharon Montini, RMR, FCRR
                          915 Lafayette Blvd
                         Bridgeport, CT 06604
                        Official Court Reporter
```

```
 1  too, correct?
 2       A.   A lower bonus, yes.
 3       Q.   Have you checked your work e-mail this
 4  week?
 5       A.   I have.
 6       Q.   Did you get your bonus for 2016?
 7       A.   Yes, I have.
 8       Q.   How much was your bonus for 2016?
 9       A.   I believe it was 12,000.
10       Q.   And as we talked about that yesterday,
11  that's based on the total performance of the store,
12  right?
13       A.   Yes.
14       Q.   You testified yesterday that you have not
15  received any treatment for the depression that
16  you've suffered since your separation, right?
17            MS. PETERS-HAMLIN:  Objection.
18            THE COURT:  Overruled.
19       A.   I spoke to an ordained minister.
20       Q.   You never went to a psychologist or
21  psychiatrist, right?
22       A.   No, I did not.
23       Q.   You never got any professional help for the
24  depression that you described, right?
25            MS. PETERS-HAMLIN:  Objection.
```

```
 1      A.    Well --
 2            MS. PETERS-HAMLIN:  Objection.
 3            THE COURT:  Sustained.
 4      Q.    You didn't see a psychiatrist, correct?
 5      A.    Well, I mentioned a psychiatrist is not
 6   going to change the fact that --
 7            THE COURT:  Just "yes" or "no."
 8      A.    Yes.
 9      Q.    And as you described it, you don't have any
10   wires loose, right?
11      A.    I do not.
12      Q.    Okay.  So is it fair to say that what you
13   felt wasn't bad enough to seek treatment by a
14   psychiatrist?
15            MS. PETERS-HAMLIN:  Objection.
16            THE COURT:  Sustained.
17      Q.    You didn't go to a psychiatrist?
18            MS. PETERS-HAMLIN:  Objection.
19            THE COURT:  Overruled.
20      A.    I answered it.
21            THE COURT:  Overruled.
22      A.    I answered that already.
23      Q.    You can answer again.
24      A.    Answer it again?  Yes.
25      Q.    You testified -- one of the things you
```

```
 1
 2         I certify that the foregoing is a correct
 3   transcript from the record of proceedings in the
 4   above-entitled matter.
 5
 6                          5/5/17
 7                           Date
 8
 9                  /S/   Sharon Montini
10                      Official Reporter
11
12
13
14
15
16
17                          .
18
19
20
21
22
23
24
25
```

Case 3:12-cv-01361-VAB   Document 594-1   Filed 06/09/17   Page 6 of 12

```
 1                  UNITED STATES DISTRICT COURT

 2                    DISTRICT OF CONNECTICUT

 3   - - - - - - - - - - - - -  x
                                 :  Case No.
 4   MICHAEL BARHAM,             :  12cv1361(VAB)
                                 :
 5              Plaintiff,       :
          vs.                    :
 6                               :  915 Lafayette Blvd
     WAL-MART STORES EAST, L.P., :  Bridgeport, CT
 7   ET AL                       :  March 8, 2017
                                 :
 8              Defendant.       :
     - - - - - - - - - - - - -  X
 9
                       TRIAL TRANSCRIPT
10                      VOLUME VII

11
     BEFORE:   THE HONORABLE VICTOR A. BOLDEN, U.S.D.J.
12                                               And jury

13
     FOR THE PLAINTIFF:      KRISTAN PETERS-HAMLIN, ESQ
14                           Peters Hamlin, LLC
                             21 Compo Parkway
15                           Westport, CT 06880

16
     FOR THE DEFENDANT:      CRAIG THOMAS DICKINSON, ESQ.
17                           Littler Mendelson
                             One Century Tower, Suite 300
18                           265 Church Street
                             New Haven, CT 0651
19
                             ALISON DAY, ESQ.
20                           Littler Mendelson,
                             Fifth Third Center
21                           21 East State St.
                             Columbus, OH 43215-4228
22

23              Sharon Montini, RMR, FCRR
                     915 Lafayette Blvd
24                   Bridgeport, CT 06604
                    Official Court Reporter
25
```

