UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KIM HANNAH and
MICHAEL BARHAM
    Plaintiffs,

v.

WAL-MART STORES, INC. and
WAL-MART STORES EAST, L.P.,
    Defendants.

No. 3:12-cv-01361 (VAB)

**ORDER REGARDING SANCTIONS**

On August 12, 2016, this Court issued an Order to Show Cause as to why Plaintiffs' counsel, Kristan Peters-Hamlin, should not be sanctioned for causing undue delay in the jury trials of this matter. *See* Order to Show Cause, ECF No. 316. The Court also issued a supplemental Order to Show Cause on May 26, 2017, noting additional concerns regarding Ms. Peters-Hamlin's conduct. *See* Supp. Order to Show Cause, ECF No. 580. The Court then held an Order to Show Cause Hearing on August 31, 2017, at 11:00 a.m.

During the hearing, the Court heard evidence and argument regarding whether to impose sanctions under 28 U.S.C. § 1927. Specifically, the Court considered whether sanctions were appropriate with respect to the following conduct by Ms. Peters-Hamlin: (1) Ms. Peters-Hamlin's failure to properly communicate with the Court regarding trial scheduling in this matter; (2) Ms. Peters-Hamlin's decision to file a premature appeal to the United States Court of Appeals for the Second Circuit ("Second Circuit"); (3) Ms. Peters-Hamlin's undisclosed disbarment from the United States Supreme Court ("Supreme Court"); and (4) Ms. Peters-Hamlin's repeated disregard of the Court's instructions during the jury trial of Kim Hannah's claims.

1

For the reasons set forth below, the Court declines to order sanctions with respect to Ms. Peters-Hamlin's communications regarding scheduling, her recent disbarment, and her conduct during the jury trial of Ms. Hannah's claims. The Court does order sanctions in the amount of $1,000, however, as to Ms. Hannah's filing of a premature appeal with the Second Circuit.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of employment discrimination claims brought by Kim Hannah and Michael Barham (together "Plaintiffs")[1] against Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. (together "Walmart" or "Defendants"). Two separate jury trials were held as to Mr. Barham's claims and Ms. Hannah's claims. *See* Minute Entries, ECF Nos. 427, 552. At the conclusion of the jury trial as to Mr. Barham's retaliation and discrimination claims under Title VII, the jury entered a substantial verdict against Walmart for retaliation in violation of Title VII. Jury Verdict, ECF No. 430. At the conclusion of the jury trial as to Ms. Hannah's Title VII retaliation claim, the Court granted Walmart's Rule 50 motion for judgment as a matter of law and dismissed Ms. Hannah's claim. Minute Entry, ECF No. 552.

During the course of this litigation, the Court entered two separate orders to show cause in connection with the conduct of Plaintiffs' counsel, Kristan Peters-Hamlin. Orders to Show Cause, ECF Nos. 316, 580. Four specific issues were the subject of the Court's concern. *Id.* First, as outlined in the Court's initial Order to Show Cause, Ms. Peters-Hamlin failed to properly notify the Court of a scheduling conflict between the jury trial in this matter, which was initially scheduled for September 6, 2016, and an unrelated state court trial, which was scheduled after

---

[1] Tom Irving was initially a co-Plaintiff in this action, but the Court dismissed all of Mr. Irving's claims at the summary judgment stage. *See* Summ. J. Ruling, ECF No. 255.

the scheduling order had already been entered as to this trial. Order to Show Cause, ECF No. 316.

Second, Ms. Peters-Hamlin filed a premature appeal to the Second Circuit following the Court's partial grant of summary judgment, despite the absence of any final judgment in this case at the time. *See* Supp. Order to Show Cause, ECF No. 508. Defendants filed both motion to dismiss and a motion for sanctions in the Second Circuit, and after the parties briefed their respective arguments, the Second Circuit dismissed the appeal and specified that this Court could consider Defendants' motion for sanctions in connection with the outstanding sanctions issues already before the Court. *See* Mandate Dismissing Appeal, ECF No. 357.

Third, Ms. Peters-Hamlin did not specifically notify the Court regarding reciprocal discipline imposed against her in connection with an earlier disciplinary proceeding. *See* Supp. Order to Show Cause at 2-3, ECF No. 508. During the August 31st hearing, Ms. Peters-Hamlin clarified that all proper notifications had since been filed in connection with this incident.

