UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MICHAEL BARHAM
    Plaintiff,

v.

WAL-MART STORES, INC. and
WAL-MART STORES EAST, L.P.,
    Defendants.

No. 3:12-cv-01361 (VAB)

**ORDER ON PRE-JUDGMENT INTEREST**

On August 30, 2017, this Court ordered Michael Barham ("Mr. Barham or "Plaintiff") to recalculate pre-judgment interest. *See* Memorandum and Ruling Re: Economic Damages and Defendants' Motion For Remittitur ("August 30th Ruling") at 19-20, ECF No. 618 (finding plaintiff had erroneously calculated pre-judgment interest rate based on Connecticut statutory rate instead of federal rate and ordering recalculation).

Following this calculation and an objection from Defendants, the Court has undertaken its own analysis and for the reasons that follow, awards Plaintiff $15,645.27 in pre-judgment interest.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The history of this litigation, both factually and procedurally, is captured in other rulings issued by this Court. *See, e.g.*, Bench Ruling, ECF No. 561; August 30th Order; Ruling on Defendants' Motion for Summary Judgment and Motion to Sever, ECF No. 255. For purposes of this ruling, the Court only addresses those issues pertinent to this ruling.

On August 30, 2017, the Court issued an order detailing the relief to be awarded to Mr. Barham. *See* August 30th Ruling at 22. This relief included reinstatement and back pay in the amount of $238,678. *Id.* The Court also ruled that Mr. Barham is entitled to a pre-judgment

1

interest on his damages award. *See id.* at 19 ("The decision to award prejudgment interest is left to the sound discretion of the court, and it is ordinarily considered an abuse of discretion not to award pre-judgment interest when awarding lost wages" (citing *Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998)). The Court, however, took issue with his proposed pre-judgment interest methodology. *See* August 30th Ruling at 19. The Court then ordered Plaintiff to recalculate the pre-judgment interest:

> Calculating the award should be done as follows: 'First, the award [] should be divided pro rata over the appropriate time period. Second, once the award is divided, the average annual United States treasury bill rate of interest referred to in 28 U.S.C. § 1961 will be applied. Third and finally, in order to guarantee complete compensation to the plaintiff, the interest will be compounded annually.'" Accordingly, Mr. Barham is directed to use this methodology to calculate the interest on the back pay award of $238,678 from February 25, 2011 to the judgment date of October 27, 2017.

*Id.* at 20 (quoting *Thomas v. iStar Fin., Inc.*, 508 F. Supp. 2d 252, 264 (S.D.N.Y. 2007).

Plaintiff submitted his calculation on November 13, 2017. Pl. Resp., ECF No. 655. He calculated pre-judgment interest to be $23,997.37. Defendants objected to that figure, arguing that Plaintiff misuses an online calculator and failed to properly compound the interest annually over the pendency of the case. Defs. Obj at 2-3, ECF No. 660. Defendants argue that "the Plaintiffs pre-judgement [sic] interest calculation deviates from standard procedure and explicit court instructions. As a result, the Plaintiffs proposed instruction should be rejected and the calculation provided herein by the Defendants should be used instead." *Id.* at 1.

## II. DISCUSSION

"Title VII authorizes a district court to grant pre-judgment interest on a back pay award." *Saulpaugh v. Monroe Community Hospital*, 4 F.3d at 145, 145 (2d Cir. 1993). The decision to award pre-judgment interest "is ordinarily left to the discretion of the district court . . . which is to take into consideration "(i) the need to fully compensate the wronged party for actual damages

2

suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998) (internal citations omitted).

It, however, is usually an "abuse of discretion not to include pre-judgment interest in a back-pay award" in order to prevent an employer from enjoying "an interest-free loan for as long as it can delay paying lost wages." *Saulpaugh*, 4 F.3d at 145 (internal citations and quotations omitted). The Court therefore granted pre-judgment interest in this case.

Under the law, pre-judgment interest in Title VII actions should be calculated by applying the federal interest rate. *Thomas v. iStar Fin., Inc.*, 629 F.3d 276, 280 (2d Cir. 2010) ("As the district court stated, and we now hold, judgments that are based on both state and federal law with respect to which no distinction is drawn shall have applicable interest calculated at the federal interest rate."). Courts in the Second Circuit generally use the annual average Treasury bill rate as stated in 28 U.S.C. § 1961(a) and compound that rate annually. *See, e.g.*, *Vera v. Alstom Power, Inc.*, 189 F. Supp.3d 360, 389-390 (D. Conn. 2016) (collecting cases). As a result, both parties erred in their calculations.

The Court ordered that the award, $238,678, should be divided pro rata over the appropriate time period, from February 25, 2011 to the judgment date of October 27, 2017. The parties agree that step yields an award of $35,837.53 per year. The average annual United States Treasury bill rate of interest referred to in 28 U.S.C. § 1961 shall be applied. The parties agree that rate for the appropriate time period is 1.53%.

From there, the parties diverge in their calculations, and the Court rejects the methodologies of both parties. Plaintiff begins the calculation as if he had already accrued one

year of harm. *See* Def. Obj. at 2. Defendants, however, fail to account for the fact that the principal on which interest would be calculated would grow each year by $35,837.53, in addition to the previous year's interest.

The Court thus calculates the interest as follows:

| Period | Past Backpay ($) | Newly Accrued Backpay ($) | Year-End Total ($) | Interest Rate (%) | Interest Accrued ($) |
|---|---|---|---|---|---|
| Feb. 25, 2011 - Feb. 24, 2012 | 0 | 35,837.53 | 35,837.53 | 1.53 | 548.31 |
| Feb. 25, 2012 - Feb. 24, 2013 | 36,385.84 | 35,837.53 | 72,223.37 | 1.53 | 1,105.02 |
| Feb. 25, 2013 - Feb. 24, 2014 | 73,328.39 | 35,837.53 | 109,165.92 | 1.53 | 1,670.24 |
| Feb. 25, 2014 - Feb. 24, 2015 | 110,836.16 | 35,837.53 | 146,673.69 | 1.53 | 2,244.11 |
| Feb. 25, 2015 - Feb. 24, 2016 | 148,917.80 | 35,837.53 | 184,755.33 | 1.53 | 2,826.76 |
| Feb. 25, 2016 - Feb. 25,, 2017 | 187,582.09 | 35,837.53 | 223,419.62 | 1.53 | 3,418.32 |
| Feb. 25, 2017- Oct. 25, 2017 | 226,837.94 | 23,652.77 | 250,490.71 | 1.53 | 3,832.51 |
| | | | | Total | $15,645.27 |

## CONCLUSION

For the reasons discussed above, the Court therefore awards Plaintiff $15,645.27 in pre-judgment interest.

SO ORDERED this 18th day of December, 2017, in Bridgeport, Connecticut.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE

4