UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL BARHAM,
    Plaintiff,

v.

WAL-MART STORES, INC., and
WAL-MART STORES EAST, LP
    Defendants.

No. 3:12-cv-1361-VAB

**RULING ON MOTIONS FOR RECONSIDERATION**

On December 21, 2017, following a jury trial, this Court issued judgment in favor of Michael Barham ("Plaintiff") against Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP ("Defendants" or collectively "Walmart"). The parties have filed multiple requests for reconsideration of various parts of the judgment. *See* ECF Nos. 670, 675, 676, 677, 684, and 686.

For the reasons stated below, Defendants' motion, ECF No. 684, and Plaintiff's motions, ECF No. 675, 676, 677, 684, and 686 are **DENIED** in their entirety. Plaintiff's motion to reconsider, ECF No. 670, is **GRANTED** in part and **DENIED** in part.

## I.    FACTUAL AND PROCEDURAL HISTORY

This case arises out of employment discrimination claims brought by Michael Barham, Kim Hannah, and Tom Irving against Wal-Mart. The Court assumes the parties' familiarity with the facts and procedural posture of this long-pending case, and summarizes this history only to the extent necessary to address these pending motions.

The Court dismissed all of Mr. Irving's claims at the summary judgment stage. *See* Summ. J. Ruling, ECF No. 255. Two separate jury trials were then held as to Mr. Barham's

1

claims and Ms. Hannah's claims. *See* Minute Entries, ECF Nos. 427, 552. At the conclusion of the jury trial as to Mr. Barham's retaliation and discrimination claims under Title VII, the jury entered a verdict of $550,000 in compensatory damages and $5,000,000 in punitive damages against Walmart for retaliation in violation of Title VII. Jury Verdict, ECF No. 430. Following motions for remittitur, the Court subsequently reduced those awards to $125,000 and $175,000 respectively. *See* Memorandum and Ruling, ECF No. 618.

As to Ms. Hannah's claim, after the presentation of her case, the Court granted Walmart's motion for judgment as a matter of law and dismissed Ms. Hannah's claim under Rule 50 of the Federal Rules of Civil Procedure. Minute Entry, ECF No. 552.

Mr. Barham then moved for attorney's fees and costs, which the Court granted on December 18, 2017. *See* Ruling and Order on Attorney's Fees and Costs ("Fees Ruling"), ECF No. 666. The Court also awarded Plaintiff $15,645.27 in pre-judgment interest. Order on Pre-Judgment Interest, ECF No. 668. Additionally, the Court issued an order sanctioning Ms. Peters-Hamlin, Mr. Barham's counsel, because she had filed a premature appeal. *See* Order Regarding Sanctions ("Sanctions Ruling"), ECF No. 667. The judgment issued on December 21, 2017. *See* Judgment, ECF No. 669. It stated that:

> It is therefore: ORDERED, ADJUDGED, and DECREED that judgment is entered for the plaintiff Michael Barham, against defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. as follows:
>   Compensatory damages: $125,000
>   Punitive damages: $175,000
>   Economic damages (back pay): $238,678
>   Pre-judgment interest (on back pay): $15,645.27
>   Reinstatement

*Id.* at 2.

Both parties have now moved for reconsideration or to alter the judgment. Mr. Barham has filed multiple motions requesting reconsideration of the sanctions order. *See* Pl. Mots. ("Pl.

Fee. Mot."), ECF Nos. 675, 676, 677; Pl. Mem. in Support ("Pl. Sanctions Mem."), ECF No. 675-1. He also moves for reconsideration of the Court's ruling on attorney's fees, back pay, and prejudgment interest, Pl. Mot. for Reconsideration ("Pl. Back Pay Mot."), ECF No. 670; Pl. Mem. in Support ("Pl. Back Pay Mem."), ECF No. 670-1, and the award of compensatory damages, Pl. Mot. to Reconsider ("Pl. Damages Mot."), ECF No. 686; Pl. Mem. in Support ("Pl. Damages Mot."), ECF No. 686-1. Walmart has moved for reconsideration or clarification of several aspects of the judgment: the award of back pay, the sanction order, the order requiring reinstatement, and the award of attorney's fees and costs. *See* Def. Mot., ECF No. 684; Def. Mem. in Support ("Def. Mem."), ECF No. 684-1.