```
 1   were not African-American."
 2              MS. PETERS-HAMLIN:  So "that were
 3   awarded," is that language in or out?
 4              THE COURT:  It's not.  It's not coming
 5   in.  I'm rejecting that modification of -- the
 6   proposed modification of the jury instructions.
 7              All right.  The next one, then we go into
 8   the retaliation.
 9              MR. DICKINSON:  Count Three, page 8 of
10   yours.
11              THE COURT:  Yep.  Count Three, page 8,
12   first paragraph.  There was -- someone wanted
13   language in that first paragraph that said "in order
14   to find that an employer retaliated against its
15   employee or former, you need not find first in favor
16   of the employee on the discrimination claim, you
17   need only find that the employee complained of
18   discrimination and the employer retaliated against
19   the employee because of that complaint."
20              I'm rejecting that language.  I think
21   I've got language later on that describes it.  So I
22   don't think it makes sense to have that there.
23              Then there was a suggestion of being
24   very specific about the position with respect to
25   retaliation consistent with my prior rulings.  So
```

```
 1    I'm going to do that there.  So that language -- the
 2    last sentence then is changed to "with his remaining
 3    claims, Mr. Barham alleges that Walmart violated
 4    Title VII by turning him down for an open MAPM
 5    position in Waterford, Connecticut, in 2011, in
 6    retaliation for complaining about race
 7    discrimination."
 8               MS. PETERS-HAMLIN:  Your Honor, I am
 9    sorry, but that is really kind of outrageous.
10               THE COURT:  I understand.  I understand.
11               MS. PETERS-HAMLIN:  No, but wait a
12    second.  I need this for the record.  It is
13    absolutely false that Mr. Barham is only claiming
14    that he has been retaliated against for -- with
15    respect to the open MAPM position in Waterford.
16               THE COURT:  I understand that, but my
17    previous summary judgment ruling basically held at
18    that time that that was what -- that was what you
19    had in terms of -- that you had not suggested there
20    was a genuine issue of fact beyond that particular
21    issue, and that there were other issues in terms of
22    the temporal nature.  And I have already ruled on
23    that.
24               I understand, you've got that for the
25    record that you object to that, that there should be
```

1  applied after his termination.
2          Similarly, you may consider both direct
3  and indirect evidence when evaluating whether race
4  was a motivating factor in Walmart's decision and
5  whether Walmart's stated reasons for refusing to
6  hire Mr. Barham were a pretext for discrimination.
7          If you find that Mr. Barham proved by a
8  preponderance of the evidence that Walmart was
9  motivated, at least in part, by his race when it
10 refused to rehire him for at least seven positions
11 to which he applied after his termination, then you
12 must enter a verdict for Mr. Barham and consider the
13 question of damages.  If, however, you find that Mr.
14 Barham has failed to meet this burden, then you must
15 find in favor of Walmart and you would not consider
16 damages.
17         Count Three, retaliation in violation of
18 Title VII.  I just told you that Title VII prohibits
19 an employer from discriminating against employees on
20 the basis of race.  But the statute also prohibits
21 an employer from retaliating against an employee
22 because that employee complained of discrimination.
23 With his remaining claim, Mr. Barham alleges that
24 Walmart violated Title VII by turning him down for
25 an open market asset protection manager position in

```
 1   Waterford, Connecticut, in 2011, in retaliation for
 2   complaining about race discrimination.
 3            Mr. Barham specifically alleges that at
 4   the time he applied for the position in question,
 5   Walmart knew Mr. Barham had filed a discrimination
 6   complaint with the Connecticut Commission on Human
 7   Rights and Opportunities, CHRO, an administrative
 8   agency for complaints of workplace discrimination.
 9   Mr. Barham also alleges that Walmart knew that he
10   complained to higher level Walmart employees about
11   perceived race discrimination.  Mr. Barham claims
12   that Walmart denied his application because of his
13   complaints to superiors and because of his CHRO
14   complaint against Walmart.
15            Walmart denies these allegations and
16   asserts that its actions were based on
17   non-retaliatory reasons.
18            To prevail on his claim of retaliation
19   under Title VII, Mr. Barham must prove by a
20   preponderance of the evidence that:  One, Mr. Barham
21   engaged in a protected activity; two, Walmart knew
22   about Mr. Barham's protected activity or activities;
23   three, Walmart took an adverse employment action
24   against Mr. Barham; and four, there is a causal
25   relationship between Walmart's actions and Mr.
```

```
 1                        I N D E X
 2
 3   WITNESSES                                          PAGE
 4   MICHAEL BARHAM
 5   Direct Examination By Ms. Peters-Hamlin           1595
 6
 7
 8
 9
10
11
12         I certify that the foregoing is a correct
13   transcript from the record of proceedings in the
14   above-entitled matter.
15
16                                  5/8/17
17                                   Date
18
19                           /S/  Sharon Montini
20                               Official Reporter
21
22
23
24
25
```