Finally, at several points throughout the jury trial of Ms. Hannah's claims, Ms. Peters-Hamlin disregarded the Court's instructions regarding permissible lines of questioning and other evidentiary issues. *Id.* The Court confronted Ms. Peters-Hamlin about these incidents during the course of trial and informed Ms. Peters-Hamlin that sanctions may be necessary based on her repeated disregard for the Court's instructions at trial.

On August 31, 2017, the Court held a show cause hearing to determine whether to impose sanctions as to each of these issues. Minute Entry, ECF No. 624. Ms. Peters-Hamlin submitted voluminous filings in advance of that hearing, including several briefs and numerous letters of support from various individuals. *See* Show Cause Filings, ECF Nos. 611-617, 620-622.

## II.     STANDARD OF REVIEW

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Under this statute, the imposition of sanctions is warranted where "there is a clear showing of bad faith on the part of an attorney." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996).

"As with sanctions imposed pursuant to a court's inherent power, in the § 1927 context, bad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (quoting *Shafii*, 83 F.3d at 571) (internal quotation marks omitted). "In addition to attorney's fees and costs, other inherent power sanctions available to courts include fines, contempt citations, disqualifications or suspensions of counsel, and drawing adverse evidentiary inferences or precluding the admission of evidence. . . . A finding of bad faith is ordinarily a prerequisite to the issuance of sanctions pursuant to the court's inherent sanctioning power." *Phillips v. Berlex Labs., Inc.*, No. 3:05-CV-81 (CFD)(TPS), 2006 WL 1359124, at *1 (D. Conn. May 11, 2006) (internal citations omitted).

## III.    DISCUSSION

Ms. Peters-Hamlin insists that sanctions are not warranted because her conduct was not in bad faith. Although the Court declines to order sanctions with respect to Ms. Peters-Hamlin's scheduling communications, her failure to report reciprocal discipline, and her conduct during the jury trial of Ms. Hannah's claims, the Court concludes that sanctions in the form and amount

of a $1,000 fine are appropriate with respect to the filing of a premature appeal with the Second Circuit.

### A. Premature Appeal

Kristan Peters-Hamlin argues that her interlocutory appeal to the Second Circuit was not meritless, nor was it taken in bad faith, thus sanctions are not justified. The Court disagrees and determines that monetary sanctions in the amount of $1,000 are appropriate.

The Second Circuit has clearly stated that it "normally has appellate jurisdiction over only final decisions of district courts." *Sahu v. Union Carbide Corp.*, 475 F.3d 465, 467 (2d Cir. 2007); *see also Cunningham v. Hamilton County*, 527 U.S. 198, 203 (1999) ("[A]n appeal ordinarily will not lie until after final judgment has been entered in a case."). 28 U.S.C.A. § 1292 allows for appellate jurisdiction over certain interlocutory orders; however, a partial grant of summary judgment is not among the type of order from which an interlocutory appeal is generally permitted. *See Petrello v. White*, 533 F.3d 110, 114 (2d Cir. 2008) (orders granting partial summary judgment and denying motion to reconsider were not appealable partial final judgments; therefore appeal was not proper interlocutory appeal); *Info. Res., Inc. v. Dun & Bradstreet Corp.*, 294 F.3d 447, 451–52 (2d Cir. 2002) ("A court's disposition of a claim is final if it ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment entered on that claim. . . . If the district court enters judgment on something less than a final disposition of an entire claim, the Rule 54(b) judgment is improper, and the court of appeals is without jurisdiction to hear the appeal. . . . This category of 'non-final ruling' includes an order granting or denying summary judgment that only partially adjudicates the claim. . . ." (internal quotations and marks omitted)).

Despite the clarity of the governing case law on this issue, Ms. Peters-Hamlin has consistently claimed that she did not know the appeal was premature and that she thought she needed to file an interlocutory appeal in order to preserve her clients' rights. The record, however, reflects extensive communications between Ms. Peters-Hamlin and opposing counsel in which opposing counsel described in detail the lack of legal basis for this appeal. *See* Defs. Prop. Sanctions, ECF No. 610; E-mail Communications, Defs. Prop. Sanctions Exs 1-2, ECF No. 610-1. Despite having been informed about the applicable case law, Ms. Peters-Hamlin nonetheless refused to withdraw her appeal. Furthermore, the Court notes that Ms. Peters-Hamlin never sought any sort of certification from this Court before filing this appeal, and she chose to file the appeal after a jury trial had already been scheduled before this court. *See, e.g.*, 28 U.S.C. § 1292(b) (allowing district judge to certify "an order not otherwise appealable" if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ."); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (characterizing § 1292(b) requests as reserved for "exceptional" circumstances and noting that a plaintiff is not "required to seek permission to take an interlocutory appeal . . . in order to avoid waiving whatever ultimate appeal right he may have" later, once a final order issues).