## II.   STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure provides that party may move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. Rule 60 of the Federal Rules also allows modification of a judgment in limited circumstances. A court may "correct a clerical mistake or a mistake arising from oversight or omission[.]" Fed. R. Civ. P. 60(a). Additionally, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for several reasons, including "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice."
*Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)
(internal citations omitted). A motion for reconsideration generally does not allow the moving
party to revisit arguments that have already been presented before the court. *See Shrader*, 70
F.3d at 257 ("a motion for reconsideration should not be granted where the moving party seeks
solely to relitigate an issue already decided.").

## III. DISCUSSION

On December 21, 2017, following a jury trial and economic damages hearing, judgment
was entered in this long-running case. *See* Judgment, ECF No. 669. The Court ordered Walmart
to pay Mr. Barham $125,000 in compensatory damages, $175,000 in punitive damages,
$238,678 in back pay, and $15,675.27 in pre-judgment interest, and to reinstate him to the
position he likely would have held had Walmart not retaliated against him. *Id.* The Court also
awarded attorney's fees and costs.

Both parties now move for reconsideration on several aspects of the judgment. The
majority of both parties' arguments merely seek to re-litigate issues that were already vigorously
contested throughout this case and on which the Court had already ruled. While some of these
issues may be appropriate for appeal, "[i]t is well-settled that Rule 59 is not a vehicle for
relitigating old issues, presenting the case under new theories, securing a rehearing on the merits,
or otherwise taking a 'second bite at the apple'. . . ." *Analytical Surveys, Inc. v. Tonga Partners,
L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (quoting *Sequa Corp. v. GBJ
Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

The motions therefore are denied, with the exception of one of Mr. Barham's motions,
ECF No. 670, with respect to back pay and pre-judgment interest. The Court will update the back

pay and pre-judgment interest amounts to include compensation from October 27, 2017, through the date of judgment.

### A. Retaliatory Rehire

Mr. Barham moves for reconsideration under Rule 60 — or, "alternatively" Rule 59(e) — of the Federal Rules of Civil Procedure. *See* Pl. Mot. to Reconsider and Am. Judgment ("Pl. Damages Mot."), ECF No. 686; Mem. in Support ("Pl. Damages Mem."), ECF No. 686-1. Mr. Barham claims that three 2010 positions were never dismissed from the case, and the Court therefore erred because it calculated damages beginning in February 2011. Pl. Damages Mem. at 3. Alternatively, he argues that the Court should have instructed the jury it could make findings regarding the three 2010 applications for rehire. *Id.* at 5. Finally, Mr. Barham argues that if the three 2010 applications were excluded, he is entitled to a new trial on these claims. *Id.*

Walmart argue that reconsideration is inappropriate with respect to the 2010 positions. Def. Opp. to Pl. Mot. to Reconsider ("Def. Damages Opp."), ECF No. 689. They note that the Court limited Mr. Barham's retaliatory failure to rehire claim to only one position and that Wal-Mart "was entitled to judgment as a matter of law on Plaintiff's claims that he was not hired for other positions because the hiring decisions were not sufficiently temporally proximate in time to Plaintiffs alleged protected activity." *Id.* at 2. Additionally, Walmart argues that "Plaintiff's argument that the jury charge was not limited to the Waterford MAPM[1] position filled in February 2011 is also categorically false." *Id.* Ultimately, then, Walmart argues that the "Plaintiff's Motion is nothing more than a regurgitation of the same failing arguments that he and his counsel have made on several occasions" and "blatantly misrepresent the record in an apparent attempt to mislead this Court." *Id.* at 7.

---

[1] The term "MAPM" refers to a Market Asset Protection Manager.

A motion for reconsideration allows a party to seek error correction; it does not permit a party to re-write history. In partially reconsidering the motion for summary judgment, the Court concluded that, with respect to Mr. Barham, the "only remaining" claim was "Barham's retaliatory failure to rehire claim based on the position listed at paragraph a on page 6" of Walmart's memorandum in further support of its motion for reconsideration, ECF No. 291.

The Court then returned to the issue at the charge conference. *See* Transcript at 1568, ECF No. 568. At the conference, the Court noted that language would then be included that limited the Count III retaliation claim to "an open MAPM position in Waterford, Connecticut, in 2011, in retaliation for complaining about race discrimination." *Id.* Counsel for Mr. Barham objected, and the Court responded that "my previous summary judgment ruling basically held . . . that you had not suggested there was a genuine issue of fact beyond that particular issue . . . ." *Id.*

The Court, in charging the jury, noted that "you must follow what I say here in court." *Id.* at 1601. The Court noted that "[w]ith his remaining claim, Mr. Barham alleges that Walmart violated Title VII by turning him down for an open market asset protection manager position in Waterford, Connecticut, in 2011, in retaliation for complaining about race discrimination." *Id.* at 1610-11.

In short, this matter was extensively litigated, and the Court only allowed the claim to proceed with respect to one position: "an open market asset protection manager position in Waterford, Connecticut, in 2011." *Id.* Mr. Barham thus seeks to do nothing more than relitigate this issue in his motion for reconsideration. *See Shrader*, 70 F.3d at 257 ("a motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided."). Plaintiff's motion, ECF No. 686, therefore is denied.

**B.     Reinstatement**

In addressing Mr. Barham's damages and proposed relief, this Court "conclude[d] that reinstatement is the proper remedy here" and "order[ed] that Walmart reinstate Mr. Barham in a Market Asset Protection Manager position in the state of Connecticut." Memorandum and Ruling Re: Economic Damages and Defendants' Motion for Remittitur ("Economic Damages Ruling") at 21, ECF No. 618.

Walmart now "seek[s] clarification of the Judgment to state that reinstatement would be required only when there is a Connecticut MAPM vacancy" and that "reinstatement is not feasible at this time." Def. Mem. at 17. Walmart argues that a subsequent reorganization reduced the number of MPAM positions in Connecticut, that each person in a MAPM position is an innocent third party, and that reinstatement "would require the displacement of one of the current Connecticut MAPM incumbents." *Id.*

As Walmart itself recognizes in its own filing, "[c]ourts strongly favor reinstatement over alternative forms of relief." *Shea v. Icelandair*, 925 F. Supp. 1014, 1030 (S.D.N.Y. 1996). Walmart has not demonstrated that all MAPM positions have disappeared, or that there are no jobs that are comparable to the positions Mr. Barham would have been hired for apart from the retaliation in the State of Connecticut. *Cf. id*. ("A court can grant reinstatement where a comparable job exists even if it bears a different title."). The Court can "take into account an employer's flexibility in making personnel changes," *id.* at 103, and the record evidence demonstrates that Walmart, one of the largest employers in the country, has considerable "flexibility in making personnel changes." *See, e.g.*, Transcript at 1389-1396, ECF No. 567 (noting testimony of Monica Mullins, a vice president at Walmart, describing company's ability to accommodate requests to hire "trailing spouses"). As a result, based on this record, the Court

7

believes Walmart can figure out how to relocate a single employee back to the State of Connecticut, where he once worked.

In short, there is no reason for the Court to revisit its order "that Walmart reinstate Mr. Barham in a Market Asset Protection Manager position in the state of Connecticut." Economic Damages Ruling at 21.

### C. Back Pay and Pre-Judgment Interest

Both parties raise challenges to Court's back pay determination. The Court ordered that Walmart reinstate Mr. Barham and award him "back pay in the amount of $238,678 with applicable pre-judgment interest." Economic Damages Ruling at 1. The Court found that Mr. Barham was "entitled to an award of back pay representing the difference in earnings between the two positions." *Id.* at 13.

The Court rejected Walmart's argument that there "was no meaningful difference" between what Mr. Barham would have earned as a MAPM and what he earned as a co-manager. *Id.* at 15. In order to determine the amount of back pay, the Court relied on the record evidence and found that the difference in pay, as reflected in Mr. Barham's Social Security and W-2 statements for the two positions, resulted in Mr. Barham earning less in his current position with Walmart than he would have had he been hired as a MAPM. *Id.* at 13-14. The Court then again relied on record evidence to calculate how Mr. Barham's income in the MAPM position would have increased over time, based on the testimony of Dr. Walter Dolde.[2] Because Dr. Dolde's calculation of an increase in salary of 1.92% per year was consistent with the testimony of Lauri Canales, one of Walmart's other employees, who testified that during the same time period she

---

[2] Dr. Dolde is an economist retained by Plaintiff. *See* Dolde Report, Pl. Prop. Findings, Ex. B, ECF No. 571-1.

received raises between 2% and 4% as a MAPM, *id.* at 16, the Court determined that 1.92% was a "reasonable and conservative estimate of income growth." *Id.*

As a result, the Court determined that Mr. Barham "would have consistently made annual earnings of at least $94,182 from his rejection from the MAPM job in February 2011 and . . . annual increases in income growth of 1.92% until the date of judgment on October 27, 2017 . . . ." *Id.* at 17. The Court's sum total of $238,678 thus represented the difference between what the evidence suggested he should have made as a MAPM and what he actually earned as Co-Manager. *Id.*

### 1. Walmart's Argument

Walmart now argues that these findings were erroneous. While the Court's recognition that Mr. Barham earned less money as a co-manager, "it conflates two issues and results in the court going off track with its calculations." Def. Mot. at 13. Walmart claims that they provided "clear, uncontroverted evidence that Barham would not have received the same total pay" if he had been re-hired in February 2011. *Id.* Walmart argues that, based on trial testimony and evidence previously submitted, the Court should only have awarded $13,846.20.

Again, Walmart presents no reason why the previously submitted evidence, all of which the Court already considered, requires a different sum than the Court determined in its initial damages ruling. The motion to reconsider is denied with respect to back pay. *Shrader*, 70 F.3d at 257 ("The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

### 2. Mr. Barham's Argument

Mr. Barham moves under Rule 60 of the Federal Rules of Civil Procedure, arguing that he is entitled to back pay and interest "through the judgment, as well as through date of Barham's reinstatement." Pl. Mot. for Reconsideration ("Pl. Back Pay Mot."), ECF No. 670; Pl. Mem. in Support ("Pl. Back Pay Mem."), ECF No. 670-1. Mr. Barham notes that the Court calculated back pay to October 25, 2017, a date the Court had determined in advance, rather than December 21, 2017, when judgment actually issued following extensive briefing regarding attorney's fees and interest calculations.

Walmart raises two arguments in opposition. First, they argue that "plaintiff's counsel generated much of the delay in issuance of the Judgment. (ECF nos. 619,623,625,630, 646). Defendants should not be called upon to incur additional expense because of that delay." Def. Obj. at 2, ECF No. 685. Second, Walmart argues that their own motion to amend the judgment would render Mr. Barham's arguments moot. *Id.*

As the Second Circuit has recognized, "[t]he purpose of back pay is to 'completely redress the economic injury the plaintiff has suffered as a result of discrimination.'" *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 145 (2d Cir. 1993) (quoting *Gutzwiller v. Fenik*, 860 F.2d 1317, 1333 (6th Cir. 1988)). "[Pre-judgment interest's] purpose is to prevent an employer from attempting "to enjoy an interest-free loan for as long as it can delay paying out back wages." *Id.* (quoting *Clarke v. Frank*, 960 F.2d 1146, 1154 (2d Cir. 1992)). Both back pay and pre-judgment interest therefore seek to make Mr. Barham whole. *Saulpaugh*, 4 F.3d at 145 ("Because the district court did not make Saulpaugh whole, its failure to apply a compound rate of interest to its calculation of damages constituted an abuse of discretion.").

The Court therefore will amend the judgment accordingly. Mr. Barham is entitled to back pay and pre-judgment interest through the date of judgment.[3] Judgment was entered in this case on December 21, 2017, but the Court only calculated both figures up until October 25, 2017. Plaintiff thus is entitled to an additional two months of back pay and interest. The judgment is amended as follows:

- Back pay will be increased an additional $5033.89, for a total of $243,711.89.
- Pre-judgment interest will be increased $20.09, for a total of $15,665.37.

The Court notes, however, that Mr. Barham has not been reinstated yet and it is unclear when he will be reinstated. The Court therefore retains jurisdiction to enforce its judgment. *See* Fed. R. Civ. P. 70 (noting Court "may also hold the disobedient party in contempt" if "judgment requires a party . . . to perform any other specific act and the party fails to comply within the time specified . . . ."); *Covanta Onondaga Ltd. v. Onondaga Cty. Res. Recovery Agency*, 318 F.3d 392, 396 (2d Cir. 2003) ("Furthermore, a court that has concluded its adjudication of the merits of a case within its jurisdiction by entering a final judgment retains authority to take action with respect to some collateral matters related to the case, such as attorney's fees and costs, . . . and sanctions, . . . In addition, a court that enters a judgment with continuing effect retains some authority to enforce its judgment . . . .") (internal citations omitted); *Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir. 2000)(quoting *Peacock v. Thomas*, 516 U.S. 349 (1996) ("As a general rule, once a federal court has entered judgment, it has ancillary jurisdiction over subsequent proceedings necessary to 'vindicate its authority, and effectuate its decrees.' This includes proceedings to enforce the judgment.").

---

[3] Plaintiff cites no authority that would allow this Court to extend back pay and interest *beyond* the judgment at this point.

### D. Attorney's Fees and Costs

On December 18, 2017, this Court awarded Mr. Barham $973,083.50 in attorney's fees and $30,960.24 in costs following extensive briefing by the parties. *See generally* Ruling and Order on Attorney's Fees and Costs ("Attorney's Fees Ruling"), ECF No. 666. Mr. Barham argued that his attorney, Ms. Peters-Hamlin, deserved an hourly rate of $650 an hour. *Id.* at 5. Walmart argued that $250 was an appropriate rate but failed to submit any evidence rebutting Ms. Peters-Hamlin's submission and did not "cite to any relevant precedent on this issue." *Id.* at 6. The Court concluded that "Ms. Peters-Hamlin's level of skill, experience and relative success, as well as her own billing, is sufficient to warrant an hourly rate of $500." *Id.* at 6.

#### 1. Walmart's Arguments

Walmart now seeks to re-litigate the attorney's fee determination. *See* Def. Mem. at 19. Walmart now believes $350 "is more in line with what should have been awarded plaintiffs' counsel in this matter." *Id.* at 21. Walmart also returns to an argument they raised in briefing before the Court's prior ruling: that Ms. Peters-Hamlin's past discipline requires the Court to penalize. *Compare* Def. Obj. at 14-15, ECF No. 642 (noting opposing counsel's disciplinary history) *with* Def. Mem. at 22 ("Plaintiffs' counsel's reputation should have prompted a further reduction of her hourly rate, but the court makes no reference to this factor.").

To extent that Walmart seeks to cover old ground, the Court already "considered the arguments raised by both parties" and rejected them. Attorney's Fee Ruling at 6. And to the extent that Walmart now raises a new argument — that $350 is appropriate rather than $250 — they present no change of intervening law, evidence, or binding precedent that requires reconsideration of the Court's fee determination. "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the

merits, or otherwise taking a 'second bite at the apple'. . . ." *Analytical Surveys, Inc.*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)).

Walmart also moves for reconsideration of the Court's cost determinations. *See* Def. Mem. at 29. Walmart again advances a narrow understanding of Mr. Barham's success in this litigation, and seeks to limit costs accordingly. *Id.* This argument is identical to one already raised and rejected by the Court. *See* Attorney's Fee Ruling at 10-11 (noting Defendant's arguments and reducing costs associated with two unsuccessful plaintiffs). Walmart presents no reason for the Court to reconsider its decision. *See Analytical Surveys, Inc.*, 684 F.3d at 52.

Defendants' motion is denied with respect to attorney's fees and costs.

### 2. Mr. Barham's Arguments

Mr. Barham also moves to amend the fee application. *See* Pl. Mot. for Reconsideration, ECF No. 670 (arguing Court should reconsider fee application, back pay, and interest calculations). With respect to the attorney's fees, Mr. Barham argues that he is owed an additional $31,700 in a fees as a result of work on the fee application itself, which would include an additional 63.4 hours. *Id.*

The total hours and fee award, however, includes the time submitted between September 29, 2017 until November 29, 2017. *See* Attorney's Fee Ruling at 9 n. 5-6 (reflecting time entries excluded from fee award, but not including any reductions after December, 2016). Had the Court not taken into account fees from September 29 until November 29, counsel would only have been awarded 1882.767 hours.

Plaintiff's motion, ECF No. 670, is denied with respect to the attorney's fees.

### E. Sanctions Ruling

This Court sanctioned Mr. Barham's counsel, Kristan Peters-Hamlin, and ordered her to pay $1,000 following a premature appeal to the United States Court of Appeals for the Second Circuit. *See* Sanctions Ruling at 2. The ruling followed two notices ordering Ms. Peters-Hamlin to show cause as to why she should not be sanctioned under 28 U.S.C. § 1927 and a hearing during which both parties submitted evidence. *See* Order to Show Cause at 3, ECF No. 316 (ordering Plaintiff to show cause "she should not be sanctioned by the Court under Rule 16(f) and 28 U.S.C. § 1927" for delay); Order to Show Cause, ECF No. 580 (specifying additional conduct and ordering that "[f]or each of the reasons outlined above, Ms. Peters-Hamlin is hereby ordered to show cause why she should not be sanctioned by the Court under Rule 16(f) and 28 U.S.C. § 1927"); Minute Entry, ECF No. 624.

The Court ultimately sanctioned Ms. Peters-Hamlin under 28 U.S.C. § 1927 solely for a premature appeal. The Court concluded "that Ms. Peters-Hamlin's actions were "so completely without merit as to require the conclusion that the appeal must have been undertaken for some improper purpose such as delay." Sanctions Ruling at 6-7 (quoting *Shafii v. British Airways*, PLC, 83 F.3d 566, 571 (2d Cir. 1996)).

Mr. Barham's counsel raises several arguments seeking reconsideration of the sanctions ruling. First, she argues that there was no evidence of bad faith and therefore sanctions cannot be imposed under 28 U.S.C. § 1927. Pl. Mem. in Support at 3-10, ECF No. 675-1. She renews her argument that the appeal was permissive and, therefore, she should not be sanctioned for something she thought appropriate under the rules *Id.* at 4. Second, counsel argues that the sanctionable conduct did not actually result in any delay. *Id.* at 10. Third, she argues the sanction should run to Mr. Barham, not his counsel. *Id.* at 13.

Mr. Barham's motion does not specify which part of Rule 60 of the Federal Rules of Civil Procedure would justify reconsideration here, although the briefing emphasizes Rule 60(a), Rule 60(b)(1), and Rule 60(b)(6). *See* Pl. Sanctions Mem. at 2-3 (quoting Fed. R. Civ. P. 60). Mr. Barham's motion seeks relief well beyond a simple "clerical mistake or a mistake arising from oversight or omission" and therefore Rule 60(a) is an inappropriate procedural mechanism. *See* Fed. R. Civ. P. 60(a); *Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995) ("In short, 'a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.'") (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2854).

Rule 60(b)(1) is also incorrect, as Mr. Barham points to alleged errors in the Court's findings of facts — that there was delay, and the appeal was taken in bad faith — rather than any error of law. *In re Asbestos Litig.*, 173 F.R.D. 87, 90 (S.D.N.Y. 1997) (noting arguments that "the Court overlooked facts [or] that that new evidence has arisen" could be made under Fed. R. Civ. P. 60(b)(2) or Fed. R. Civ. P. 60(b)(6)). The remaining provision, Rule 60(b)(6), provides a "catchall provision" available if the other provisions of Rule 60 do not apply and there is a requirement of "extreme and undue hardship." *Id.* (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)). Mr. Barham has not demonstrated any such hardship here.

In any event, Mr. Barham's counsel raises arguments already raised in her response to the original order to show cause. The motions therefore do not meet the strict standard under which motions for reconsideration are warranted. *See Shrader*, 70 F.3d at 256-57.

Walmart argues that a $1,000 penalty is insufficient, and that instead they should have been awarded $14,830.00 in attorneys' fees and costs. Def. Mem. at 18. Walmart raised an

15

identical argument in response to the original orders to show cause. *See generally* Defs. Proposed

Sanctions, ECF No. 610 (arguing Defendants should be awarded fees and costs related to the

premature appeal). The Court, however, declined to enter the relief Walmart sought and

concluded that "a monetary penalty is appropriate, and that $1,000 is a sufficient amount to

express the severity of Ms. Peters-Hamlin conduct." Sanctions Ruling at 7. The Court sees no

reason to revisit that decision. *Pierce v. Lee*, No. 3:08-cv-1721 (VLB), 2010 WL 4683911, at *1

(D. Conn. Nov. 4, 2010) (applying *Shrader* to Fed. R. Civ. P. 59(e) and noting a "motion for

reconsideration is not a means to reargue those issues already considered when a party does not

like the way the original motion was resolved").

Plaintiff's motions, ECF Nos. 675, 676, 677, are denied. Defendant's motion, ECF No.

684, is denied with respect to the $1,000 sanction.

## IV.   CONCLUSION

For the reasons stated above, Defendants' motion, ECF No. 684, and Plaintiff's motions,

ECF No. 675, 676, 677, 684, and 686 are **DENIED** in their entirety. Plaintiff's motion to

reconsider, ECF No. 670, is **GRANTED** in part and **DENIED** in part.

The judgment is amended as follows:

> It is therefore: ORDERED, ADJUDGED, and DECREED that
> judgment is entered for the plaintiff Michael Barham, against
> defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P.
> as follows:
> Compensatory damages: $125,000
> Punitive damages: $175,000
> Economic damages (back pay): $ $243,711.89
> Pre-judgment interest (on back pay): $15,665.37
> Reinstatement

The Court will retain jurisdiction to enforce its judgment and address any further

attorney's fees. As the Court has now resolved the motions, Kristan Peters-Hamlin shall pay the

$1,000 previously ordered. *See* Sanctions Ruling at 8. The fine is payable by July 29, 2018, to Clerk, U.S. District Court.

      **SO ORDERED** this 29th day of June at Bridgeport, Connecticut.

                                        /s/ Victor A. Bolden

                                        VICTOR A. BOLDEN
                                        UNITED STATES DISTRICT JUDGE