As a result, nothing in the record of this case suggests that Ms. Peters-Hamlin's decision to file an interlocutory appeal after the Court's partial grant of summary judgment in this matter was properly taken under color of law. Accordingly, the Court concludes that Ms. Peters-Hamlin's actions were "so completely without merit as to require the conclusion that [the appeal] must have been undertaken for some improper purpose such as delay." *Shafii*, 83 F.3d at 571.

In light of Ms. Peters-Hamlin's bad faith abuse of the judicial process, the Court orders sanctions in the amount of $1,000, payable to the Court. *See, e.g. Huber v. Marine Midland Bank N.A.*, No. 90-CV-1058A, 1992 WL 696527, at *7 n.9 (W.D.N.Y. Sept. 4, 1992) (ordering a $1,000 fine to the court under the court's inherent authority and Section 1927). The Court concludes that a monetary penalty is appropriate, and that $1,000 is a sufficient amount to express the severity of Ms. Peters-Hamlin conduct. *Cf. Kotsilieris v. Chalmers,* 966 F.2d 1181, 1188 (7th Cir. 1992) (reducing award of $5,546.25 to $1,000 because, based on the offending conduct, "sanctions in this case should be more in the nature of a censure"). Consistent with this sanction, any attorneys' fee award, to the extent warranted, will be limited to prevent any recovery for hours spent working on the appeal or replying to these show cause orders.

**B. Trial Scheduling, Reporting of Reciprocal Discipline, and Conduct during Trial**

In addition to Ms. Peters-Hamlin's premature appeal, the Court considered a variety of other misconduct on the part of Ms. Peters-Hamlin.

First, Ms. Peters-Hamlin repeatedly demonstrated an inability to comply with various scheduling orders of the Court. *See* Order to Show Cause, ECF No. 316. She failed to appear at two telephonic status conferences in February and March of 2016. *Id.* at 2.

Second, she failed to promptly file a motion for continuance after learning about the scheduling conflict with respect to the initial jury trial in this matter. Ms. Peters-Hamlin failed to inform the state court in a separate pending state court matter of this Court's proceedings, despite the Court scheduling trial nearly six months in advance. *Id.* at 1. She then failed to inform this Court of the conflict as well, ultimately resulting in unnecessary delay, cost and expense in this action. *Id.* at 2.

Third, she failed to promptly report reciprocal discipline.

Finally, she engaged in troubling conduct during the jury trial of Ms. Hannah's claims. Ms. Peters-Hamlin disregarded the Court's instructions on numerous occasions, insisting on seeking the inclusion of testimony that the Court had clearly and explicitly prohibited. Her actions resulted in a curative jury instruction and a motion for a mistrial, as well as numerous warnings from the Court throughout these proceedings.

The Court concludes that, while these actions are deeply concerning, the record is not sufficient to support the finding of bad faith necessary to warrant the imposition of sanctions. During the show cause hearing on August 31st, Ms. Peters-Hamlin presented a series of letters describing her to be an attorney who is committed to her clients, zealous in her advocacy and beloved by her community. These qualities are certainly admirable. In her comments to the Court, she passionately represented that the conduct at issue was not intentional or done in bad faith. The Court chooses to accept those representations with respect to the remaining conduct at issue, and sanctions will not be imposed on these grounds.

Nonetheless, while her conduct may not have been malicious and will not result in sanctions at this time, the pattern of behavior observed by the Court is certainly troubling. The Court urges Ms. Peters-Hamlin to examine her willingness to take responsibility for her own actions rather than shifting the blame to others. Ms. Peters-Hamlin is also reminded that her status as a solo practitioner does not excuse her from compliance with Court orders and the highest ethical standards of this profession.

## IV. CONCLUSION

The Court orders Kristan Peters-Hamlin to pay a fine of $1,000 as a sanction for filing a premature appeal to the Second Circuit in bad faith. The fine is payable by January 5, 2018, to the Clerk, U.S. District Court.

SO ORDERED this 18th day of December, 2017, in Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE